UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, and THEODORE BISBICOS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>    Defendants. | Case No. 1:21-cv-00430<br>Honorable Andrea R. Wood |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's January 24, 2024 order (ECF No. 122), Plaintiffs, Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, James Mullis, and Theodore Bisbicos ("Plaintiffs"), by and through their undersigned attorneys, and Defendants, the National Association of Realtors, Realogy Holdings Corp. (nka Anywhere Real Estate Inc.), RE/MAX LLC, and Keller Williams Realty, Inc. ("Defendants"), by and through their undersigned attorneys, respectfully submit this joint status report.

I. **CASE PLAN**

Although the Parties met and conferred in good faith to attempt to reach an agreed proposed case schedule, the Parties were unable to reach agreement on several issues that drive the case schedule. Therefore, the Parties set forth their separate proposals as follows.

**PLAINTIFFS' POSITION**

A. **Responsive Pleadings**

This Court entered an order on February 20, 2024 granting in part and denying in part Defendants' motion to dismiss the amended complaint. Plaintiffs propose a deadline of March 20, 2024 for Defendants to respond to the Plaintiffs' amended complaint.

B. **Defendants' Motion to Stay**

Plaintiffs oppose any further discovery stay of this three-year-old litigation pending the centralization determination of the Judicial Panel on Multidistrict Litigation ("JPML"). It was Defendant NAR, not Plaintiffs, that first advocated for this case to be included in the JPML centralization order. After NAR alerted this Court about the MDL proceedings, this Court stated at the January 23, 2024 hearing that its "intent and expectation here is to, of course, just proceed with managing the cases that are in front of me." Tr. of Jan. 23, 2024 Hearing at 9:10-11. Plaintiffs have proposed a case schedule and oppose Defendants' stay request in agreement with and respectful of this guidance.

A pending motion before the JPML does not establish the good cause necessary for a discovery stay. As the Northern District of Illinois has long held, a pending MDL motion is "no reason to delay any discovery that would inevitably have been required in whatever court the action would proceed." *Davis v. Coopers & Lybrand*, No. 90 C 7173, 1991 WL 211288, at *1 (N.D. Ill. Oct. 11, 1991) (Shadur, J.). Indeed, the Panel chose to *expressly encourage* district

courts to continue moving their dockets by enacting J.P.M.L. Rule 2.1(d), which provides that "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action." Panel Rule 2.1(d). "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation." *In re Pradaxa Prods. Liability Litig.*, 2012 WL 2357425, at *2 (S.D. Ill. June 20, 2012); *see also* Manual for Complex Litigation (Fourth) §20.131 (2004). Plaintiffs have explained that their first discovery request will be for materials already produced in private actions featuring substantially similar claims and the federal investigation and action pursued by the Department of Justice. That discovery will be required regardless. Consequently, no stay is necessary.

In fact, Plaintiffs would be prejudiced by a stay in discovery. A stay needlessly delays Plaintiffs' claims while Defendants' anticompetitive conduct is ongoing. Defendants' citations to cases where stays were granted pending a JPML decision ignores the facts of this case. Unlike those other cases, Plaintiffs filed their initial complaint in 2021 and the parties have since completed two rounds of motions to dismiss. In contrast, most of the other cases before the MDL are only in the initial stages or have not proceeded past discovery. Plaintiffs here are much further along, and they represent the only parties advancing claims on behalf of homebuyers against most of the major broker defendants.

Defendants' motion for a stay simply seeks to delay the inevitable, first by dramatically overstating their burden and prejudice and then by mischaracterizing Plaintiffs' own position before the JPML. Defendants will be required to respond to Plaintiffs' amended complaint whether or not there is a stay. Drafting those pleadings now, as opposed to in May after the Panel

issues its decision (as Defendants propose), is not prejudicial. Similarly, the parties will be required to negotiate an ESI protocol and protective order, and there is no prejudice to starting those protocols now. Should an MDL be granted, the protocols can easily be amended to avoid inconsistencies. As to document production, Plaintiffs seek at the outset only documents that have *already been collected and reviewed*. Plaintiffs proposed this tiered production that starts with already-produced documents in an effort to *reduce* the burden on Defendants and streamline discovery, not amplify it. And, as with Defendants' responsive pleadings and any production protocols, Defendants will undoubtedly be required to produce such documents anyway.

Neither does Plaintiffs' statement before the JPML supporting centralization in this Court establish good cause for a discovery stay. Plaintiffs recognize that the judiciary will realize efficiencies by having coordinated pretrial discovery before one judge. But it does not follow that these efficiencies depend upon or even benefit in any way from unwarranted delay. Plaintiffs have not "changed their tune" as Defendants argue. Instead, their view accords with and respects this Court's previous determination to "go ahead and set the schedules here, and we'll see what happens with the panel's determination" even while acknowledging that "it makes sense having them within this district, to the extent possible, in front of the same judge given the very overlapping and similar issues." Tr. of Jan. 23, 2024 Hearing at 9:12-14. Plaintiffs and this Court apparently agree that expeditious discovery in this case and centralization can and do exist in harmony. If centralization occurs, Plaintiffs' discovery may well guide discovery in related cases just as the discovery in further advanced cases guide Plaintiffs' discovery.

Because this is precisely what MDL centralization contemplates, there is no tension between support for eventual centralization and expeditious discovery in the meantime. Virtually every MDL involves cases at various stages of litigation. Indeed, this potential MDL includes the

4

*Moehrl* action before this Court where discovery is closed but pretrial motions continue apace. The point of MDL centralization is to allow *future* coordinated discovery and pretrial determinations to follow the same or similar paths of discovery laid out by more advanced actions in light of a district judge's learned experience with those actions. *See, e.g., In re Direct Purchaser Plaintiff Beef Antitrust Litig.*, 609 F. Supp. 3d 1412, 1414 (U.S. Jud. Pan. Mult. Lit. 2022) (centralization to district with most advanced cases involving direct and indirect purchasers); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 355 F. Supp. 3d 1382, 1383 (U.S. Jud. Pan. Mult. Lit. 2019) (centralization in transferee court with the "first filed and most advanced . . . action."). Far from creating judicial inefficiency, allowing discovery to commence in this matter will ultimately benefit any future coordinated discovery by providing a model that would streamline and advance all cases if the JPML ultimately decides to centralize the actions.

Accordingly, Defendants' proposed stay will unnecessarily delay this case while Plaintiffs' preference for expeditious responses and discovery will not result in any inefficiencies even if other coordination of pretrial matters ensues. Plaintiffs expect to coordinate with Defendants to move these cases forward. As such, there is no justification for staying these cases.

### C. Discovery Plan

Plaintiffs require fact discovery, which they expect to include, but not be limited to, the production of documents and taking of depositions concerning the adoption, implementation, and effects of the rules and practices identified in the Complaint, documents produced and testimony provided by Defendants in related litigation and regulatory investigations, and information regarding Plaintiffs' home purchases. Plaintiffs also believe that expert discovery, including but not limited to, the impact of Defendants' practices on Plaintiffs and the classes, damages, and/or

the propriety of class certification will be required. Plaintiffs believe the Parties should begin conferring over an agreed-upon protective order and ESI protocol.

### D. Proposed Case Schedule

In order to streamline discovery, Plaintiffs' first set of discovery requests will seek the production of discovery in the seller-plaintiffs' lawsuits, *Burnett, et al. v. National Association of Realtors, et al.*, No. 4:19-cv-00332 (W.D. Mo.) and *Moehrl, et al. v. National Association of Realtors*, No. 19-cv-01610 (N.D. Ill.), as well as the federal investigation and civil enforcement action, *United States v. National Association of Realtors*, No. 20-CV-03356 (D.D.C.). Because this information has already been produced, Plaintiffs propose that Defendants provide this information by March 14, 2024.

Plaintiffs propose the following additional discovery schedule:

| Item | Proposed Deadline |
|---|---|
| Substantial completion of production of documents responsive to requests for production | November 18, 2024 |
| Plaintiffs to file their motion for class certification and supporting expert reports | May 15, 2025 |
| Defendants to file their responses to Plaintiffs' class certification motion and supporting expert reports, and *Daubert* motions directed to Plaintiffs' class certification experts | July 17, 2025 |
| Plaintiffs to file their reply in support of class certification and supporting rebuttal expert reports, responses to Defendants' *Daubert* motions regarding Plaintiffs' class certification experts, and *Daubert* motions regarding Defendants' class certification experts | September 19, 2025 |

6

| | |
|---|---|
| Defendants to file their replies in support of their *Daubert* motions regarding Plaintiff's class certification experts and responses to Plaintiffs' *Daubert* motions regarding Defendants' class certification experts | November 20, 2025 |
| Plaintiffs to file their replies in support of their *Daubert* motions | December 18, 2025 |
| Completion of fact discovery | January 29, 2026 |
| Dispositive motions due | March 5, 2026 |

### E. Jury Trial Requested

Plaintiffs have made a jury demand. They estimate the length of the trial to be three weeks.

### F. Agreement to Electronic Service

The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

## DEFENDANTS' POSITION

### A. Motion to Stay

Defendants respectfully request that this case be stayed—likely for a very brief period of time—pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") in *In re: Real Estate Commission Antitrust Litigation* on the pending Motion to Transfer for Consolidated Pretrial Proceeding ("Transfer Motion"). The JPML is conducting oral argument on March 28, 2024, and a ruling is expected shortly thereafter.

This Court should stay further proceedings in this case until resolution of the Transfer Motion because: (1) judicial economy and efficiency favors a stay; (2) a brief stay of this case while the JPML resolves the Transfer Motion would not prejudice Plaintiffs; and (3) any

7

prejudice to Plaintiffs is greatly outweighed by the risk of inconsistent rulings and prejudice to Defendants. *See, e.g.*, *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009). On February 22, 2024, Defendants met and conferred with the Plaintiffs regarding a stay, but the Parties were not able to agree.

On December 27, 2023, certain parties filed a Transfer Motion seeking to transfer and consolidate into a multidistrict litigation ("MDL") a number of antitrust cases pending throughout the country challenging certain aspects of the residential real estate industry pursuant to 28 U.S.C. § 1407. MDL No. 3100, Dkt. No. 1. The JPML formed the *In re: Real Estate Commission Antitrust Litigation* (MDL No. 3100) to address the Transfer Motion. On January 23, 2024, this case was identified as one that should be transferred into the requested MDL. *Id.* Dkt. Nos. 196, 197. Briefing on the Transfer Motion is complete, and oral argument has been set for March 28, 2024. *Id.*, Dkt. Nos. 4, 394.

On February 14, 2024, Plaintiffs in this case filed an interested party response brief in support of transfer in *In re Real Estate Commission Antitrust Litigation*, arguing that this case (as well as their other pending related case that was recently reassigned to this Court (*see* Dkt. Nos. 123) **should** be consolidated into the requested MDL with all of the other residential real estate cases. MDL No. 3100 Dkt. No. 387. Plaintiffs argued that their "claims involve sufficient common facts about NAR's rules to justify centralization" with all of the other cases "implicated in th[e] centralization motion." *Id*. at 1, 3. Plaintiffs further argued that "NAR and the rules it propagated remain at the heart of all of the related actions because they serve as the central hub in the hub-and-spoke conspiracies alleged in every case." *Id*. at 5. Plaintiffs argued that "[a]ccordingly, NAR and its conduct are part of the common factual issues at the center of the § 1407 inquiry and will be the focus of centralized discovery in all cases. Moreover

8

. . . the parties will require information and documents from NAR." *Id*. In arguing for their cases to be centralized in the MDL, Plaintiffs recognized that the goal of an MDL is to "**coordinate[] discovery *after* centralization**," and Plaintiffs identified "the central role that NAR played as the key coconspirator unifying the common facts across the actions" as an example of the kind of discovery that should be consolidated and coordinated across the cases "implicated in th[e] centralization motion." *Id*. at 1, 7, 8 (emphasis added). Nevertheless, after arguing in favor of centralization, and seeking the inclusion of their two cases into that MDL, Plaintiffs now change their tune and do not wish to coordinate discovery should such an MDL be created. Plaintiffs cannot reconcile their inconsistent positions presented in this case and before the JPML.

Other plaintiffs that are similarly seeking consolidation in the requested residential real estate MDL recognize the benefits to judicial economy and efficient discovery for the parties that would result from a stay to allow for resolution of the Transfer Motion. For example, the plaintiffs in *1925 HOOPER LLC v. The National Association of Realtors* (1925 Hooper), No. 23-cv-5392 (N.D. Ga. Feb. 12, 2024), argue that the claims are "similar," "judicial efficiency would be best served by suspending, for a short period of time, the deadline[s]," "any delay arising from a stay is likely to be short, and no significant prejudice to Plaintiffs would result from a short stay," and "a stay is likely to conserve judicial resources, as well as the Parties' resources, until the [JPML] decides whether (and if so, where) to transfer the cases for consolidated proceedings." *1925 Hooper*, Dkt. No. 11, at 2-4. The same sentiment is shared by other plaintiffs across the country.[1]

---

[1] *Masiello v. Ariz. Ass'n. Realtors*, 24-cv-45 (D. Ariz. Feb. 2, 2024), Dkt. No. 37; *Tuccori v. At World Props., LLC*, No. 24-cv-150 (N.D. Ill. Jan. 26, 2024), Dkt. No. 13; *March v. Real Est. Bd. of N.Y.*, 23-cv-9995 (S.D.N.Y. Jan. 30, 2024), Dkt. No. 155 ("In order to conserve both judicial

Almost every court around the country that has considered motions to stay the cases pending before them to allow for resolution of the Transfer Motion by the JPML has done so.[2] The stay that Defendants request will be brief. Oral argument on the Transfer Motion is scheduled for March 28, 2024 (MDL No. 3100, Dkt. No. 394), and the JPML typically rules promptly after oral argument. If Plaintiffs can articulate any prejudice as a result of the brief requested stay (in contrast to all other plaintiffs that correctly recognize that there is none), that prejudice would be minimal in contrast to the benefits to all of the parties, including the Defendants, implicated in the Transfer Motion. As this Court well knows, the *raison d'etre* of MDLs is to avoid duplicative discovery, prevent inconsistent pre-trial rulings, and conserve the resources of the parties and the judiciary. The brief stay requested by the Defendants facilitates each of those goals. Plaintiffs' preference to proceed as if they have not advocated for consolidation of this case with the other approximately twenty cases is self-serving and would

---

resources and the resources of the Parties, the Parties respectfully request a stay of all further proceedings in this Action until the JPML rules on the Transfer Motion."); *Fierro v. Nat'l Ass'n. of Realtors*, No. 24-cv-449 (C.D. Cal. Feb. 13, 2024), Dkt. No. 112 (seeking a suspension of deadlines pending the resolution of the Transfer Motion "in an effort to conserve judicial resources and have the matter proceed as efficiently as possible pending a decision on the [Transfer] Motion," and if said Transfer Motion is not resolved on or before May 22, 2024, providing for further reasonable extensions of deadlines); *Friedman v. Real Est. Bd. of N.Y., et al.*, No. 24-cv-405 (S.D.N.Y. Feb. 16, 2024), Dkt. No. 55 (despite opposing the Transfer Motion, seeking a stay pending its resolution "in order to conserve both judicial resources and the resources of the Parties").

[2] *1925 HOOPER*, Dkt. No. 17 (Feb. 14, 2024); *Masiello*, Dkt. No. 39 (Feb. 5, 2024); *Tuccori*, Dkt. No. 14 (Jan. 29, 2024); *March*, Dkt. No. 157 (Jan. 31, 2024); *Fierro*, Dkt. No. 123 (Feb. 16, 2024); *Friedman*, Dkt. No. 56 (Feb. 20, 2024); *Nosalek v. MLS Prop. Info. Network, Inc.*, No. 20-cv-12244 (D. Mass. Feb. 14, 2024), Dkt. No. 287 (*sua sponte* staying the entire case until resolution of the Transfer Motion and administratively closing the case in the interim); *Burton v. The Nat'l Ass'n Of Realtors*, No. 23-cv-5666 (D.S.C. Feb. 9, 2024), Dkt. No. 22). Additionally, in two cases, the court issued a briefing schedule that contemplates extensions for any responsive pleading due dates if the JPML has not issued a decision on the Transfer Motion by May 15, 2024. *See Martin v. Tex. Ass'n Realtors*, No. 23-cv-1104 (E.D. Tex. Jan. 31, 2024), Dkt. No. 219; *QJ Team, LLC v. Tex. Ass'n. Realtors*, 23-cv-1013 (E.D. Tex. Feb. 2, 2024), Dkt. No. 191.

significantly prejudice the Defendants, each one of which is included in multiple of the cases subject to the Transfer Motion. Even requiring the negotiation and drafting of ESI and Protective Orders, which would necessarily precede any document production, risks inconsistencies in the way that any documents that will ultimately be produced in this case and the other cases across the country. Any such inconsistencies could require Defendants to undertake double the work to produce even identical documents—and that scenario does not even consider the extreme additional burden should different requests for production be issued, different search terms be negotiated, or different interrogatories be set forth. Each of these additional significant burdens to Defendants would also give Plaintiffs two bites at the apple for any such discovery. Such a result would be extraordinarily unfair and prejudicial to Defendants.

### B. Responsive Pleadings

As discussed above, Defendants believe the most prudent course of action is to stay the case pending a decision by the JPML on the Transfer Motion. In the event of such a stay, Defendants propose a deadline of two months following the JPML's decision to file any appropriate motions or respond to the Plaintiffs' amended complaint. Alternatively, if the Court is not inclined to enter the stay, Defendants propose a deadline of May 1, 2024.

### C. Discovery Plan

Defendants require fact discovery, including, but not limited to, the production of documents concerning Plaintiffs' real estate transactions and depositions of the named class representatives, as well as potentially discovery from third parties. Defendants will also require expert discovery, including but not limited to expert discovery regarding the theory of harm, damages, and/or the propriety of class certification.

### D. Proposed Case Schedule

Defendants intend to object to Plaintiffs' first set of discovery requests to the extent they seek the wholesale production of discovery in the seller-plaintiffs' lawsuits, *Burnett v. National Association of Realtors*, No. 19-cv-332 (W.D. Mo.) and *Moehrl v. National Association of Realtors*, No. 19-cv-1610 (N.D. Ill.), as well as the federal investigation and civil enforcement action, *United States v. National Association of Realtors*, No. 20-cv-3356 (D.D.C.). "Courts in this district disfavor 'cloned discovery' requests seeking all documents produced or received during other litigation or investigations." *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21 C 305, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023) (citation omitted) (citing string of cases). While the Defendants believe that the discovery in those cases should be leveraged to minimize or eliminate the need for additional discovery in this case, that does not mean every document produced in those cases should be cross-produced here. Therefore, Defendants cannot agree to Plaintiffs' proposed March 14, 2024 deadline. Moreover, setting aside whether the cloned discovery Plaintiffs intend to request is permissible, such a deadline is completely unfeasible given that (1) the parties have not yet even started negotiations over a protective order or ESI protocol (nor should such discussions take place prior to consolidation if the JPML so rules); and (2) it would require engaging a vendor, gathering a significant number of documents across various document databases (some of which are in cold storage), and putting together a voluminous production of hundreds of thousands of documents in just a few weeks.

Regarding the remainder of the schedule, as discussed above, Defendants believe the most prudent course of action is to stay the case pending a decision by the JPML on the Transfer Motion. To the extent the Court is inclined to enter a discovery schedule nevertheless, Defendants propose the following:

| Item | Proposed Deadlines If Court Enters Stay, But Desires a Case Schedule | Proposed Deadlines If Court Does Not Enter Stay |
|---|---|---|
| Deadline to Respond to the Amended Complaint | 2 months following a decision by the JPML | May 1, 2024 |
| Initial Disclosures | 2 months following a decision by the JPML | May 1, 2024 |
| Substantial completion of production of documents responsive to requests for production | 12 months | May 1, 2025 |
| Plaintiffs to file their motion for class certification and supporting expert reports | 6 months | November 3, 2025 |
| Defendants to file their responses to Plaintiffs' class certification motion and supporting expert reports, and *Daubert* motions directed to Plaintiffs' class certification experts | 3 months | February 2, 2026 |
| Plaintiffs to file their reply in support of class certification and supporting rebuttal expert reports, responses to Defendants' *Daubert* motions regarding Plaintiffs' class certification experts, and *Daubert* motions regarding Defendants' class certification experts | 2 months | April 1, 2026 |
| Defendants to file their replies in support of their *Daubert* motions regarding Plaintiff's class certification experts and responses to Plaintiffs' *Daubert* motions regarding Defendants' class certification experts | 1.5 months | May 15, 2026 |
| Plaintiffs to file their replies in support of their *Daubert* motions | 1.5 months | June 29, 2026 |
| Completion of fact discovery | 2 months | August 31, 2026 |
| Merits expert discovery[3] | TBD | TBD |
| Dispositive motions due | TBD | TBD |

---

[3] During the last conference on January 23, 2024, the Court clarified that it did not expect proposals for dispositive motions or trial at this time.

### E. Jury Trial Requested

Plaintiffs have made a jury demand and estimate the length of the trial to be three weeks. Defendants do not have sufficient information at this time to estimate the length of trial.

### F. Agreement to Electronic Service

The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

## II. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Counsel have informed their respective clients that they may proceed before a Magistrate Judge. The Parties do not unanimously consent to proceed before a Magistrate Judge.

## III. STATUS OF SETTLEMENT DISCUSSIONS

The Parties have not yet engaged in settlement discussions, but are open to discussing settlement as the case progresses. The Parties do not request a settlement conference at this time.

Respectfully submitted,

Dated: February 23, 2024

*/s/ Randall P. Ewing, Jr.*
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Michael E. Klenov (Ill. Bar No. 6300228)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844

mklenov@koreintillery.com
cokeefe@koreintillery.com

Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Noelle Forde (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

Dated: February 23, 2024

/s/ *Jeff LeVee*
Jeffrey A. Levee (*Pro Hac Vice*)
jlevee@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (ARDC #6317518)
ehasdoo@jonesday.com
JONES DAY
110 N. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

*Counsel for Defendant RE/MAX, LLC*


/s/ *Kenneth M. Kliebard*
Kenneth M. Kliebard (ARDC #6201479)
Jason L. Chrestionson (ARDC #6326714)
**MORGAN, LEWIS & BOCKIUS LLP**

Respectfully submitted,

/s/ *Ethan Glass*
Ethan Glass (N.D. Ill. Bar #1034207)
Deepti Bansal (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 776-2244
eglass@cooley.com
dbansal@cooley.com

Elizabeth Wright (*pro hac vice*)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2300
ewright@cooley.com

Jack R. Bierig (ARDC #0207039)
Adam J. Diederich (ARDC #6305743)
ARENT FOX SCHIFF, LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
jack.bierig@afslaw.com
adam.diederich@afslaw.com

15

110 N. Wacker Drive, Suite 2800  
Chicago, Illinois 60606  
Tel: 312.324.1000  
Fax: 312.324.1001  
kenneth.kliebard@morganlewis.com  
jason.chrestionson@morganlewis.com  

Stacey Anne Mahoney, *pro hac vice*  
**MORGAN, LEWIS & BOCKIUS LLP**  
101 Park Avenue  
New York, New York 10178  
Tel: 212.309.6000  
Fax: 212.309.6001  
stacey.mahoney@morganlewis.com  

*Attorneys for Defendant Anywhere Real Estate Inc*

*Attorneys for Defendant National Association of REALTORS®*

*/s/ Timothy Ray*  
Timothy Ray (ARDC #6230099)  
HOLLAND & KNIGHT LLP  
150 N. Riverside Plaza, Suite 2700  
Chicago, IL 60603  
Telephone: (312) 263-3600  
Timothy.Ray@hklaw.com  

David C. Kully (*pro hac vice*)  
Anna P. Hayes (*pro hac vice*)  
HOLLAND & KNIGHT LLP  
800 17th Street NW, Suite 1100  
Washington, DC 20530  
Telephone: (202) 469-5415  
david.kully@hklaw.com  
anna.hayes@hklaw.com  

*Attorneys for Defendant Keller Williams Realty, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2024, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

| | |
|---|---|
| Dated: February 23, 2024 | */s/ Randall P. Ewing, Jr.*<br>Randall P. Ewing, Jr. |