## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-00430<br>Honorable Andrea R. Wood |

## DECLARATION OF RANDALL P. EWING, JR.

I, Randall P. Ewing, Jr., declare as follows:

1.      I am an attorney admitted to practice in Illinois and the United States District Court for the Northern District of Illinois. I am an attorney for the Plaintiffs in *Batton v. National Association of REALTORS*, No. 1:21-cv-00430 (N.D. Ill.) ("*Batton*"). I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2.      This lawsuit was filed more than three years ago in January 2021 on behalf of homebuyers in the United States who purchased homes on a National Association of REALTORS ("NAR") MLS. A true and correct copy of the original complaint is attached hereto as Exhibit 1.

3. A lawsuit on behalf of home sellers was filed in 2019 in the United States District Court for the Western District of Missouri, *Sitzer v. National Association of REALTORS*, No. 4:19-cv-00332-SRB (W.D. Mo.), renamed as *Burnett v. National Association of Realtors* ("*Burnett*"). A true and correct copy of the original *Burnett* complaint is attached hereto as Exhibit 2.

4. From the beginning, that case purported to represent a class consisting of only home sellers who "paid a broker commission." Ex. 2 ¶¶ 91-92.

5. In April 2022, the Western District of Missouri certified a class consisting only of home sellers who listed homes on Missouri-based MLSs. A true and correct copy of the *Burnett* class certification order is attached hereto as Exhibit 3. It is my understanding that at no point during the litigation of *Burnett* did the *Burnett* plaintiffs purport to represent the claims of homebuyers or to seek recovery of damages incurred when purchasing a home.

6. In September 2023, Defendants Anywhere Real Estate, Inc. and RE/MAX filed notices of settlements in *Burnett*. A true and correct copy of those settlement notices is attached hereto as Exhibit 4. In that notice, the parties explained that the settlement "was jointly negotiated with the Plaintiffs in *Moehrl v. The National Association of Realtors, et al.*, Case No. 1:19-CV-01610." The notice did not mention this case, and the parties did not negotiate the settlement with counsel in this case. Ex. 4.

7. The same week that RE/MAX filed its settlement notice, this Court held a status hearing. A true and correct copy of the hearing transcript is attached hereto as Exhibit 5. As the Court prepared to adjourn, counsel for RE/MAX raised unprompted the stay it had filed in *Moehrl*. The Court explained how it understood the relationship between the sellers' settlements and the homebuyers' action:

> I don't think that the settlement that has been reached with respect
> to either of those defendant groups [Anywhere and RE/MAX] that
> would cover the two cases from the seller side [*Burnett* and
> *Moehrl*] are intended to resolve this case which deals with similar
> issues from the buyer side.

Ex. 5 at 14:16-20. When the Court asked RE/MAX if that understanding was correct, *id.* at 14:24, ("Correct, Counsel?"), RE/MAX responded "Yes, the notice is just being filed with respect to the *Moehrl* case," *id.* at 14:25-15:1. Counsel for Anywhere was also present at the hearing and raised no disagreement with this Court's characterization of the relationship between the settlement and homebuyers' claims.

8.      In February 2024, Keller Williams filed a settlement notice in *Burnett*. A true and correct copy of the Keller Williams settlement notice is attached hereto as Exhibit 6. The settlement notice called the agreement a "substantially similar settlement." Ex. 6.

9.      Anywhere, RE/MAX, and Keller Williams subsequently published Long Form Notices to the class members. A true and correct copy of these Long Form Notices are attached hereto as Exhibit 7 (Anywhere and RE/MAX) and Exhibit 8 (Keller Williams). The Long Form Notices contain just one reference to home buyers in explaining that NAR rules "require home sellers to pay commissions to the broker or agent representing the buyer." Ex. 7 at 4; Ex. 8 at 4. Otherwise, the notice refers to the class members only as "home sellers" who "sold a home"; "listed a home"; and "paid a commission." Ex. 7 at 1, 5; Ex. 8 at 1, 5; *see generally* Exs. 7 & 8.

10.     The Long Form Notices further alert class members to specific "other class actions involving similar claims that are related to the Settlements, including: *Burnett* . . . ; *Moehrl* . . . ; and *Nosalek v. MLS Property Information Network, Inc. et al.*, Case No. 20-CV-12244-PBS, pending in the district of Massachusetts, Massachusetts." Ex. 7 at 10; Ex. 8 at 10. Batton is not mentioned. Immediately after identifying these lawsuits, the Long Form Notices

explain that the "Settlements will settle the claims against [settling defendants] that were brought in those cases." Ex. 7 at 10; Ex. 8 at 10.

11.     The Long Form Notices contain no mention of the claims of homebuyers in general or *Batton* in particular, despite Anywhere, RE/MAX, and Keller Williams litigating homebuyers' claims for more than three years at the time the Notices were published to *Burnett* class members. *See generally* Exs. 7 & 8.

12.     Based on Defendants' conduct to date, I and other Plaintiffs' counsel in this case believed the Settlements did not release homebuyer claims.

13.      To be cautious, however, on April 8, 2024, I spoke to Kenneth Kliebard, counsel for Anywhere, via telephone and asked for the Defendants' position on whether they interpreted the release language to cover homebuyers in the putative *Batton* class action who also sold homes during the relevant period. Mr. Kliebard was unable to provide a position but stated that he would try to respond once he had conferred with his client and other Defendants.

14.     On April 11, 2024, Aaron Van Oort, settlement counsel for Anywhere emailed me in response to my communication with Mr. Kliebard. A true and correct copy of that email is attached hereto as Exhibit 9. In that email, Mr. Van Oort did not answer the question I asked Mr. Kliebard and to which Mr. Kliebard indicated he would provide a response. Instead, Mr. Van Oort stated, "If you believe an objection exists, it must be filed by April 13, 2024, under the Court's preliminary approval order." Ex. 9.

15.     Without an answer to my questions, two days later on April 13, 2024, Plaintiff James Mullis filed an objection in *Burnett*. A true and correct copy of that objection is attached hereto as Exhibit 10. Plaintiff Mullis explained that he filed the objection "in an abundance of caution" and requested clarification. Ex. 10 at 2, 8.

16.     Also on April 13, 2024, the deadline for opting out of the *Burnett* settlement expired. Ex. 7 at 3; Ex. 8 at 3.

17.     Only after the opt-out deadline expired did the Defendants and Plaintiffs in *Burnett* make their positions on homebuyers' claims public.

18.     On May 2, 2024, the *Burnett* plaintiffs responded to the Mullis objection. A true and correct copy of *Burnett* plaintiffs' response to the objection is attached hereto as Exhibit 11. The *Burnett* plaintiffs' response for the first time indicated that the settlements did in fact intend to extinguish claims for individuals who both sold and bought homes. *See* Ex. 11 at 58.

19.     The following day, on May 3, 2024, Keller Williams filed its brief in support of final settlement approval in *Burnett*. A true and correct copy of the Keller Williams brief is attached hereto as Exhibit 12. In the filing, Keller Williams endorsed "the reasons set forth at length in class plaintiffs' submission" and did not assert any alternative interpretation of the settlement release. Ex. 12 at 1.

20.     Also on May 3, RE/MAX filed its brief in support of final settlement approval in *Burnett*. A true and correct copy of the RE/MAX brief is attached hereto as Exhibit 13. In the brief, RE/MAX joined the *Burnett* plaintiffs' arguments and further contended that the settlement's scope was proper. Ex. 13 at 8-10.

21.     On May 6, 2024, Anywhere filed its brief in support of final settlement approval in *Burnett*. A true and correct copy of the Anywhere brief is attached hereto as Exhibit 14. Anywhere argued that it "refused to settle only part of the antitrust claims with people who both bought and sold homes." Ex. 14 at 25. But as part of its settlement discussions, Anywhere at no time approached Plaintiffs in this case who actually asserted claims against Anywhere on behalf of "people who bought . . . homes" for years prior to its settlement agreement.

22.     Yesterday morning, on May 7, 2024, the *Burnett* plaintiffs submitted a proposed order to the presiding judge in that case. A true and correct copy of that proposed order is attached hereto as Exhibit 15. Under the proposed order, "Members of the Settlement Class" would be "enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties." Ex. 15 ¶ 63. The Order further explains that it would foreclose Class Members' claims in this specific case, and that their only recourse for preserving their homebuyer claims was by "opting out of the settlement" before that deadline expired the previous month. *Id.* ¶¶ 55-60.

23.     Immediately after receiving a copy of the proposed order, I conferred with my colleagues and informed this Court and counsel for Anywhere, RE/MAX, and Keller Williams of Plaintiffs' intent to seek an injunction preventing them from extinguishing homebuyer claims and enjoining homebuyers who also happen to be in the *Burnett* class from prosecuting, participating in, or otherwise having any role in this lawsuit.

24.     I am familiar with reviewing class settlement agreements. These agreements typically include notice of specific claims and litigations in other jurisdictions that are being released. A true and correct copy of a settlement agreement between multiple state attorneys general and UBS AG is attached hereto as Exhibit 16. In that agreement, the parties specified by name and case number nine actions whose claims the settlement would extinguish. Ex. 16 at 65.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 8, 2024 in Chicago, Illinois.

/s/ *Randall P. Ewing, Jr.*
Counsel for Plaintiffs and the
Purported Class