IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, et al.,<br><br>Defendants. | No. 21-cv-00430<br><br>Judge Andrea R. Wood |

**ORDER DENYING PLAINITFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND STRIKING MOTION HEARING**

Having now reviewed Plaintiffs' motion for a temporary restraining order and preliminary injunction (Dkt. No. 152), previewed by Plaintiffs at the May 7, 2024 status hearing, the Court denies the motion.

Plaintiffs' motion asks this Court to enjoin Defendants Realogy Holdings Corp., RE/MAX LLC, and Keller Williams Realty, Inc. from seeking entry of their proposed order granting final approval of their settlements with members of the homeseller class in *Burnett v. National Association of Realtors*, No. 4:19-cv-00332 (W.D. Mo.). Plaintiffs seek this relief because they fear that the releases in the *Burnett* settlement agreements would preclude certain Plaintiffs and members of the putative homebuyer class in this case from pursuing their claims here, insofar as they are also members of the homeseller class in *Burnett*, and they challenge the adequacy of the consideration, notice, and representation the affected class members have received. Plaintiffs acknowledge that they have filed objections to the *Burnett* settlement and will have the opportunity to be heard by the *Burnett* court at the final approval hearing scheduled for May 9, 2024. Yet Plaintiffs nonetheless contend that Defendants must be enjoined from seeking approval of the *Burnett* settlements because the release provisions are unfair.

The very purpose of a final approval hearing, however, is for the district court to consider and address challenges to the fairness of the proposed class action settlement. *E.g.*, *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 588 (N.D. Ill. 2016) ("[T]he court conducts a final approval hearing to determine whether the settlement is 'fair, reasonable, and adequate.'" (quoting Fed. R. Civ. P. 23(e)(2)). Moreover, although Plaintiffs characterize their requested injunction as enjoining action by the specified Defendants, Plaintiffs' goal is to prevent the fairness hearing duly set by the *Burnett* court from going forward according to that court's orders. Such extraordinary action would be inappropriate. As the Seventh Circuit has observed, "[i]t is particularly rare for a federal court to enjoin litigation in another federal court." *In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 762 (7th Cir. 2017); *see also Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007) ("[T]he

lack of cases in which the All Writs Act has been used to enjoin settlement efforts in another federal court is telling."). Plaintiffs and putative class members in this case who are also class members in *Burnett* are represented by Class Counsel there. In addition, Plaintiffs' counsel in this case will have an opportunity to present their concerns about the proposed settlement at the final approval hearing before the *Burnett* court. That proceeding is deemed to provide an adequate remedy at law. *Id.* at 332 ("[A]s is similarly the case for traditional injunctions, a court may not issue an injunction under the All Writs Act if adequate remedies at law are available.") (internal quotation marks omitted). This Court will continue to "operate on the basis of the assumption that all federal judges follow the law and protect the rights of the class members in accordance with Rule 23 of the Federal Rules of Civil Procedure." *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1342 (S.D. Fla. 2002). Plaintiff's requested injunction is therefore neither necessary nor appropriate.

  The Court denies Plaintiffs' motion without need for further argument, as the motion is consistent with what was discussed on the record at the March 7, 2024 status hearing. Accordingly, the telephonic status hearing set for March 8, 2024 at 3:00 PM is stricken; the parties need not appear.

ENTERED:

Dated: May 8, 2024

_____
Andrea R. Wood
United States District Judge