**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | Case No. 1:21-cv-00430 |
| | ) | Judge Andrea R. Wood |
| Plaintiffs, | ) ) | Magistrate Judge M. David Weisman |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>AGREED PROTECTIVE ORDER</u>

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because they anticipate the discovery in this matter will include trade secrets, business plans and strategies, and other confidential research, development, or commercial information, private personally identifiable information, or other sensitive personal information. *See* Fed. R. Civ. P. 26(c)(l)(G).

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order, and the Court has found that good cause exists for issuance of an appropriately-tailored confidentiality order; accordingly, it is ORDERED:

1. **Definitions.**

    (a)    "Action" means the above-captioned action, and any and all cases consolidated or coordinated with it.

    (b)    "Discovery Material" means all materials produced or adduced in the course of discovery, including Documents, ESI, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom.

    (c)    "Document" is synonymous with the meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1).

    (d)    "ESI" or "Electronically Stored Information" is synonymous with the meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1).

    (e)    "Franchisee of a Party" means a Party's franchisee and franchisee employees.

    (f)    "Party" means a Party to this Action, including all of its officers, directors, and employees.

    (g)    "Producing Party" means any Party or non-Party who produces Discovery Material.

    (h)    "Receiving Party" means a Party to this Action to whom Discovery Material is produced.

2. **Scope.** Any person subject to this order, including without limitation the parties of this action, their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the terms contained herein. All Discovery Material, regardless of the medium or manner generated, stored, maintained, or revealed (including initial disclosures, responses to discovery requests, deposition testimony, and exhibits), shall be subject to this Order concerning Confidential or Highly Confidential – Outside Counsel Eyes Only Information as defined below. This Order shall apply to any Party (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)). This Order is subject to the Local Rules of the District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Any person subject to this Order who receives from any other person any Confidential Discovery Material shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. **Confidential Information.** As used in this Order, "Confidential Information" means any Discovery Material that contains confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the Producing Party, or by the Designating Party if different from the Producing Party, and which is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. By way of example only, Confidential Information may include but is not limited to: (a) information for which applicable law—foreign or domestic—requires confidential treatment; (b) information that reveals trade secrets or other proprietary business information; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) unredacted personal identity information; (e) unredacted income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a

person who is not a party to the case. Discovery Material that is available to the public may not be designated as Confidential Information.

4. **Highly Confidential – Outside Counsel Eyes Only Information.** As used in this Order, "Highly Confidential – Outside Counsel Eyes Only Information" means any Discovery Material that constitutes Confidential Information and that a Producing Party, or the Designating Party if different from the Producing Party, believes in good faith to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing Party; and (iv) it is designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. By way of example only, Highly Confidential – Outside Counsel Eyes Only Information may include but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; (j) trade secrets; or (k) intellectual property. If required by applicable privacy laws, Highly Confidential – Outside Counsel Eyes Only Information may also include personnel files that are designated as such for purposes of this litigation.

5.    **Designation.**

(a)    If any Discovery Material contains Confidential or Highly Confidential –
Outside Counsel Eyes Only Information, a Party may designate the Discovery Material as
Confidential, or Highly Confidential – Outside Counsel Eyes Only Information for protection
under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES
ONLY – SUBJECT TO PROTECTIVE ORDER" on the Discovery Material and on all copies in
a manner that will not interfere with the legibility of the Discovery Material. To the extent
Discovery Material is produced in a form in which placing or affixing the words
"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the
Discovery Material is not practicable, the Party may designate the Discovery Material as
confidential by cover letter, slip sheet, or by affixing a label to the production media containing
the Discovery Material. As used in this Order, "copies" includes electronic images, duplicates,
extracts, summaries or descriptions that contain the Confidential or Highly Confidential –
Outside Counsel Eyes Only Information. The marking shall be applied prior to or at the time the
Discovery Material is produced or disclosed. Applying such marking to Discovery Material does
not necessarily mean that the Discovery Material has any status or protection by statute or
otherwise except to the extent and for the purposes of this Order. Any copies that are made of
any Discovery Material marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"
or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO
PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or
lists of Discovery Material that do not contain substantial portions or images of the text of

Discovery Material designated as Confidential or Highly Confidential – Outside Counsel Eyes Only Information and do not otherwise disclose the substance of the Confidential or Highly Confidential – Outside Counsel Eyes Only Information are not required to be marked.

(b)     The designation of Discovery Material as Confidential or Highly Confidential – Outside Counsel Eyes Only Information is a certification by an attorney that they have a good faith basis to believe the Discovery Material contains highly sensitive information as defined in this Order.

6.     **Depositions.** Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential – Outside Counsel Eyes Only Information for a period of forty-five (45) days after the date of the deposition. No later than the forty-fifth (45th) day after the date of the deposition, a Party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information, and thereafter those portions identified in the Notice of Designation shall be protected by the terms of this Order. In the event that a deposition transcript is not available within thirty (30) days to the designating Party, then the Parties shall meet and confer in good faith about the appropriate deadline for a Notice of Designation. The Parties may elect to have the court reporter provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential – Outside Counsel Eyes Only Information in the lower left-hand corner of each designated page.

**Designated Material Used As Exhibits During Depositions:** Nothing in Paragraph 6 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

**Witness Review of Deposition Testimony:** Nothing in Paragraph 6 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits at any time.

7.    During a deposition, only persons to whom disclosure of Confidential or Highly Confidential Information is permitted under Paragraph 9 of this Order shall remain present while Confidential Discovery Material is being used or discussed.

8.    **Court Reporters or Videographers**. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential Discovery Material shall: (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing Attachment A hereto; (b) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Highly Confidential – Outside Counsel Eyes Only Information; and (c) deliver any transcript containing Confidential Material only to counsel, the witness, or the Court (filed under seal). A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

9.    **Protection of Discovery Material, Including Confidential or Highly Confidential – Outside Counsel Eyes Only Material.**

(a)    **General Protections.** Except as set forth below, all Discovery Material, including Confidential or Highly Confidential – Outside Counsel Eyes Only Information, shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in

7

subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Action, including any appeal thereof. In this putative class action, Confidential or Highly Confidential – Outside Counsel Eyes Only Information may be disclosed only to the named plaintiffs and only in accordance with this Order, and may not be disclosed to any other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any Party designating Discovery Material from using its own such designated Information for any purpose, including privately disclosing its own to others not mentioned in this Paragraph 9, and such private disclosure shall not waive the protections of this Order.

(b) **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Discovery Material to any third person or entity apart from the Producing Party except as set forth the subparagraphs below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Outside or in-house counsel for the Parties and employees, agents, or independent contractors of such counsel who have responsibility for the preparation and trial of the Action;

(2) Parties. Confidential Information from a producing party may be shared with individual Parties that did not produce the Information and employees of the Party, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the individual Party or employee has knowledge, and that the employee's

8

assistance is reasonably necessary to the conduct of the Action in which the Information is disclosed. Disclosure to such individual Party or employee is limited to the portion of the Information about such events, transactions, discussions, communications, or data;

(3)     Franchisees of the Producing Party, but only to the extent counsel has: (i) a good-faith basis for believing the Franchisee has seen such Confidential Information, such as franchise policies and procedures; (ii) the Franchisee's assistance is reasonably necessary to the conduct of the Action in which the Information is disclosed; and (iii) disclosure to such Franchisee is limited to the portion of the Confidential Information about such events, transactions, discussions, communications, or data, and no Franchisee shall be shown any contracts or agreements to which that Franchisee is not a party;

(4)     The Court and its personnel;

(5)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or trial in this Action;

(6)     Contractors. Those persons specifically engaged for the limited purpose of making copies of Confidential Information or organizing or processing such Information, including outside vendors hired to process ESI in this Action;

(7)     Consultants and Experts. Consultants, investigators, or experts, and their staff, employed by the Parties or counsel for the Parties to assist in the

preparation and trial of this Action, but only after such persons have completed the certification contained in Attachment A to this Order;

(8) Jury Consultants. Professional jury or trial consultants, and their staff, and mock jurors to whom disclosure is reasonably necessary for this Action, and who are assisting counsel for a Party, but only after such persons have completed the certification contained in Attachment A to this Order, and provided that no such person may retain any Confidential Information or copies thereof or any notes or other memorialization of such Information, and the same must be immediately destroyed upon the conclusion of service;

(9) Witnesses, including Rule 30(b)(6) Deponents. During or in preparing for their depositions or their testimony at trial or any hearing in this Action, witnesses to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the Confidential Information has a good-faith basis for believing such Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of any Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts but shall be required to return to the court reporter or delete any copies of such exhibits within a 30-day period. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information

10

pursuant to Paragraph 6 may not be disclosed to anyone except as permitted under this Order;

(10)  Author or recipient. The author or recipient of the Confidential Information (not including a person who received such Information solely in the course of litigation), including any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes or other document memorializing a meeting or call, an attendee or participant in the meeting or call;

(11)  Identified Persons. Any person whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to the transactions or occurrences that give rise to this litigation and is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, such person has completed the certification contained in Attachment A to this Order, and such person does not retain a copy of the Confidential Information;

(12)  Mediator. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions relating to this Action; and

(13)     Others by Consent. Other persons only by written consent (e-mail or otherwise) of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

Notwithstanding the foregoing restrictions on the disclosure of CONFIDENTIAL information, Counsel of Record for the Plaintiffs may disclose pleadings, briefs, expert reports, and other court filings to the named class representatives sufficient to carry out their duties to the class pursuant to F.R.C.P. 23.

The following categories of persons may be allowed to review Highly Confidential – Outside Counsel Eyes Only Information:

(1)     Outside Counsel. Outside counsel for the Parties and employees, agents, and independent contractors of such counsel who have responsibility for the Action, provided that such individuals do not regularly participate in the commercial business activities of the Party;

(2)     In-house Counsel. Three (3) pre-designated attorney employees of a Party with responsibilities for the litigation of this Action and whose primary day-to-day duties with the company do not currently, and for a period of nine (9) months following the conclusion of this Action shall not, include advising on or participating in decisions regarding the company's business operations, including development or implementation of competitive strategies, and  business plans, but does not include the rendering of legal advice as to litigation, regulatory compliance, and intellectual property issues related to such decisions.

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or trial in this Action;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of Highly Confidential – Outside Counsel Eyes Only Information, or organizing or processing such Information, including outside vendors hired to process ESI;

(6)     Consultants and Experts. Consultants, investigators, or experts, and their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Attachment A to this Order;

(7)     Jury Consultants. Professional jury or trial consultants, and their staff, and mock jurors to whom disclosure is reasonably necessary for this Action, and who are assisting counsel for a Party, but only after such persons have completed the certification contained in Attachment A to this Order, and provided that no such person may retain any Highly Confidential – Outside Counsel Eyes Only Information or copies thereof or any notes or other memorialization of such Information, and the same must be immediately destroyed upon the conclusion of service;

(8)     Witnesses, including 30(b)(6) Deponents. During or in preparation for their depositions or testimony at trial or any hearing in this Action, witnesses to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith

13

basis for believing such Highly Confidential – Outside Counsel Eyes Only Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain any copy of Highly Confidential – Outside Counsel Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, but shall be required to return to the court reporter or delete any copies of such Information within a 30-day period. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential – Outside Counsel Eyes Only Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(9) Identified Persons. Any person whose conduct is purported to be identified in the Highly Confidential – Outside Counsel Eyes Only Information, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Highly Confidential – Outside Counsel Eyes Only Information is relevant to the transactions or occurrences that give rise to this litigation and is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; disclosure to such person is limited to the portion of the Document in which the person or person's conduct is identified or referenced; such person has completed the certification contained in

14

Attachment A to this Order; and such person does not retain a copy of the Highly Confidential – Outside Counsel Eyes Only Information or any notes or other memorialization of such Information;

(10)    Mediator. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions relating to this Action;

(11)    Author or recipient. The author or recipient of the Highly Confidential – Outside Counsel Eyes Only Information (not including a person who received the Information solely in the course of litigation); and

(12)    Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

Notwithstanding the foregoing, Highly Confidential – Outside Counsel Eyes Only Information containing current, future, or planned pricing, margin, cost, sales, or customer information, or current, future, or planned business plans of a Producing Party cannot be disclosed to any other Party or individual who is a competitor of, or is employed by a competitor of, the Producing Party without either prior written consent of the Producing Party or consent on the deposition record by the Producing Party prior to the Highly Confidential – Outside Counsel Eyes Only Information being disclosed to the witness. Such consent shall not be unreasonably withheld.

Notwithstanding the foregoing restrictions on the disclosure of HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY information, Counsel of Record for the

Plaintiffs may disclose pleadings, briefs, expert reports, and other court filings to the named class representatives sufficient to carry out their duties to the class pursuant to F.R.C.P. 23.

(c)     To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures purposes of this Order.

(d)     **Legal Advice.** Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of the Discovery Material if such disclosure is not otherwise permitted under this Order.

(e)     **Control of Information.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential – Outside Counsel Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the Action.

10.     **Absent Class Members.** Confidential or Highly Confidential – Outside Counsel Eyes Only Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Action, except under the circumstances described in Paragraph 9(b) of this Order. If, however, Confidential or Highly Confidential – Outside Counsel Eyes Only Information is contained in a filing with the Court pursuant to Paragraph 12 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of

16

evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

11. **Failure to Designate.** A failure to designate Discovery Material as Confidential or Highly Confidential – Outside Counsel Eyes Only does not standing alone waive the right to so designate the Information. If a party designates Discovery Material as Confidential or Highly Confidential – Outside Counsel Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information. Upon request, the designating party must provide s replacement copy of the Information or corrected overlay that displays the correct designation.

12. **Filing of Confidential or Highly Confidential – Outside Counsel Eyes Only Information.** This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Discovery Material designated as Confidential or Highly Confidential – Outside Counsel Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with the Court's procedure for requesting leave to file a document under seal. *See* Local Rules 5.8 and 26.2. A Receiving Party who seeks to file a motion with the Court using Discovery Materials which have previously been designated as Confidential Information or Outside Counsel Eyes Only Information, and/or any pleading, brief

or memorandum which reproduces, paraphrases, or discloses the designated material, shall provide the Producing Party parties with reasonable advance notice of its intentions.  In the event the parties cannot agree to the appropriate treatment of the Designated Materials, the parties may seek a conference with the Court.

13.     **No Greater Protection of Specific Information.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection. Notwithstanding this paragraph or any other provision in this Order, any producing party may in good faith redact information in Discovery Material for purposes of protecting "personally identifiable information" ("PII") or "personally identifiable health information" ("PIHI") to protect an individual's personal financial or personal health information. Examples of such PII or PIHI include, but are not limited to, Social Security numbers, bank account numbers, credit card numbers, and communications with or from a medical professional or an insurance provider discussing an individual's medical condition, symptoms, medications, and/or treatment.

14.     **Challenges by a Party to Designation as Confidential or Highly Confidential – Outside Counsel Eyes Only Information.** The designation of any Discovery Material as Confidential or Highly Confidential – Outside Counsel Eyes Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a)     **Meet and Confer.** A Party challenging the designation of Confidential or Highly Confidential – Outside Counsel Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not

proper and must give the designating Party an opportunity to review the designated Information, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days of the meet and confer.

15. **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged Information and sets forth in detail the basis for the challenge. Each such motion may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above. The burden of persuasion in any such challenge proceeding shall be on the designating Party. The designating Party shall have the right to respond to any motion filed by a challenging Party. Until the Court rules on the challenge, all Parties shall continue to treat the Information as it has been marked. As such, any motion challenging a confidentiality designation must not publicly file the Information with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential - Outside Counsel Eyes Only Information.

16. **Action by the Court.** Applications to the Court for an order relating to Information designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to issue orders concerning the disclosure of Information produced in discovery or at trial in this Action.

17. **Third Parties.** The Parties in conducting discovery from third parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom

discovery is requested are entitled to the protections of this Order in responding to such requests provided that the third-party agrees to and executes Attachment A.

18.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Information designated in this Action as by another Party, the Receiving Party must so notify the designating Party, and the Producing Party if different from the designating Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party and/or Producing Party in this Action an opportunity to try to protect its Confidential or Highly Confidential – Outside Counsel Eyes Only Information. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential – Outside Counsel Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or

control Information designated as Confidential or Highly Confidential – Outside Counsel Eyes Only Information.

(d)     Nothing in this Protective Order prohibits production by a Party to this Order of Information designated Confidential or Highly Confidential – Outside Counsel Eyes Only in response to a valid subpoena or other process by a government agency, so long as the party receiving such a request provides notice to all parties to this matter pursuant to Paragraph 18(a) above.

19.     **Unauthorized Disclosure or Use.** If a Party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed information designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information in any circumstance not authorized under this Order, that Party must within two (2) business days of learning of such disclosure: (a) notify the designating Party, and the Producing Party if different from the designating Party, of the disclosure and all pertinent facts relating thereto; (b) make every reasonable effort to prevent further disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the protected Information disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person complete the certification contained in Attachment A to this Order.

20. **Clawback Order.**

(a)     **Non-Waive**r. Pursuant to Federal Rule of Evidence 502(d), the production of any material or information shall not be deemed to waive any privilege or work product protection in the Action or in any other federal or state proceeding.  Nothing in this Paragraph 20(a) is intended to or shall serve to limit a Party's right to conduct a review of any material or

information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production, subject to 20(b)(1) below. The provisions of Federal Rule of Evidence 502(b) do not apply.

(b)     **Clawback Process**. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the grounds of privilege, work product protection, or the production of information in violation of this Agreed Protective Order. If a Party or non-Party requests the return of such produced material or information then in the custody of one or more Parties, the possessing Parties shall immediately destroy or return to the requesting party the produced material or information and all copies thereof, and expunge from any other document or material, any information derived solely from the produced material or information and within five (5) calendar days:

> (1) Notify the Producing Party or non-Party if it wishes to challenge the clawback. A Party wishing to challenge a clawback shall inform the Producing Party or non-Party of the reasons for the challenge in writing. The Parties agree to meet and confer regarding the clawback. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court. If reasonably necessary, the producing party will provide the court with a copy of the document for in camera review.

(c)     **Suspected Privileged Information**. Nothing in this Agreed Protective Order overrides any Receiving Party attorney's responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. Any Party receiving materials that reasonably appear to be covered by a privilege shall not copy, distribute, or otherwise use such

materials in any manner, and shall provide prompt notice in writing to the Producing Party to afford an opportunity to request return of the materials.

21. **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry in this Action of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry in this Action of final judgment not subject to further appeal, all Confidential and Highly Confidential – Outside Counsel Eyes Only Information and Information marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 5(a), shall be either returned to the Producing Party or the Receiving Party may elect to destroy the Information and certify to the Producing Party that it has done so, unless the Information has been offered into evidence or filed without restriction as to disclosure.

(c)     **Retention of Work Product and Filed Information.** Notwithstanding the above requirements to return or destroy Information, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information, so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential – Outside Counsel Eyes Only Information; and (2) one complete set of all Information filed with the Court, including those filed under seal. Counsel need not search their email/communication systems or disaster recovery/backup systems to comply with this order. Any retained Confidential or Highly

23

Confidential – Outside Counsel Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential – Outside Counsel Eyes Only Information.

(d)     **Deletion of Information Filed Under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

22.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

23.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties, and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any information designated Confidential or Highly Confidential – Outside Counsel Eyes Only Information is entitled to protection under Federal Rules of Civil Procedure 26(c) or otherwise until such time as the Court may rule on specific Information or a specific issue.

24.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

25.     **Miscellaneous.**

(a)     **Right to Object.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Discovery Material on

any ground not addressed in this Order. No Party waives any right to object on any ground to the use in evidence of any Discovery Material covered by this Order.

(b)     **Additional Parties.** In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party.

(c)     **Computing Time.** For deadlines and time periods that are stated in this Order as a number of "days," time shall be computed in accordance with Federal Rule of Civil Procedure 6(a)(1). For deadlines and time periods that are stated in this Order as a number of "business days," time shall be computed in accordance with Federal Rule of Civil Procedure 6(a)(1) except that Saturdays, Sundays, and legal holidays shall not be counted.

**IT IS SO ORDERED.**

ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2024

25

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | Case No. 1:21-cv-00430 |
| | ) | Judge Andrea R. Wood |
| Plaintiffs, | ) ) | Magistrate Judge M. David Weisman |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action, understands the terms thereof, and agrees to be bound by

its terms. The undersigned submits to the jurisdiction of the United States District Court for the

Northern District of Illinois in matters relating to the Protective Order and understands that the

terms of the Protective Order obligate him/her to use materials designated as Confidential or

Highly Confidential – Outside Counsel Eyes Only Information in accordance with the Order

solely for the purposes of the above-captioned action, and not to disclose any such Confidential

or Highly Confidential – Outside Counsel Eyes Only Information to any other person, firm, or

concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____

Signature