IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>          Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

**I.    Nature of the Case**

    **A.**  Identify the attorneys of record for each party.

| **Plaintiffs** |
|---|
| Randall Ewing |
| George Zelcs |
| Ryan Cortazar |
| Michael Klenov |
| Carol O'Keefe |
| Vincent Briganti |
| Christian Levis |
| Claire Noelle Forde |
| |
| **The National Association of Realtors** |
| Ethan Glass |
| Deepti Bansal |
| Georgina Inglis |
| Samantha Strauss |
| Beatriz Mejia |

| |
|---|
| Sarah Topol |
| Elizabeth Wright |
| Michael Bonanno |
| |
| **Anywhere Real Estate, Inc.** |
| Stacey Anne Mahoney |
| Kenneth Michael Kliebard |
| William T. McEnroe |
| William S.D. Cravens |
| Heather Jean Nelson |
| Jason Leland Chrestionson |
| |
| **RE/MAX LLC** |
| Eddie Hasdoo |
| Jeffrey LeVee |
| |
| **Keller Williams Realty, Inc.** |
| Timothy Ray |
| David Kully |
| Anna Hayes |
| Boris Bershteyn |
| |

**B. State the basis for federal jurisdiction.**

**Plaintiffs' Position:** Plaintiffs allege that this Court has subject matter jurisdiction under 28 U.S.C. §1332(d)(2), because the classes contain more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, and at least one member of each class is a citizen of a State different from Defendant.

Plaintiffs allege that this Court has personal jurisdiction over Defendant The National Association of Realtors ("NAR") because it is incorporated in Illinois. Plaintiffs allege that this Court has personal jurisdiction over Defendants RE/MAX, LLC ("RE/MAX"), Anywhere Real Estate Inc. ("Anywhere"), and Keller Williams Realty, Inc. ("Keller Williams") because (1) they waived any challenge to personal jurisdiction and (2) because they have franchisees and/or agents in Illinois for which they enter into contractual arrangements requiring those franchisees and agents to implement the alleged anticompetitive agreements at issue in this lawsuit.

**Defendants' Position:** Defendants RE/MAX, LLC ("RMLLC"), Anywhere Real Estate Inc. ("Anywhere"), and Keller Williams Realty, Inc. ("Keller Williams") (collectively, the "Non-NAR Defendants") have filed motions to dismiss for lack of personal jurisdiction that are fully briefed and currently pending before the Court. *See* Dkts. 129, 137, 139, 157, 163. The Non-NAR Defendants maintain that there is no personal jurisdiction over them in the Northern District of Illinois, as explained in the

briefs and as supported by the decision issued by Judge Wood on February 20, 2024, that dismissed another Defendant for lack of personal jurisdiction. *See* Dkt. 125.

NAR, which is headquartered in Chicago, has not brought a motion to dismiss for lack of personal jurisdiction.

### C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

**Plaintiffs' Position:** Plaintiffs assert that Defendants entered into anticompetitive agreements in violation of the laws of numerous states to the detriment of homebuyers. Specifically, Plaintiffs allege that NAR and the broker defendants agreed to a set of rules to restrain competition in the market for buyer-agent broker services, including, but not limited to, requiring home-sellers to offer a uniform commission for buyer-agent services, permitting buyer-agents to sort and filter home based on the amount or existence of buyer-agent commissions, permitting buyer-agents to steer homebuyers to properties offering more favorable commission terms for the buyer-agent, allowing buyer-agents to misrepresent their services as "free," and prohibiting the negotiation of buyer-agent compensation. Plaintiffs allege that these anticompetitive practices harmed homebuyers because they increased the purchase price for homes and/or caused them to pay more than they otherwise would have for a comparable house. Plaintiffs' counsel have brought similar claims against other Defendants, including: *Batton et al. v. Compass, Inc. et al.*, 21-cv-430 (N.D. Ill.) ("*Batton II*"); *Davis v. Hanna Holdings, Inc.*, 2:24-cv-02374 (E.D. Pa.) ("*Davis*"); and *Lutz v. HomeServices of America, Inc., et al.*, 4:24-cv-10040 (S.D. Fla.) ("*Lutz*").

Plaintiffs challenge substantially the same set of rules and practices that were challenged in cases brought by home-sellers: *Burnett, et al. v. The Nat'l Assn. of Realtors, et al.*, 19-cv-332 (W.D. Mo.) ("*Burnett*"); *Moehrl, et al. v. The Nat'l Assn. of Realtors*, et al., 19-cv-1610 (N.D. Ill.) ("*Moehrl*"); *Nosalek, et al v. MLS Property Information Network, et al.*, 20-cv-12244 (D. Mass.) ("*Nosalek*"); and *Gibson, et al. v. The Nat'l Assn. of Realtors, et al.*, 4:23-cv-00788 (W.D. Mo.) ("*Gibson*"). All Defendants in this case were parties to *Burnett* and *Moehrl*, and nationwide settlements in those cases were recently preliminary approved or, with respect to some Defendants, finally approved. Plaintiff Mullis lodged an objection in connection with those approvals concerning the interpretation of the release included therein, and Mullis' objection remains pending in the United States Court of Appeals for the Eighth Circuit. Regardless of the outcome of Plaintiff Mullis' appeal, the releases in those settlements will not release the claims asserted herein for those who never sold a home or who opt out of the settlements.

**Defendants' Position:** Defendants dispute Plaintiffs' claims and allegations in their entirety. More specifically, Defendants deny that they engaged in any unlawful practice, that there is a certifiable class, that home buyers were injured by the alleged conduct or suffered any damages, and that Plaintiffs have standing to bring their purported antitrust claims. Defendants further assert that a large portion of the putative class released all potential claims through the nationwide settlements that

were reached in previously filed litigation and for which final approval was granted on May 9, 2024 by a federal district court judge over objection on behalf of a named Plaintiff in this case. *See Sitzer et al v. National Association of Realtors et al,* Case No. 4:19-cv-00332 (W.D. Mo.) at Dkt. 1487.

**D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

**Plaintiffs' Position:** Plaintiffs seek monetary damages under state law. The amount of damages will be subject to extensive expert discovery and testimony, but Plaintiffs estimate that damages for the alleged class or classes exceed $1 billion.

**Defendants' Position:** Defendants dispute Plaintiffs' claims and further dispute that Plaintiffs have been injured or incurred damages as a result of any unlawful conduct by Defendants.

**E. List the names of any parties who have not yet been served.**

All parties have been served.

## II. Discovery and Pending Motions

**A.** Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.

The Parties' Joint Motion for a Partial Stay of Proceedings (Dkt. 162) as to Plaintiffs James Mullis, Mya Batton, and Theodore Bisbicos was filed on June 18, 2024 and remains pending. The motion requests a stay of proceedings with respect to those plaintiffs pending Mullis' appeal of the final approval of class action settlements reached with Defendants in the home-seller case, *Burnett*, which Defendants argue released all claims asserted in this case by certain class members, including named Plaintiffs Mullis, Batton, and Bisbicos.

The Parties' Joint Motion for Entry of an Agreed Order Regarding Production of ESI (Dkt. 167) was filed July 15, 2024 and remains pending.

Keller Williams', Anywhere's, and RMLLC's Motions to Dismiss for lack of personal jurisdiction (Dkts. 129, 137, and 139) were filed June 8, 2024 and remain pending. The motions were fully briefed as of July 1, 2024 (Dkts. 130, 138, 139-1, 157, and 163).

**B. What is the current discovery schedule?**

The Court entered an agreed upon and jointly submitted discovery schedule (Dkt. 155) with the following deadlines:

| Item | Deadline |
|---|---|
| Substantial completion of document productions responsive to RFPs | December 20, 2024 |
| Plaintiffs to file their motion for class certification and class certification expert reports | June 20, 2025 |
| Defendants to file their responses to Plaintiffs' motion for class certification, class certification expert reports, and *Daubert* motions directed to Plaintiffs' class certification experts | September 19, 2025 |
| Plaintiffs to file their reply in support of class certification and supporting rebuttal expert reports, responses to Defendants' *Daubert* motions directed towards Plaintiffs' class certification experts, and *Daubert* motions directed towards Defendants' class certification experts | November 19, 2025 |
| Defendants to file replies in support of their *Daubert* motions directed towards Plaintiffs' class certification experts and responses to Plaintiffs' *Daubert* motions directed towards Defendants' class certification experts | January 19, 2026 |
| Plaintiffs' replies in support of their class certification *Daubert* motions | February 19, 2026 |
| Completion of Fact Discovery | May 2, 2026 |

C. **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**

      Plaintiffs have served Requests for Production for all documents produced or received by Defendants in numerous previously filed litigations brought on behalf of home-sellers.

Defendants RMLLC, NAR, and Keller Williams have agreed to re-produce their custodial document collection from these litigations to the extent they were a party in exchange for Plaintiffs agreeing not to serve additional Requests for Production until they have reviewed those productions and that any future requests for production of documents will be narrowly tailored to fill in gaps through limited, targeted discovery requests that are necessary to litigate Plaintiffs' claims and take into account prior productions. Plaintiffs and Anywhere have agreed that Anywhere will produce all trial exhibits, exhibits proposed for trial in final exhibit lists, summary judgment exhibits, and deposition exhibits that bear Anywhere or Realogy Bates numbers from those litigations, and Plaintiffs have agreed not to serve additional Requests for Production until they have reviewed those productions.

Defendants have provided their agreed-upon productions and Plaintiffs have begun their review. Plaintiffs recently asked for additional materials to be produced from those litigations. The Parties continue to meet and confer concerning Plaintiffs' demand for Defendants to produce those additional materials, i.e., the deposition transcripts, expert reports, and structured data that was created or produced in *Burnett*, *Moehrl*, and *Nosalek*. At this time, the Parties anticipate completing discovery by the current deadline.

**D. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

On May 2, 2022 (Dkt. 81), the Court granted Defendants' Motion to Dismiss Plaintiffs' complaint, finding that Plaintiffs, as homebuyers, did not have standing to pursue federal antitrust claims for monetary damages under the Supreme Court's Illinois Brick jurisprudence. The Court also held that Plaintiffs did not have standing to pursue injunctive relief for violations of federal antitrust law, concluding that home-sellers were best suited to pursue that relief and were pursuing it in *Burnett* and *Moehrl*. Plaintiffs thereafter filed an amended complaint asserting state-law antitrust, consumer protection, and unjust enrichment claims.

On February 20, 2024 (Dkt. 125), the Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiffs' claims. The Court held that Plaintiffs have standing to pursue claims for states beyond those in which they purchased homes. The Court held that Plaintiffs pleaded a not implausible market. The Court held that Plaintiffs properly pleaded claims within the statute of limitations and a basis for tolling the statute of limitations. The Court also held that Plaintiffs sufficiently pleaded proximate causation. Plaintiffs voluntarily dismissed their Tennessee antitrust and consumer protection claims, and the Court held that Plaintiffs are permitted to bring a standalone Tennessee unjust enrichment claim. The Court held that Plaintiffs sufficiently stated a claim for violation of North Carolina's unfair and deceptive trade practices statute. The Court dismissed Plaintiffs' claim under the Kansas Consumer Protection Act for failing to plead that Plaintiffs themselves received a misrepresentation. The Court dismissed Plaintiffs' Sherman Act Section 1 claims for injunctive relief. The Court held that Plaintiffs stated an unjust enrichment claim. The Court held that it lacked personal jurisdiction against Defendant HomeServices based

on a conspiracy theory of jurisdiction and its service on some NAR boards and committees.

E.  **Briefly describe any anticipated motions, including whether any party intends to move for summary judgment. Please note that a dispositive motion schedule will typically not be set until all discovery is complete.**

   **Plaintiffs' Position:** Plaintiffs anticipate filing a motion for leave to amend the Complaint soon to add additional plaintiffs and alleged class representatives. Plaintiffs will provide a redline of the proposed amendments to Defendants in advance of filing the motion for leave to amend in order to ascertain their position. Plaintiffs believe this amendment does not moot the currently pending motions to dismiss for lack of personal jurisdiction or necessitate any changes to the existing case schedule. Plaintiffs' counsel have amended their complaint in *Davis* to add the same plaintiffs. Plaintiffs intend to amend their complaints in *Batton II* and *Lutz* to the same effect and to better coordinate discovery across the pending cases. Once that is resolved, Plaintiffs intend to propose, and move the Court for entry of, a coordination order to maximize discovery efficiency across the set of related cases.

   Plaintiffs will file a motion to certify a class or classes at the appropriate time. Plaintiffs have not yet determined if they will file a motion for summary judgment.

   **Defendants' Position:** If necessary, Defendants plan to oppose class certification and file motion(s) for summary judgment.

   At this time, Defendants take no position on Plaintiffs' other anticipated motions, which have not been shared with Defendants or otherwise explained by Plaintiffs. In an Initial Scheduling Conference Report filed on August 7, 2024, Plaintiff Lutz advised the Court (S.D. Fla.) that he intended to amend the complaint to add plaintiffs and proposed a deadline of March 17, 2025 "to amend pleadings or join additional parties." It is not clear to Defendants how compliance with the *Lutz* proposed deadline or Plaintiffs' proposal to amend again in this case at some unknown date would facilitate better coordination of discovery across the pending cases.

III.  **Trial**

   A.  **Have any of the parties demanded a jury trial?**

      Plaintiffs have demanded a jury trial.

   B.  **What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

      The Court has not yet set a trial date.

   C.  **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

    The Parties have not yet filed a final pretrial order and the Court has not yet set a deadline for filing a final pretrial order.

  **D. Estimate the number of trial days.**

    **Plaintiffs' Position**: Plaintiffs estimate that trial will require 15-20 days.

    **Defendants' Position**: It is premature for the Court to set a trial date or length because there are numerous events that will impact the scope of trial and parties to such trial which have not yet occurred, including decisions on pending motions to dismiss, class certification, and summary judgment.

**IV.**  **Settlement, Referrals, and Consent**

  **A. Have any settlement discussions taken place? If so, what is the status?**

    Settlement discussions between Plaintiffs and one Defendant have occurred. No other settlement discussions have taken place.

  **B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

    This case has not been referred to the Magistrate Judge for discovery supervision or a settlement conference.

  **C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

    No, the Parties do not request a settlement conference at this time.

  **D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

    The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and they do not unanimously consent to that procedure.

**V.**  **Other**

  **A. Is there anything else that the plaintiff(s) wants the Court to know?**

    No.

  **B. Is there anything else that the defendant(s) wants the Court to know?**

    Not at this time.

| | |
|---|---|
| *Counsel for Plaintiffs and the Proposed Class* | *Counsel for Defendant RE/MAX, LLC* |
| /s/ Randall P. Ewing, Jr. | /s/ Jeff LeVee |
| George A. Zelcs (Ill. Bar No. 3123738) | Jeffrey A. Levee (*pro hac vice*) |
| Randall P. Ewing, Jr. (Ill. Bar No. 6294238) | Kelly M. Watne (*pro hac vice*) |
| Ryan Z. Cortazar (Ill. Bar No. 6323766) | **JONES DAY** |
| **KOREIN TILLERY, LLC** | 555 Flower St. |
| 205 North Michigan Avenue, Suite 1950 | Los Angeles, CA 90071 |
| Chicago, IL 60601 | Tel: 213.489.3939 |
| Telephone: 312.641.9750 | Fax: 213.243.2539 |
| gzelcs@koreintillery.com | jlevee@jonesday.com |
| rewing@koreintillery.com | kwatne@jonesday.com |
| rcortazar@koreintillery.com | |
| | Eddie Hasdoo (ARDC #6317518) |
| Michael E. Klenov (Ill. Bar No. 6300228) | **JONES DAY** |
| Carol O'Keefe (Ill. Bar No. 6335218) | 110 N. Wacker Drive |
| **KOREIN TILLERY, LLC** | Chicago, IL 60606 |
| 505 North 7th Street, Suite 3600 | Tel: 312.782.3939 |
| St. Louis, MO 63101 | Fax: 312.782.8585 |
| Telephone: 314.241.4844 | ehasdoo@jonesday.com |
| mklenov@koreintillery.com | |
| cokeefe@koreintillery.com | *Counsel for Defendant Anywhere Real Estate Inc.* |
| Vincent Briganti (pro hac vice) | /s/ Kenneth M. Kliebard |
| Christian Levis (pro hac vice) | Kenneth M. Kliebard (ARDC #6201479) |
| Noelle Forde (pro hac vice) | Jason L. Chrestionson (ARDC #6326714) |
| **LOWEY DANNENBERG, P.C.** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 44 South Broadway, Suite 1100 | 110 N. Wacker Drive, Suite 2800 |
| White Plains, NY 10601 | Chicago, IL 60606 |
| Telephone: 914.997.0500 | Tel: 312.324.1000 |
| vbriganti@lowey.com | Fax: 312.324.1001 |
| clevis@lowey.com | kenneth.kliebard@morganlewis.com |
| nfeigenbaum@lowey.com | jason.chrestionson@morganlewis.com |
| | |
| | Stacey Anne Mahoney, *pro hac vice* |
| | **MORGAN, LEWIS & BOCKIUS LLP** |
| | 101 Park Avenue |
| | New York, NY 10178 |
| | Tel: 212.309.6000 |
| | Fax: 212.309.6001 |
| | stacey.mahoney@morganlewis.com |

*Counsel for Defendant National Association of REALTORS®*

*/s/ Ethan Glass*
Ethan Glass (N.D. Ill. Bar #1034207)
Deepti Bansal (*pro hac vice*)
Georgina Inglis (*pro hac vice*)
**COOLEY LLP**
1299 Pennsylvania Ave NW, Ste 700
Washington, DC 20004-2400
Tel: 202.776.2244
eglass@cooley.com
dbansal@cooley.com
ginglis@cooley.com

Samantha Strauss (*pro hac vice*)
**COOLEY LLP**
110 N. Wacker Dr., Suite 4200
Chicago, IL 60606
Tel: 312.881.6500
sastrauss@cooley.com

Beatriz Meija (*pro hac vice*)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel: 415.693.2000
mejiab@cooley.com

Sarah M. Topol (*pro hac vice*)
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Tel: 212.479.6000
stopol@cooley.com

Elizabeth Wright (*pro hac vice*)
**COOLEY LLP**
500 Boylston Street, 14th Floor
Boston, MA 02116
Tel: 617.937.2300
ewright@cooley.com

Michael Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Ste 900
Washington, DC 20005
Tel: 202.538.8225
mikebonanno@quinnemanuel.com

Jack R. Bierig (ARDC #0207039)
Adam J. Diederich (ARDC #6305743)
**ARENT FOX SCHIFF, LLP**
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: 312.258.5500
jack.bierig@afslaw.com
adam.diederich@afslaw.com

*Counsel for Defendant Keller Williams Realty, Inc.*

<u>/s/ Timothy Ray</u>
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
Timothy.Ray@hklaw.com

David C. Kully *(pro hac vice)*
Anna P. Hayes *(pro hac vice)*
**HOLLAND & KNIGHT LLP**
800 17th Street NW, Suite 1100
Washington, DC 20530
Tel: 202.469.5415
david.kully@hklaw.com
anna.hayes@hklaw.com

Boris Bershteyn (*pro hac vice application forthcoming*)
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West
New York, NY 10001
Telephone: 212.735.3834
Facsimile: 917.777.3834
boris.bershteyn@skadden.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2024, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

| | |
|---|---|
| Dated: September 25, 2024 | */s/ Randall P. Ewing, Jr.*<br>Randall P. Ewing, Jr. |