**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 21 C 430 |
| v. | Hon. LaShonda A. Hunt |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) filed by Defendants Keller Williams Realty, Inc. (Dkt. 129), Realogy Holdings Corp. (Dkt. 137), and RE/MAX, LLC (Dkt. 139) (collectively, "Moving Defendants"). Because the Court finds that Moving Defendants waived the personal jurisdiction defense, the motions to dismiss are denied.

## BACKGROUND

The Court presumes familiarity with the relevant filings and orders entered in this case.[1] (*See, e.g.,* Class Action Compl. ("CAC"), Dkt. 1; Mem. Op. & Order dated May 2, 2022 ("First Dismissal Order"), Dkt. 81; Am. Class Action Compl. ("ACAC"), Dkt. 84; Mem. Op. & Order dated Feb. 20, 2024 ("Second Dismissal Order"), Dkt. 125). To summarize briefly, Plaintiffs allege

---

[1] This case was reassigned from Judge Wood to Judge Hunt on September 4, 2024. (Reassignment Order, Dkt. 172).

that homebuyers like themselves pay artificially inflated prices for homes as a result of anticompetitive commission rules set by Defendant The National Association of Realtors ("NAR") and complied with by individual realtors of local independently owned and operated franchisees of Moving Defendants. Based on those rules, a homeowner generally hires a broker to sell their home in exchange for a commission, the seller's broker lists the home for sale on a database called the Multiple Listing Service ("MLS") and offers a portion of their commission to any broker who finds a buyer, and the buyer's broker is then paid from the total commission paid by the seller to the seller's broker when the home is sold. In practice, Plaintiffs contend that the rules restrain negotiations over the buyer's broker's commission and reduce transparency such that the buyer is prevented from knowing about their broker's commission. The net effect, according to Plaintiffs, is that commissions generally total 5-6% of the sale price (compared to 1-3% in comparable international markets) and result in artificially increased home prices paid by buyers.

The Court dismissed the CAC because (1) indirect purchasers are barred from recovering damages from antitrust violators under § 4 of the Clayton Act; (2) New Jersey antitrust laws also bar indirect purchasers from recovering damages, so the state-law unjust enrichment claim could not be used as an end-around; and (3) Plaintiffs lacked antitrust standing because the damages claims had been dismissed and more directly injured home sellers sought the same injunctive relief in another case.[2] (First Dismissal Order at 6-17). The ACAC replaced the original Plaintiff with eight new Plaintiffs, reasserted a federal antitrust claim for injunctive relief (but not damages), and added new claims under 35 states' antitrust and consumer protection statutes for damages and common law for unjust enrichment.[3] (ACAC at 8, 43-50).

---

[2] *Moehrl v. The Nat'l Ass'n of Realtors*, No. 19 C 1610 (N.D. Ill.).

[3] Following Judge Wood's lead, the Court treats a claim brought under the laws of Puerto Rico as one of the 35 state-law claims for simplicity's sake.

After another round of briefing, the Court (1) dismissed Plaintiffs' federal antitrust claim, Tennessee antitrust and consumer protection law claims, and Kansas Consumer Protection Act claim; (2) allowed the remaining state law antitrust, consumer protection, and unjust enrichment claims to proceed;[4] and (3) dismissed Plaintiffs' claims against former-Defendants HomeServices of America, Inc., HSF Affiliates, LLC, Long & Foster Companies, Inc., and BHH Affiliates, LLC's (collectively, "HomeServices Defendants") for lack of personal jurisdiction. (Second Dismissal Order at 5-30). With respect to HomeServices Defendants, the Court held that (1) they had not waived their personal jurisdiction defense under Rule 12(h) because the ACAC replaced the original Plaintiff with new named Plaintiffs, and the named plaintiff is who matters for specific personal jurisdiction; (2) the role of HomeServices Defendants' executive officers on NAR's board was not enough to give rise to specific personal jurisdiction because of the separation between a corporation and its individual officers; (3) the conspiracy theory of jurisdiction was not viable under current law; and (4) Plaintiffs had failed to meet their burden on personal jurisdiction. (*Id.* at 23-30). Once HomeServices Defendants were dismissed, Moving Defendants filed the instant motions to dismiss for lack of personal jurisdiction based on similar grounds.

In support of their motions, Moving Defendants submitted declarations and other evidence stating, among other things, that they are not organized under the laws of the state of Illinois, do not have a principal place of business in Illinois, do not maintain offices in Illinois, are in the business of selling franchise opportunities to independently owned and operated franchisees, do not engage in an real estate brokerage services and are not licensed to do so, are not members of NAR, and have no control over the employees or agents of any of their franchisees. (*See*

---

[4] Unlike the federal antitrust claim, the surviving state law claims in the ACAC allow indirect purchasers to recover damages.

Declaration of Debbie Gardner (KW), Dkt. 130-1; Declaration of Susan Yannaccone (Anywhere), Dkt. 138-1); Declaration of Amy Lessinger (Re/Max), Dkt. 139-2)).

## **LEGAL STANDARD**

Rule 12(b)(2) permits a party to assert the defense of lack of personal jurisdiction through a motion to dismiss. Fed. R. Civ. P. 12(b)(2). Although "a complaint need not include facts alleging personal jurisdiction[,]" *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir.1998)), once a defendant submits evidence opposing the exercise of personal jurisdiction, a plaintiff must submit affirmative evidence supporting the court's exercise of jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). If the court holds an evidentiary hearing, the plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Purdue*, 338 F.3d at 782. If the court decides the motion on the papers, then the plaintiff need only "need only make out a *prima facie* case of personal jurisdiction." *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). In determining whether the plaintiff has established a *prima facie* case of personal jurisdiction, the Court must take all well-pleaded factual allegations as true and resolve any factual disputes in the plaintiff's favor. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021). "[B]ut the court accepts as true any facts contained in the defendants' affidavits that remain unrefuted by the plaintiffs." *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (quoting *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 904 n. 3 & 905 (N.D. Ill. 2003)).

## **DISCUSSION**

If a federal statute authorizes nationwide personal jurisdiction, then courts have pendant personal jurisdiction over related state-law claims. *See KM Enters., Inc. v. Glob. Traffic Techs.,*

*Inc.*, 725 F.3d 718, 724 (7th Cir. 2013); *Sandee's I*, 2020 WL 6273477, at *5 (citing *Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449 (7th Cir. 2000)). But if the federal claim supporting personal jurisdiction is dismissed, then pendant jurisdiction "drop[s] out of the case." *Tamburo v. Dworkin*, 601 F.3d 693, 700 & n.6 (7th Cir. 2010); *3DGS, LLC v. Chai Tr. Co., LLC*, No. 19 C 7524, 2020 WL 7353406, at *8 (N.D. Ill. Dec. 15, 2020); *Menzies v. N. Tr. Corp.*, No. 15 C 3403, 2021 WL 170738, at *5 (N.D. Ill. Jan. 19, 2021). Without a federal antitrust claim to confer pendant jurisdiction, Illinois law governs personal jurisdiction. *Tamburo*, 601 F.3d at 700.

Illinois' long arm statute provides for jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILCS 5/2-209(c); *Tamburo*, 601 F.3d at 700. Under longstanding precedent, due process allows the exercise of personal jurisdiction so long "the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo*, 601 F.3d at 700-01 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). Personal jurisdiction can be general, where a defendant has "continuous and systematic general business contacts" in the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), or specific, "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities[,]" *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The Court has already determined that pendant jurisdiction over Moving Defendants dropped out of the case with the dismissal of the federal antitrust claim,[5] and Plaintiffs do not contend that the Court has general personal jurisdiction over Moving Defendants. Moving Defendants argue that the Court lacks specific personal jurisdiction because Plaintiffs did not purchase homes in Illinois and Moving Defendants are not engaged in activities in Illinois. Plaintiffs respond that Moving Defendants waived their personal jurisdiction defenses by failing to raise them with their prior Rule 12 motion, as the HomeServices Defendants did. Even so, Plaintiffs maintain that Moving Defendants' personal jurisdiction defense fails on the merits. Moving Defendants maintain that their Rule 12(b)(2) motions are timely because the personal jurisdiction defense only became available when Plaintiffs' federal antitrust claim was dismissed. Thus, the issues for the Court to decide are (1) whether Moving Defendants waived their personal jurisdiction defense by failing to include it in their earlier Rule 12(b)(6) motion; and, if not, (2) whether the Court has specific personal jurisdiction over Defendants.

Following the guidance of the Seventh Circuit in *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004), the Court starts with the language and purpose of the applicable rules. Rule 12(h) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)[.]" Fed. R. Civ. P. 12(h)(1)(A). In turn, under Rule 12(g), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The purpose of subdivision (g) is set out in the advisory committee notes: "This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." Fed. R.

---

[5] (*See* Second Dismissal Order at 24).

Civ. P. 12 advisory committee notes (1966); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground.").

Moving Defendants insist that their personal jurisdiction defense is timely because it did not become "available" within the meaning of Rule 12(g)(2) until the Court dismissed Plaintiffs' federal antitrust claim. Plaintiffs disagree, pointing to the fact that Moving Defendants had already obtained dismissal of the original antitrust claim in the CAC and argued that the reasserted antitrust claim in the ACAC failed for the same reasons, so they should have anticipated that the federal antitrust claim might be dismissed again. In addition, Plaintiffs note that HomeServices Defendants raised the defense, so it must have been available to Moving Defendants as well.

Previously, the Court found that HomeServices Defendants had not waived the personal jurisdiction defense by failing to assert it in the motion to dismiss the CAC. (*See* Second Dismissal Order at 27). The Court reasoned that "the specific jurisdiction inquiry is evaluated with respect to the named plaintiffs" in a putative class action, and, "[a]s a result, the personal jurisdiction defense . . . was not 'available' to them . . . when they challenged the CAC[.]" (*Id.* at 26-27). The Court then went on to hold that the role of HomeServices Defendants' executive officers on the NAR board did not give rise to personal jurisdiction, the conspiracy theory did not support personal jurisdiction, and Plaintiffs had otherwise failed to satisfy their burden of demonstrating personal jurisdiction with respect to the HomeServices Defendants. (*Id.* at 27-30). Now, however, the issues related to waiver are different. Moving Defendants' present Rule 12(b)(2) motions attack the same pleading (the ACAC) with the same named Plaintiffs as their prior Rule 12 motion. Thus, the reason for previously rejecting Plaintiffs' waiver argument with respect to HomeServices Defendants—that specific personal jurisdiction must be evaluated with respect to the named

7

plaintiff—no longer exists. Here, the issue turns on whether the defense was "available" to Moving Defendants when they first challenged the ACAC, in light of the then-pending federal antitrust claim that conferred pendant jurisdiction. According to Moving Defendants, the defense was not available.

A straightforward reading of Rule 12 does not support Moving Defendants' position. Rule 12(b)(2) permits a party to assert the defense of lack of personal jurisdiction by motion. Rule 12(h)(1)(A) provides that a party waives a personal jurisdictional defense under Rule 12(b)(2) by omitting it from a motion filed under the circumstances described in Rule 12(g)(2), which in turn prohibits a party that has already made a Rule 12 motion from making another Rule 12 motion raising a defense available but omitted from the earlier motion. Fed. R. Civ. P. 12(g)(2). In common usage, the word "available" means "able to be used, obtained, or selected; at one's disposal." *Available*, Oxford English Dictionary (Sept. 2024); *see also Available*, Merriam-Webster (2024) ("present or ready for immediate use"). At the time Moving Defendants moved to dismiss the ACAC under Rule 12(b)(1) and 12(b)(6), they were also able to use the defense of lack of personal jurisdiction under Rule 12(b)(2) and seek dismissal on those grounds. This much is evident from HomeServices Defendants' use of the personal jurisdiction defense and dismissal of the claims against them on those grounds.

The history of this case demonstrates that Moving Defendants have been well-aware of the personal jurisdiction defense and had ample opportunities to assert it. This case began nearly four years ago with the filing of the CAC in January 2021. Defendants filed a joint motion to dismiss in April 2021, which the Court granted in May 2022. (First Dismissal Order). In September 2022, NAR and Moving Defendants jointly moved to dismiss the ACAC under Rules 12(b)(1) and 12(b)(6). (Mot., Dkt. 92). HomeServices Defendants joined their motion but separately asserted

8

their own personal jurisdiction defense under Rule 12(b)(2). (Mot., Dkt. 93). The Court issued a decision on those motions approximately 17 months later in February 2024. (Second Dismissal Order). While the motions were pending, the Court held at least five status hearings and the parties filed at least one joint status report, all without Moving Defendants indicating that they too might raise a personal jurisdiction defense. Only after the Court granted HomeServices Defendants' Rule 12(b)(2) motion did Moving Defendants decide to assert the defense. (Tr. of Proceedings on Feb. 28, 2024, Dkt. 127). At no point did Moving Defendants seek to amend their own dismissal motion to add the personal jurisdiction defense, join HomeServices Defendants' motion, or otherwise assert or preserve the defense, despite being on notice that HomeServices Defendants had asserted the defense as of at least September 2022. Certainly under Rule 12 and likely under conventional principles of waiver, the defense was available to Moving Defendants and has been waived by their failure to invoke it earlier. *See Am. Patriot*, 364 F.3d at 887-888 (noting that a plaintiff may invoke conventional principles of waiver against a defendant who fails to timely assert an improper venue defense).

Moving Defendants' argument that the defense was not available because it was conditioned or contingent on dismissal of the federal antitrust claim is not persuasive and none of the authority they cite supports their position. First, *American Patriot* stands for the principal that "improper venue must be pleaded early, but not at the earliest possible opportunity." 364 F.3d at 887. Although that case contains helpful guidance on waiver under Rule 12 and conventional principles in this instance, it was factually distinct in that no prior pleading had been attacked or amended and no Rule 12 motion had been filed before venue was challenged. *Id.* The case of *Angel Jet Servs., LLC v. Giant Eagle, Inc.* is inapplicable because there the Arizona district court declined to address the "hypothetical question" of whether personal jurisdiction would exist under the

"minimum contacts" test because there was nationwide jurisdiction under ERISA. No. 09 C 1489, 2010 WL 1266831, at *2 (D. Ariz. Mar. 29, 2010). Waiver of the personal jurisdiction defense was not even at issue.

The line of cases holding that a defense is not waived when controlling precedent at the time of an initial Rule 12 motion makes an argument futile but a supervening change in law makes it "available" is also off point. *See, e.g., In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) (concluding that a defendant did not waive a venue objection because the defense was not "available" until the Supreme Court issued a decision overruling controlling precedent that had previously rendered the objection futile); *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004) (finding that a party is excused from raising a defense if it would have been futile under binding precedent); *Prac. Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 863 (N.D. Ill. 2018) (holding that personal jurisdiction defense was not available to defendants until Supreme Court decision overruled controlling precedent). The case of *Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 475 (N.D. Ill. 2019), is particularly instructive in this regard. Although *Mussat* dealt primarily with the question of whether a Supreme Court decision constituted a supervening change in law such that a personal jurisdiction defense was not previously "available" and therefore not waived, the court also concluded that the defendant had waived the defense because it did not assert it for eight months after the Supreme Court issued its decision while the defendant's dismissal motion remained pending, and nothing precluded it from amending its motion to include the defense. *Id.* at 476 (the defendant "sat on its hands and in doing so waived the defense.").

Here, there has been no supervening change in law, only dismissal of a federal antitrust claim that Moving Defendants themselves advocated for. If Moving Defendants brought their Rule

12(b)(1) and 12(b)(6) motion in good faith (which they clearly did because it was granted), then it would not have been futile to bring the Rule 12(b)(2) motion as well. Like the defendant in *Mussat*, Moving Defendants could have sought to amend their motion to add the personal jurisdiction defense at any time during the 17-month period after HomeServices Defendants filed their dismissal motion on those grounds. Instead, they sat on their hands.

Moving Defendants' reliance on *Goldberg v. Rome McGuigan, P.C.*, No. 20 C 9958, 2021 WL 1570858, *3 (C.D. Cal. Mar. 4, 2021) is also misplaced, as an order entered a month later in the same case clarified that the court "had and continues to have personal jurisdiction over the [defendants] with respect to the state law claims. Instead, the question for the Court to decide is whether the Court, in its discretion, should continue to exercise that jurisdiction." *Goldberg v. Rome McGuigan, P.C.*, 2021 WL 3520725, at *2 (C.D. Cal. Apr. 23, 2021). In fact, the court there went on to explain that even when a federal claim conferring pendant jurisdiction over state law claims is dismissed, the court retains discretion to exercise pendant personal jurisdiction over the surviving claims. *Id.* at *3. The case of *Berrios v. ABM Janitorial Servs. N. Cent., Inc.*, is also unhelpful because there the defense of insufficient service of process was not "available" in any sense of the word because the 90-day service window under Rule 4(m) had not passed when the initial Rule 12 motion was filed. No. 16 C 8295, 2017 WL 2445136, at *2 (N.D. Ill. June 6, 2017). In any event, the defendant's initial motion also reserved the right to bring a subsequent motion on that basis. *Id.* This case is distinct because Moving Defendants do not argue that another procedural rule precluded them from raising a personal jurisdiction defense, and they did not include any reservation in their initial motion.

Furthermore, despite Moving Defendants' insistence that the Court is allowed to "lift the ban against successive pre-answer motions" in order to "streamline these proceedings", *Dyson,*

*Inc. v. Euro-Pro Operating LLC*, No. 14 C 9442, 2015 WL 13875695, at *2 (N.D. Ill. May 4, 2015), the Court declines to do so and notes that the court in *Dyson* also chose not to consider a second motion to dismiss. Although the court in *Donnelli v. Peters Sec. Co.* permitted a defendant to file a Rule 12(b)(6) motion after having previously filed a Rule 12(b)(2) and (3) motion in Arizona and obtained a transfer to Illinois, that decision expressly acknowledged that it relied on a non-precedential half-a-century-old case from Alaska case "recognizing that in doing so it was disregarding the literal language of Rule 12(g)" in favor of expediting the disposition of the case. No. 02 C 0691, 2002 WL 2003217, at *4 (N.D. Ill. Aug. 29, 2002) (citing *Kincaid v. City of Anchorage,* 100 F. Supp. 325, 327 (D. Alaska 1951)). Respectfully, the Court disagrees that it has discretion to disregard the literal language of the rule in favor of expediting disposition. *See Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 476 (N.D. Ill. 2019) ("the language of Rule 12(h) is unequivocal that waiver follows from the failure to join available motions as required by Rule 12(g)(2); it provides no discretion to excuse such waivers.").

Finally, the Court addresses the contention that "[a] finding that Moving Defendants should have asserted unavailable personal jurisdiction defenses contingent on dismissal of Plaintiffs' Sherman Act claim would only result in unnecessary expenses and longer filings potentially containing innumerable contingent arguments in the alternative in future cases, a result that is contrary to Rule 1, which provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (Joint Reply at 3, Dkt. 163). Rule 12(h) provides for waiver of four specific limited defenses under Rule 12(b)(2)-(5): lack of personal jurisdiction; improper venue; insufficient process; and insufficient service of process. Characterizing enforcement of a rule that

requires the assertion of those defenses when they are available as creating the potential for "innumerable contingent arguments in the alternative" is a textbook example of hyperbole.

For 17 months after the HomeServices Defendants filed their motion to dismiss for lack of personal jurisdiction, Moving Defendants failed to raise or reserve the defense for themselves, seek to amend their motion to include it, or even ask to join or adopt the HomeServices Defendants' motion. The Court's decision that Moving Defendants' failure to do so constitutes waiver is consistent with Rule 12(g)'s goal of working against piecemeal consideration of a case and Rule 1's mandate that the Rules "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). The policies underlying the Rules would also have been fulfilled if Moving Defendants had raised their objection to personal jurisdiction when it was first available, thereby avoiding unnecessary, wasteful, and duplicative briefing and rulings on the same issues.

## CONCLUSION

For all the foregoing reasons, the Court finds that the personal defense was available but omitted from Moving Defendants' earlier Rule 12 motion and therefore waived under Rule 12(h)(1). As such, the Court need not consider whether Plaintiffs have met their burden to establish personal jurisdiction over Moving Defendants. Moving Defendants' motions to dismiss for lack of personal jurisdiction are therefore denied.

**DATED**: November 22, 2024

**ENTERED**:

LaShonda A. Hunt

_____
LaShonda A. Hunt
United States District Judge

13