IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MYA BATTON, AARON BOLTON,
MICHAEL BRACE, DO YEON IRENE KIM,
ANNA JAMES, JAMES MULLIS,
THEODORE BISBICOS, and DANIEL
PARSONS, individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

THE NATIONAL ASSOCIATION OF
REALTORS, ANYWHERE REAL ESTATE,
INC. FORMERLY KNOWN AS REALOGY
HOLDINGS CORP., RE/MAX, LLC, and
KELLER WILLIAMS REALTY, INC.,

Defendants.

Case No. 1:21-cv-00430

Judge LaShonda A. Hunt

Magistrate Judge M. David Weisman

**JOINT STATUS REPORT**

Plaintiffs Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, and Daniel

Parsons ("Plaintiffs") and Defendants The National Association of Realtors, Anywhere Real

Estate, Inc., RE/MAX LLC, and Keller Williams Realty, Inc. ("Defendants"), by and through

their undersigned counsel, respectfully submit this joint status report in accordance with the

Court's February 13, 2025 Order, ECF No. 205.

I.     **Status of Discovery**

A.  **Background**

At the first status hearing following the Court's ruling on Defendants' Second Motion to

Dismiss on February 28, 2024, Plaintiffs stated their belief that the most efficient way to conduct

discovery in this case was for Defendants to produce the entire litigation record from three

1

pending cases brought by home-sellers against Defendants alleging antitrust violations based on the same NAR rules on which Plaintiffs base their antitrust and consumer fraud claims in this case, *Moehrl et al. v. National Association of Realtors et. al.*, No. 1:19-cv-01610 (N.D. Ill.); *Sitzer et al. v. National Association of Realtors et al.*, No. 4:19-cv-00332 (W.D. Mo.); and *Nosalek v. MLS Property Information Network, Inc. et al.*, No. 1:20-cv-12244 (D. Mass.). Defendants opposed and cited case law to the Court that "Courts in this district disfavor 'cloned discovery' requests seeking all documents produced or received during other litigation or investigations." *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21 C 305, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023) (citation omitted) (citing string of cases). Defendants also requested a brief stay of discovery until the Judicial Panel on Multi-District Litigation issued a ruling with respect to a request to consolidate and/or transfer this case along with other cases brought by home-sellers against different defendants. In parallel, the parties completed the final round of motion to dismiss briefing on July 1, 2024.

The Court did not set a schedule, but permitted Plaintiffs to serve RFPs directed to the prior litigation materials, acknowledging that the ultimate scope and extent of the prior litigation materials to be produced should be subject to further negotiations between the parties. *See* ECF No. 127 at 48:16-49:15, 50:11-15, 59:13-17. After the JPML issued its ruling denying the motion to consolidate cases, the Court set a discovery schedule on May 7, 2024. Party document discovery was to be substantially complete by December 20, 2024, in accordance with the Court's May 7, 2024 Order, ECF No. 155. Fact discovery is scheduled to be completed by May 2, 2026. And Plaintiffs' motion for class certification is due on June 20, 2025.

### B. Plaintiffs' Discovery

On April 19, 2024, Plaintiffs served Defendants with their First Set of Requests for

Production of Documents ("RFPs"), which sought all documents produced by Defendants (to the extent they were a party) in *Moehrl*, *Sitzer,* and *Nosalek*. These requests also sought any RFPs, interrogatories, and requests for admission served upon Defendants in *Moehrl*, *Sitzer*, and/or *Nosalek* (and responses thereto), as well as the transcripts of any depositions that occurred in those cases. Defendants served their Responses and Objections to Plaintiffs' RFPs on May 20, 2024. After the parties subsequently met and conferred, Defendants provided Plaintiffs with the RFPs served on them in those cases.

Following Plaintiffs' review of the RFPs and extensive meet and confers, by July 2, 2024, Defendants Keller Williams, NAR, and RMLLC agreed to provide the custodial documents they produced in those cases. In exchange, Plaintiffs agreed to refrain from serving additional RFPs until they had reviewed those productions, and that any future RFPs would be narrowly-tailored to fill in the gaps through limited, targeted requests that are necessary to litigate Plaintiffs' claims and take into account prior productions.[1]

In July, August, and September 2024, Defendants collectively reproduced approximately 514,000 documents. Plaintiffs began their review of those documents and then served Defendants with their Second Set of RFPs on October 21, 2024. Plaintiffs' Second Set of RFPs sought additional categories of litigation materials from the *Moehrl*, *Burnett*, and *Sitzer* cases, such as expert reports and briefs and exhibits filed under seal. Defendants served their responses and objections to Plaintiffs' Second Set of RFPs on November 20, 2024. That same day, Plaintiffs served Defendants with their Third Set of RFPs, which Plaintiffs contend are directed

---

[1] Plaintiffs and Anywhere made a more limited agreement, whereby Anywhere agreed to produce all trial exhibits, exhibits proposed for trial in final exhibit lists, summary judgment exhibits, and deposition exhibits that bear Realogy or Anywhere Bates numbers. In exchange, Plaintiffs agreed not to serve additional RFPs until they had reviewed that production. Anywhere completed its production of those materials in July 2024.

towards documents relevant for their buyer-side claims that are not encompassed by the Defendants' re-productions of documents from the seller-side *Moehrl*, *Burnett*, and *Nosalek* cases. All Defendants contend that Plaintiffs' Third Set of RFPs was untimely, and contend that they are not narrowly tailored to fill in the gaps through limited, targeted requests necessary to litigate Plaintiffs' claims. Plaintiffs' Third Set of RFPs also requested a substantial amount of data about individual home purchase transactions for purposes of their forthcoming expert reports. Defendants served their responses and objections to Plaintiffs' Third Set of RFPs on December 20, 2024.

Defendants complied with this Court's deadline for substantial completion of production of documents responsive to Plaintiffs' RFPs on or before December 20, 2024.

Plaintiffs and Defendants continued meeting and conferring in December 2024 and January 2025 over further productions by Defendants in response to Plaintiffs' RFPs. On January 22, 2025, Defendant Keller Williams produced the transactional data upon which Plaintiffs and Keller Williams agreed. On February 12, 2025, Anywhere produced the transactional data upon which Plaintiffs and Anywhere agreed. NAR has represented to Plaintiffs that it has no possession, custody, or control of any transaction-level data and did not make any productions of data in the *Moehrl*, *Burnett*, or *Nosalek* litigations. On March 13, 2025, Defendant RMLLC produced the transactional-level data upon which the parties agreed. Plaintiffs are reviewing Defendants' data productions and will meet and confer with Defendants with respect to any deficiencies.

During discussions over data productions with Defendants, and upon review of those productions, Plaintiffs and their experts determined that Defendants do not appear to maintain certain characteristics about home transactions (e.g., closing costs, square footage, number of

bedrooms and bathrooms) that might be used to ascertain the impact of real estate broker commissions on the price of the home paid by a buyer. To obtain that information, Plaintiffs began serving third-party subpoenas on February 20, 2025 on the owners of the websites Zillow.com and Realtor.com, and on 29 Multiple Listing Services or data vendors for MLSs.[2] Those subpoenas demand listing information, the MLSs' policies and procedures, and the identity of the individuals responsible for implementing and maintaining their policies and procedures. Plaintiffs are presently meeting and conferring with the third-party subpoena recipients, who have generally requested extensions until the end of April to be able to gather the requested information.

Plaintiffs and Defendants continue to meet and confer over any further productions by Defendants in response to Plaintiffs' RFPs. On February 27, 2024, Defendants informed Plaintiffs that they had a proposal with respect to materials filed under seal in *Moehrl*, *Burnett*, and *Nosalek* once NAR's new counsel has had a chance to review the materials. As of the date of this filing, Plaintiffs have not received that proposal. In the event the parties are unable to reach an agreement, Plaintiffs intend to file a motion to unseal relevant documents in those cases. The parties also have not reached an agreement concerning the production of Defendants' prior expert reports and expert deposition transcripts. The parties appear to have reached an agreement concerning Interrogatories and Requests for Admissions served on Defendants in these other cases and their responses thereto, pending resolution of the other outstanding negotiations.

With respect to prior fact deposition transcripts of Defendants' employees, agents,

---

[2] The 29 MLSs and data vendors constitute MLSs and certain of their data vendors upon which homes purchased by the Plaintiffs were listed, as well as home purchased by the plaintiffs to be added in Plaintiffs' proposed Second Amended Complaint. Plaintiffs' Motion to Amend the current complaint to add 24 new named plaintiffs in addition to the current 5 named Plaintiffs remains pending.

franchisees, or independent contractors, the parties have not yet reached an agreement.[3] In the event the parties remain unable to reach an agreement, Plaintiffs will begin noticing depositions of all relevant witnesses shortly.

### C. Defendants' Discovery

On October 7, 2024, Defendant NAR served Plaintiffs with its First Set of RFPs. The parties then met and conferred over those RFPs, including the applicable search terms and protocols. Plaintiffs have produced approximately 8,500 documents from four of the five currently operative named Plaintiffs whose claims have not been stayed. It is Plaintiffs' position that they have substantially completed their production. Defendants are reviewing the production and will meet and confer with Plaintiffs with respect to any deficiencies.

## II. Settlement Discussions

Settlement discussions between Plaintiffs and one Defendant have occurred. To date, no other substantive settlement discussions have taken place.

---

[3] Plaintiffs have also filed a motion seeking the production of these deposition transcripts of these Defendants from HomeServices of America, which is no longer a party to this case, but is the defendant (in addition to Douglas Elliman) in another case currently pending in the Southern District of Florida captioned *Lutz v. HomeServices of America, Inc.*

**Counsel for Plaintiffs and the Proposed Class**

*/s/ Randall P. Ewing, Jr.*
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: 312.641.9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel: 314.241.4844
sberezney@koreintillery.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Noelle Forde (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: 914.997.0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

**Counsel for Defendant RE/MAX, LLC**

*/s/ Jeff LeVee*
Jeffrey A. LeVee (*pro hac vice*)
**JONES DAY**
555 Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: 213.489.3939
Fax: 213.243.2539
jlevee@jonesday.com

Eddie Hasdoo (ARDC #6317518)
**JONES DAY**
110 N. Wacker Drive,
Suite 4800
Chicago, IL 60606
Tel: 312.782.3939
Fax: 312.782.8585
ehasdoo@jonesday.com

**Counsel for Defendant Anywhere Real Estate Inc.**

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard (ARDC #6201479)
Jason L. Chrestionson (ARDC #6326714)
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Tel: 312.324.1000
Fax: 312.324.1001
kenneth.kliebard@morganlewis.com
jason.chrestionson@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

*Counsel for Defendant National Association of REALTORS®*

*/s/ Leonard Gail*
Leonard A. Gail (Ill. Bar #6199745)
Suyash Agrawal (Ill. Bar #6308343)
Brigid M. Carmichael (Ill. Bar #6343307)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, IL 60602
Tel: 312.283.1590
lgail@masseygail.com
sagrawal@masseygail.com
bcarmichael@masseygail.com

Matthew M. Collette
"Kylie" Chiseul Kim
**MASSEY & GAIL LLP**
1000 Maine Avenue SW, Suite 450
Washington, DC 20024
Tel: 202.652.4511
mcollette@masseygail.com
kkim@masseygail.com

Michael Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: 202.538.8225
mikebonanno@quinnemanuel.com

Jack R. Bierig (ARDC #0207039)
Adam J. Diederich (ARDC #6305743)
**ARENT FOX SCHIFF, LLP**
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: 312.258.5500
jack.bierig@afslaw.com
adam.diederich@afslaw.com

*Counsel for Defendant Keller Williams Realty, Inc.*

*/s/ Timothy Ray*
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
timothy.ray@hklaw.com

David C. Kully (*pro hac vice*)
Anna P. Hayes (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th Street NW, Suite 1100
Washington, DC 20530
Tel: 202.469.5415
david.kully@hklaw.com
anna.hayes@hklaw.com

Boris Bershteyn (*pro hac vice application forthcoming*)
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West
New York, NY 10001
Tel: 212.735.3834
Fax: 917.777.3834
boris.bershteyn@skadden.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2025, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: March 14, 2025

*/s/ Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.
