IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No. 21 C 430 <br><br> Hon. LaShonda A. Hunt |

**ORDER**

This matter is before the Court on Plaintiffs' motion for leave to file a second amended complaint [186]. For the reasons set forth below and stated on the record on February 13, 2025, Plaintiffs' motion is denied.

Before addressing the substance of the request, the Court must determine whether Rule 15 or 16 applies. Based on the history of this case, the Court concludes that Rule 16's "good cause" standard governs. This case was filed over four years ago on January 25, 2021. After the Court granted Defendants' motion to dismiss the original complaint, Plaintiff was granted leave to file an amended complaint by July 6, 2022. Plaintiffs amended, Defendants moved to dismiss again, and the Court denied their motion, allowing Plaintiffs' amended complaint to proceed. Following that ruling, Plaintiffs stated at the February 28, 2024 status hearing that there would be no amendment in this case and pushed to move forward with a case schedule, answers, and discovery. The Court subsequently entered an order on May 7, 2024, setting appropriate deadlines and advancing the case forward into discovery. The scheduling order did not include a deadline for amendments to the pleadings, presumably because the complaint had already been amended and counsel stated that there would be no further amendments. As a result, the Court's May 7, 2024 order was a scheduling order within the meaning of Rule 16 that cannot be modified except for good cause shown. The case history shows that there was no need to include a deadline to amend pleading at that time because a deadline had previously been set (July 6, 2022) and everyone (including Plaintiffs) understood that further amendments were not anticipated.

In deciding whether a party has shown good cause to modify a scheduling order under Rule 16, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Courts also consider whether the

proposed amendment would be futile or prejudicial to the defendants. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.,* 800 F.3d 343, 357-358 (7th Cir. 2015).

Plaintiffs' motion for leave to file a second amended complaint contemplates the addition of several new state antitrust and consumer protection claims and 24 new plaintiffs. As discussed at the February 13, 2025 hearing, the additional state law claims will not be allowed because of Plaintiffs' delay in making the request, the prejudicial effect of the timing and scope of the amendments on Defendants, the discovery process, and the overall progress of the case, and the absence of any real hardship to Plaintiffs if the claims are not added. With respect to the 24 new proposed plaintiffs, the Court has the same concerns regarding delay and prejudice due to timing and scope. In addition, Plaintiffs' stated reasons for needing to add the new plaintiffs are speculative and contingent on arguments that Plaintiffs anticipate Defendants will make at the class certification stage regarding the ability of class representatives to advance state-law claims for states in which they did not purchase a home and the impact of settlements in other cases on this case. Rather than permit Plaintiffs to amend to add more Plaintiffs now and potentially complicate discovery and delay the class certification schedule, it is more appropriate to address the issue in connection with or following class certification. At that time, the scope of Plaintiffs' case will be clarified and the need to add new plaintiffs will no longer be speculative or contingent. Because these reasons are sufficient to deny Plaintiffs' request, the Court need not reach the issue of futility at this time.

Accordingly, Plaintiffs' motion is denied without prejudice to their ability to seek an amendment to add plaintiffs at an appropriate time.

**DATED**: May 7, 2025                **ENTERED**:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge