IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>    Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

## PLAINTIFFS' PARTIALLY UNOPPOSED MOTION TO AMEND THE CASE SCHEDULE

Plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, James Mullis, Theodore Bisbicos, and Daniel Parsons (collectively, "Plaintiffs")[1] respectfully ask the Court to amend the current case schedule (Doc. 155) by extending the deadlines related to class certification, expert reports, and *Daubert* briefing by three months. This is Plaintiffs' first motion to extend these deadlines and their second motion to amend the case schedule. *See* Doc. 189. The National Association of Realtors ("NAR") and Keller Williams Realty, Inc. ("Keller Williams") have stated that they do not oppose Plaintiffs' request. Defendants RE/MAX

---

[1] Claims by Plaintiffs Mya Batton, James Mullis, and Theodore Bisbicos against Defendants Anywhere, RMLLC, and Keller Williams are currently stayed. *See* Doc. 180.

LLC ("RMLLC") and Anywhere Real Estate, Inc. formerly known as Realogy Holdings Corp. ("Anywhere" and, together with NAR, Keller Williams, and RMLLC, "Defendants"), have stated that they oppose this motion and would only agree to a one-month extension. Having met and conferred, the parties jointly propose that RMLLC's and Anywhere's oppositions be filed by May 28, 2025, and that Plaintiffs' reply be filed by June 4, 2025.

## INTRODUCTION

Good cause exists for the requested three-month extension. First, Plaintiffs require additional time to obtain, aggregate, and analyze large amounts of data from third parties that Defendants do not maintain for Plaintiffs' economic analysis. Second, Plaintiffs require additional time to obtain, review, and put to use documents from related seller litigations, the productions of which Plaintiffs have painstakingly negotiated with Defendants and about which the parties reached agreement just last week. The extension will not prejudice Defendants, who have not yet noticed or taken any depositions. The September 20, 2025 date Plaintiffs request herein to file their class certification motion and related expert reports remains earlier than the date Defendants themselves initially urged this Court to set.

First, Plaintiffs have undertaken substantial efforts over the past six months to acquire the data necessary for their experts to provide their opinions with respect to the large number of Multiple Listing Services and home transactions at issue in this case. As with the seller-side cases—in which the courts granted 15-25 months between entry of a discovery schedule and the dates on which class certification motions were due—Plaintiffs' requested extension for a total of 16 months between the entry of a discovery schedule in May 2024 and the requested September 2025 date for their class certification brief appropriately reflects the complexity and scope of this case. While Plaintiffs' motion presents a similar timeline as the seller-side cases,

Plaintiffs' claims actually involve substantially more MLSs and home transactions than the seller-side cases did, and also require the additional analysis of modeling the extent to which the anticompetitive commissions paid in the first instance by home sellers impacted prices paid by home purchasers. Plaintiffs have been diligent in obtaining the discovery needed for this complex nationwide case.

Second, in an effort to streamline discovery and eliminate discovery disputes, Plaintiffs have spent several months negotiating with Defendants over the production of documents, interrogatories, deposition transcripts, and expert materials from recently completed cases brought by home sellers prior to taking depositions in this case, as this Court had repeatedly suggested. *See*, *e.g.*, Ewing Decl. Ex. A, Oct. 8, 2024 Hr'g Tr. at 30:24-31:2 (The Court: "I will encourage the parties, just for efficiency's sake, because there is so much discovery already out there, to try to take advantage of that. Let's not recreate the wheel. If it's available and can be used, then do that."). The parties have recently reached agreement on the vast majority of discovery disputes. This plan, which includes the production of deposition transcripts, sealed briefs, interrogatories, and responses to requests for admissions from the seller cases and targeted document productions, will substantially minimize the judicial and party resources required to complete discovery in this case moving forward. For example, seller plaintiffs took at least 82 depositions. The parties' agreement will save the vast majority of those witnesses from being re-deposed, and any who are re-deposed will be deposed for a substantially shorter amount of time.

Now, having negotiated substantial efficiencies, Plaintiffs require three additional months of time to use the information they have recently received and will continue to receive from Defendants. Having put forth significant effort and time negotiating for prior discovery to make

3

this litigation more efficient, it would make little sense not to give Plaintiffs the time necessary to actually make meaningful use of that discovery.

No Defendant will be prejudiced by the requested extension. The most recent motion to dismiss was just resolved on November 22, 2024. Defendants have not noticed any depositions and are still reviewing and discussing Plaintiffs' document productions. Indeed, Defendants themselves initially advocated for Plaintiffs to file their class certification brief in November 2025. And even those Defendants that did not agree to the requested three-month extension were willing to agree to additional time for Plaintiffs to review and use the recently agreed-to productions.

Because this is the first motion to extend the class certification deadline, because Plaintiffs have been diligent in advancing discovery and have made significant strides in achieving meaningful discovery efficiencies, and because no Defendant will suffer prejudice, Plaintiffs respectfully ask that the Court grant a three-month extension of the remaining deadlines in the case schedule.

## BACKGROUND

Plaintiffs brought this case on behalf of homebuyers alleging antitrust violations concerning the implementation of certain NAR Rules shortly after three other cases were brought on behalf of home sellers based on the same NAR Rules: *Moehrl et al. v. National Association of Realtors et. al.*, No. 1:19-cv-01610 (N.D. Ill.); *Sitzer et al. v. National Association of Realtors et al.*, No. 4:19-cv-00332 (W.D. Mo.); and *Nosalek et al. v. MLS Prop. Inf. Net., et al.*, 1:20-cv-12244 (D. Mass.). The *Sitzer* case involved seven MLSs in Missouri, the *Moehrl* case involved 20 MLSs throughout the country, and the *Nosalek* case involved one MLS. In *Moehrl* and *Sitzer*, the courts permitted 15 and 25 months from the start of discovery to class certification. *See*

*Moehrl*, ECF No. 196, November 7, 2020 Scheduling Order; *Moehrl*, ECF No. 278, Amended Scheduling Order (setting Feb. 23, 2022 date for class certification); *Sitzer*, ECF No. 144, October 23, 2019 Scheduling Order; *Sitzer*, ECF No. 543, Fourth Amended Scheduling Order (setting November 12, 2021 date for class certification).

In contrast, this case was brought on behalf of homebuyers alleging misconduct with respect to most of the MLSs in the country, and Plaintiffs' theory of harm is based on the pass-through of anticompetitive commissions to homebuyers through higher home prices. Ewing Decl. at ¶ 2. While this case was filed in January 2021, the Court declined to begin discovery until resolving Defendants' motions to dismiss, which the Court did on February 20, 2024. In the interim, this case had been identified by some of the Defendants in a motion to consolidate and/or transfer the case with the home-seller cases in a motion before the Judicial Panel of Multidistrict Litigation.

At the first status hearing following the Court's ruling on the motion to dismiss on February 28, 2024, Plaintiffs stated their belief that the most efficient way to conduct discovery was for Defendants to immediately produce the entire record from the home-seller cases, and Plaintiffs proposed that their class certification brief be due 15 months thereafter. ECF No. 126 at 6. Defendants, in turn, asked that discovery be stayed until the JPML issued a ruling. Defendants urged the Court, if it did not stay discovery, to set a November 3, 2025 date for Plaintiffs' class certification brief and expert reports. ECF No. 126 at 13.

The Court did not set a case schedule at that time, but allowed Plaintiffs to serve RFPs directed to the prior litigation materials from *Moehrl*, *Sitzer*, and *Nosalek*, acknowledging that the ultimate scope and extent of the materials to be produced should be subject to further negotiations between the parties. *See* ECF No. 127, Feb. 28, 2024 Hr'g Tr. at 48-50, 59. After

the JPML issued its opinion denying the motion to consolidate or transfer this case to another jurisdiction, Judge Wood set the current schedule in this case on May 7, 2024. ECF No. 155.

On April 19, 2024, Plaintiffs served their First Set of RFPs, which sought all documents produced by Defendants (to the extent they were a party) in *Moehrl*, *Sitzer*, and *Nosalek*. Ewing Decl. at ¶ 3. These requests also sought any RFPs, interrogatories, or requests for admission served upon Defendants in those cases (and responses thereto), as well as the transcripts of any depositions that occurred in those actions. Ewing Decl. at ¶ 4. Following extensive discussions between the parties, Defendants ultimately agreed to provide Plaintiffs with the RFPs served on them. Ewing Decl. at ¶ 5.

After production of those RFPs and further meetings between the parties, in June and July 2024 Defendants NAR, RMLLC, and Keller Williams agreed to provide the custodial documents they had produced in the three seller-side cases. In return, Defendants required that Plaintiffs not serve additional RFPs calling for custodial documents until they had reviewed those productions, and that any future RFPs would be narrowly tailored to fill in the gaps through limited, targeted requests necessary to litigate Plaintiffs' claims.[2] ECF No. 165 at 2.

From June to August 2024, Defendants collectively reproduced around 515,000 documents, which Plaintiffs then started reviewing in accordance with the parties' agreements. Ewing Decl. at ¶ 6. In September 2024, Plaintiffs then requested that Defendants produce the transaction-level data that Defendants produced in *Moehrl*, *Sitzer*, and *Nosalek*, as well as the expert reports and expert deposition transcripts from those cases. Ewing Decl. at ¶ 7. With

---

[2] Plaintiffs and Defendant Anywhere made a more limited agreement, whereby Anywhere agreed to produce all trial exhibits, exhibits proposed for trial in final exhibit lists, summary judgment exhibits, and deposition exhibits that bear Realogy or Anywhere Bates numbers. In exchange, Plaintiffs agreed not to serve additional RFPs until they had reviewed the produced documents.

respect to expert reports and deposition transcripts, Defendants maintained that Plaintiffs needed to issue new RFPs. Ewing Decl. at ¶ 8. With respect to transaction data, the parties met and conferred in September and October 2024, with some Defendants (e.g., RMLLC) demanding that Plaintiffs first provide a comprehensive account of all their data requests before they would agree to make any productions of transaction data. Ewing Decl. at ¶ 9.

  This case was then reassigned to Your Honor and a status hearing set for October 8, 2024. The Court adopted the deadlines in the case schedule set by Judge Wood so that the parties had "a goal to work towards," but expressed openness to addressing "anything that needs to be changed" in the schedule moving forward. *See* Ewing Decl. Ex. A, Oct. 8, 2024 Hr'g Tr. at 34; Doc. 179 (Order formally adopting Judge Wood's case schedule). As stated earlier, the Court also noted that the parties should be mindful of existing discovery and proceed with discovery in a manner that could, where possible, conserve judicial and party resources. *See id.* at 30-31.

  Plaintiffs then served their Second Set of RFPs on October 21, 2024, seeking additional categories of litigation materials from *Moehrl* and *Sitzer*, such as expert reports and certain briefs and exhibits filed under seal. Ewing Decl. at ¶ 10. And on November 20, 2024, Plaintiffs served their Third Set of RFPs, seeking documents not already covered by Defendants' reproductions from the three seller-side cases (because of differences in the class period and analyzing harm to homebuyers from the conspiracy instead of harm to home sellers). Ewing Decl. at ¶ 11. These RFPs also asked for a substantial amount of transaction-level data on individual home purchases for Plaintiffs' experts to analyze. Ewing Decl. at ¶ 12. Except for the requests for transaction data, Defendants refused to produce any documents, claiming Plaintiffs' Third Set of RFPs was untimely.

The parties then met and conferred from November 2024 to February 2025 over these RFPs. Ewing Decl. at ¶ 13. Plaintiffs ultimately reached an agreement with Defendants Anywhere, RMLLC, and Keller Williams concerning the production of transaction-level data,[3] with those Defendants producing the majority of the requested data from January to March 2025. Ewing Decl. at ¶ 14.

Based on a review of some of these data productions and discussions with Defendants, Plaintiffs and their experts determined that Defendants apparently do not maintain certain characteristics about homes and their sales (e.g., closing costs, square footage, number of rooms, and offered broker commissions) that might be used in an economic model to ascertain the extent of anticompetitive broker commissions and their impact on home prices paid by buyers. Ewing Decl. at ¶ 15. For this reason, at the last status conference on February 13, 2025, Plaintiffs indicated a likely need to extend the upcoming deadlines related to class certification because of the outstanding data requests and the time required to analyze the relevant data for purposes of class certification, to which no Defendant stated that it would be prejudiced. *See* Ewing Decl. Ex. B, Feb. 13, 2025 Hr'g Tr. at 7-9.

To obtain this information, Plaintiffs began serving third-party subpoenas on February 20, 2025 and negotiating with certain third-party data vendors. Ewing Decl. at ¶ 16. Subpoenas have since been served on the owners of the websites Zillow.com and Realtor.com, as well as on 37 different MLSs and/or their data vendors. Ewing Decl. at ¶ 17. The subpoenas request listing data, the subpoenaed party's policies and procedures, and the identity of any individuals responsible for implementing or maintaining those policies and procedures. Ewing Decl. at ¶ 18.

---

[3] Defendant NAR has represented that it does not have possession, custody, or control of such data and that it did not make any productions of data in *Moehrl*, *Sitzer*, or *Nosalek*.

Plaintiffs' counsel has been meeting and conferring with counsel for all the subpoenaed parties, who have generally requested extensions until late May to gather the requested information. Ewing Decl. at ¶ 19. At the time of filing this motion, Plaintiffs have obtained the majority of the home characteristic information that they need, and they anticipate obtaining the remainder of the data from these third parties by the end of May. Ewing Decl. at ¶ 29. Afterwards, Plaintiffs' experts will be required to spend many weeks aggregating the data from different data sources and standardizing it to provide expert opinions in this case. Ewing Decl. at ¶ 29.

In the meantime, the parties continued to meet and confer over Plaintiffs' RFPs in an attempt to reconcile their differences. Ewing Decl. at ¶ 21. So as to save the time and resources of the parties and the Court, Plaintiffs were particularly focused on their discovery requests directed towards deposition transcripts of prior fact witnesses, interrogatory responses, responses to requests for admission, and sealed class certification and summary judgment filings to streamline depositions in this case. By February 25, 2025, Plaintiffs provided a compromise proposal with respect to certain prior litigation materials and discovery limits in this case, and declared that the parties appeared to be at an impasse on the remainder of the RFPs. Ewing Decl. at ¶ 22. In response, each Defendant requested that Plaintiffs continue to meet rather than file a motion to compel with the Court at that time. Ewing Decl. at ¶ 23. Plaintiffs acquiesced, continued meeting and conferring with Defendants and, at Defendants' request, provided a compromise offer on March 31, 2025 for Defendants to satisfy the remaining requests for productions without having to engage in custodial document collection or significant document review. Ewing Decl. at ¶ 24. The parties then met and conferred several times in April 2025, with all parties having reached agreement on all outstanding issues by May 8, 2025. Ewing Decl. at ¶ 25.

Per the parties' recent discovery deal, Defendants agreed to produce deposition transcripts of its agents in the seller cases (82 total) with Plaintiffs agreeing to take no more than five depositions from each Defendant in this case[4] and that any deposition of a person previously deposed would be limited to three hours; to provide their responses to Requests for Admissions, responses to Interrogatories, and sealed class certification and summary judgment materials so long as any Interrogatories accepted by Plaintiffs count towards Interrogatory limits in this case and that anything expert-related would not be produced until after Plaintiffs submit their class-certification expert reports; and to produce certain documents called for in Plaintiffs' Third RFP and run some limited searches for additional documents. Ewing Decl. at ¶ 26. As of the day this motion is filed, Plaintiffs have received some but not all of the materials that Defendants have agreed to produce. Ewing Decl. at ¶ 27. To-date, Plaintiffs have engaged in dozens of conferences with Defendants and third-parties in a staggered manner to obtain the discovery needed to litigate this complex antitrust case in an efficient manner that minimizes party and judicial resources. Ewing Decl. at ¶ 28.

Under the current case schedule, Plaintiffs' class certification motion and supporting expert reports are due by June 20, 2025. As of this filing, no trial date has been set for this case.

## ARGUMENT

Plaintiffs demonstrate "good cause" under Fed. R. Civ. P. 16 to extend the class certification deadlines. First, it was not until Defendants produced their transaction data in the beginning of 2025 that Plaintiffs and their experts discovered certain data was not maintained by Defendants, necessitating dozens of third-party subpoenas and the purchase of a large dataset

---

[4] Plaintiffs and Keller Williams agreed that this number could reach six depositions if Keller Williams put Gary Keller on its trial witness list.

10

from a third-party vendor. As with Defendants' productions, Plaintiffs proceeded efficiently by first subpoenaing third-party aggregators where they could potentially get all the data from one source (as the MLSs requested) and engaging in multiple meet-and-confer sessions with them. Based on their refusal to produce so far and the incomplete nature of their databases, Plaintiffs then proceeded to obtain some of the necessary data by purchasing datasets from third-party vendors and engaging in meet-and-confer sessions with more than 20 MLSs to obtain the unavailable information. Plaintiffs proceeded in this staggered manner in order to identify a means of obtaining all the necessary data from multiple sources with as little a burden on third parties as possible. Plaintiffs have obtained a large portion of the data they need just this week, and they anticipate obtaining the remaining data they need by the end of May 2025, after which Plaintiffs' experts need roughly four months to aggregate the data, standardize it, address any deficiencies in it, analyze it, and prepare a report based on it. Ewing Decl. ¶ 29.

Second, Plaintiffs require additional time because discovery in this case has been intentionally staggered to make the process as efficient as possible with respect to judicial and party resources. Under this approach, Plaintiffs have successfully obtained significant discovery with minimal resource expenditure or the need to present disputes to the Court. This includes reproductions of Defendants' custodial document productions in the *Moehrl*, *Sitzer*, and *Nosalek* cases, substantial data productions, a recent agreement with respect to prior Interrogatories and responses to requests for admission for use in this case, the production of expert reports and expert deposition transcripts from the seller-side cases based on the expert disclosure schedule in this case, the production of sealed class certification and summary judgment briefing from those prior cases, and the production of 82 transcripts of depositions of Defendants' agents alongside deposition limits in this case.

11

While Plaintiffs have obtained this result without having to present a single motion to compel to the Court, they had to conduct numerous meet-and-confer sessions with Defendants over several months, and they now require a brief extension of time in order to be able to actually use the information they have obtained. Had Plaintiffs begun depositions before reaching agreement on these outstanding issues, the parties would have most likely been unable to compromise on the remaining issues and more depositions would be necessary (to say nothing of the potential need for re-depositions in the event of post-deposition document productions following a possible motion to compel). As the correspondence demonstrates, Plaintiffs aggressively moved these discussions forward, and by February 2025 Plaintiffs had obtained partial compromise on many issues and declared an apparent impasse on the remaining issues. It was only because Defendants requested further meet-and-confers that it took until May 8, 2025 to secure agreements on all outstanding issues. Had Plaintiffs proceeded otherwise, the result would have likely been multiple motions to compel for this Court to resolve and lengthier extensions of the case schedule. These supplemental productions are forthcoming and not yet complete, and Plaintiffs need a reasonable amount of time to review them and complete depositions before submitting their motion for class certification.

Good cause for an extension of the class certification deadline exists because Plaintiffs have been diligent in obtaining substantial discovery and because no Defendant will be prejudiced by a three-month extension of the schedule. *See*, *e.g.*, *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 802 (N.D. Ill. 2021) (granting motion to modify case schedule where the plaintiff "acted with adequate diligence"); *Krukowski v. Omicron Techn., Inc.*, No. 10 CV 5282, 2012 WL 3841491, at *4 (N.D. Ill. Aug. 29, 2012) (granting motion to extend case schedule where "it

does not appear that either party was attempting to purposefully delay these proceedings or delayed discovery requests to gain a tactical advantage").

The amount of time Plaintiffs are requesting in total to complete discovery before filing their class certification brief is equal to or shorter than what the courts permitted in the seller-side cases, even though Plaintiffs' claims are more economically complex, more data-intensive, and broader in geographical scope than those cases. Moreover, the schedule that Plaintiffs request in this motion is substantially shorter than is routine in other complex antitrust actions in this District. *See*, *e.g.*, *In re Delta Dental Antitrust Litig.*, 1:19-cv-06734 (N.D. Ill.), ECF No. 306, Sept. 11, 2020 Scheduling Order (beginning discovery), and ECF No. 463, Second Amended Scheduling Order (setting Oct. 19, 2023 date for class certification); *In re Local TV Advertising Antitrust Litig.*, 18-cv-06785 (N.D. Ill.), ECF No. 436, Jan. 19, 2021 Scheduling Order, and ECF No. 844, Oct. 20, 2022 Minute Order (setting May 1, 2023 date for class certification); *Dealer Management Systems Antitrust Litig.*, 18-cv-864 (N.D. Ill.), ECF No. 43, March 12, 2018 Minute Entry (setting initial discovery schedule), and ECF No. 1414, Sept. 29, 2023 Minute Order (setting Nov. 21, 2023 date for class certification).

Nor would any Defendant be prejudiced by a three-month extension of these deadlines. NAR and Keller Williams do not oppose a three-month extension. Anywhere and RE/MAX, oppose anything more than a one-month extension, but have not identified any prejudice either when asked or in open court. *See* Ewing Decl. Ex. B, Feb. 13, 2025 Hr'g Tr. at 7-9 (during which Plaintiffs indicated the likelihood of needing to extend the class certification deadlines and no Defendant stated that it would suffer or even feared prejudice). Notably, Defendants themselves initially advocated for Plaintiffs to file their class certification brief in November 2025 in the event the Court did not further stay discovery pending a JPML resolution. ECF No. 126 at 13.

While Plaintiffs hoped to complete the discovery necessary in this case earlier based on prompt reproductions of discovery from the seller-side cases, gaps in Defendants' data and Defendants' discovery positions rendered that impossible. RMLLC and Anywhere cannot reasonably complain that a September 2025 date for Plaintiffs' class certification brief prejudices them or reflects a lack of diligence on Plaintiffs part when they previously believed a November 2025 date was appropriate in this case for Plaintiffs' class certification brief, particularly when they could have easily produced the requested information much earlier than they did.

Plaintiffs propose amending the case schedule (Doc. 155) as follows:

- **September 19, 2025** [from June 20, 2025] for Plaintiffs to file their motion for class certification and to serve their supporting expert reports;

- **December 19, 2025** [from September 19, 2025] for Defendants to file their responses to the class certification motion, to file any *Daubert* motions seeking to exclude Plaintiffs' experts, and to serve Defendants' own expert reports;

- **February 18, 2026** [from November 19, 2025] for Plaintiffs to file their reply in support of class certification, to file any *Daubert* motions to exclude Defendants' expert, to file their responses to Defendants' *Daubert* motions, and to serve Plaintiffs' rebuttal expert reports;

- **April 20, 2026** [from January 19, 2026] for Defendants to file their replies in support of their *Daubert* motions and to file their responses to Plaintiffs' *Daubert* motions;

- **May 21, 2026** [from February 19, 2026] for Plaintiffs to file their replies in support of their *Daubert* motions; and

- **July 31, 2026** [from May 2, 2026] for the completion of fact discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court enter an order amending the case schedule and, as proposed above, extend the deadlines related to class certification, expert reports, and *Daubert* briefing.

Respectfully submitted,

Dated: May 14, 2025

/s/ *Randall P. Ewing, Jr.*
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com

Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Noelle Forde (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notification of the same to all counsel of record in this matter.

 /s/ *Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.
