IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT**

Plaintiffs Aaron Bolton, Michael Brace, Do Yeon Irene Kim, Anna James, and Daniel Parsons ("Plaintiffs") and Defendants The National Association of Realtors, Anywhere Real Estate Inc., RE/MAX LLC, and Keller Williams Realty, Inc. ("Defendants"), by and through their undersigned counsel, respectfully submit this status report pursuant to the Court's May **7**, 2025 Order, ECF No. 213. As discussed below, there are no current disputes for the Court to resolve.

##### I.     Status of Discovery

As described in prior status reports and motions, the parties have reached agreement on a large number of discovery issues within the past six weeks, including the extent and timing of materials to be produced from similar lawsuits. Although Defendants contend that Plaintiffs'

most recent document requests were untimely, most Defendants have now produced the agreed materials (e.g., documents produced in those litigations, deposition transcripts and exhibits, responses to Requests for Admission, Interrogatories served upon them, and unredacted docket filings) from prior litigation brought by home sellers alleging antitrust violations based on the same NAR rules: *Moehrl, et al. v. National Association of Realtors, et. al.*, No. 1:19-cv-01610 (N.D. Ill.); *Sitzer, et al. v. National Association of Realtors, et al.*, No. 4:19-cv-00332 (W.D. Mo.); and *Nosalek, et al. v. MLS Prop. Inf. Net., et al.*, No. 1:20-cv-12244 (D. Mass.). Those productions were the subject of extensive negotiation between the parties and staggered productions over the past year. In return, Plaintiffs agreed to certain deposition and interrogatory limits in this case. The parties also negotiated and reached agreement on further document productions that Plaintiffs requested to address issues unique to their buyer-side claim. Most of the agreed-upon productions have been made in the past few weeks. While Plaintiffs have not yet commenced deposition discovery, Plaintiffs are currently reviewing the transcripts and will begin to take limited depositions over the next two months in order to address issues unique to this case.

Defendants have propounded document requests on Plaintiffs that were the subject of negotiation between the parties. Plaintiffs substantially completed production in December 2024. In the interest of cooperation, Plaintiffs agreed to produce additional documents in response to Defendants' requests. Plaintiffs are continuing efforts to satisfy those commitments and expect to have largely completed any supplemental productions in the next three weeks.

In order to obtain data necessary for their experts and their forthcoming expert reports, Plaintiffs are currently engaged in discussions with more than 50 third parties. In order to determine how commissions or other comparable transaction fees impact the prices of homes

paid by homebuyers, Plaintiffs requested data from Defendants on specific home transactions that include (1) the characteristics of homes sold (e.g., square footage, number of bedrooms and bathrooms, and closing costs) during the class period and (2) offered buyer-broker commission rates. After being informed by Defendants that they do not maintain home characteristic information, Plaintiffs purchased a large dataset derived from public records. Plaintiffs are actively engaged in the cumbersome process of understanding, structuring, and organizing that data for 32 different states for purposes of their experts' analyses.

With respect to broker commission rates, Defendants do not possess such data beyond transactions in which their agents were involved (or none at all, in the case of NAR).

To obtain the necessary data for transactions not involving agents associated with Defendants, Plaintiffs served subpoenas on third-party aggregators of MLS listings such as the operators of the websites Zillow.com and Realtor.com in February 2025. The owners of Realtor.com stated that they do not maintain historical data. Plaintiffs engaged in multiple meet-and-confers with Zillow over a period of two months to understand their data systems and to narrow their requests. Despite their narrowed requests and extensive discussion, Zillow finally stated its position that it will not produce anything with respect to MLS listings no matter the extent to which Plaintiffs narrow their request.

From February 18, 2025 through May 29, 2025, Plaintiffs served approximately 59 Rule 45 subpoenas on MLSs (including 22 subpoenas on May 29, 2025). Plaintiffs have had dozens of meet-and-confers with MLSs in the past two months, and are continuing to do so, to understand their data organization and to identify the most useful fields and the most efficient and least burdensome means of producing it. As communicated to Plaintiffs, one particular complication is that because of NAR rule changes last year, many if not all MLSs removed commission fields

from their databases and now have to create a custom database to export the data to Plaintiffs, increasing the time required for them to make their productions. Plaintiffs have been informed they will receive the necessary data from most MLSs in the next 1-4 weeks. Plaintiffs' experts will thereafter have to aggregate and organize this large volume of data from disparate sources before they can analyze it in conjunction with the home characteristic and transaction dataset that they purchased. Another unexpected complication is that defendants in a related case involving Plaintiffs sent their own third-party subpoenas to these MLS, and several MLSs will not produce data based on Plaintiffs' compromises unless those defendants request the same data.[1] Plaintiffs and those defendants are meeting this week in an attempt to expedite the production of this data.

## II.    Disputes for the Court to Resolve

At present, there are no discovery disputes to resolve. The only discovery disputes Plaintiffs presently anticipate is a potential motion to compel a small number of MLSs to produce their listing data.

## III.    Status of Settlement Discussions

Plaintiffs have and are pursuing settlement efforts with Defendants.

---

[1] This Court dismissed HomeServices of America, Inc. for lack of personal jurisdiction, after which Plaintiffs sued them in the Southern District of Florida.

*Counsel for Plaintiffs and the Proposed Class*

/s/ Randall P. Ewing, Jr.
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: 312.641.9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel: 314.241.4844
sberezney@koreintillery.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Noelle Forde (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: 914.997.0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

*Counsel for Defendant RE/MAX, LLC*

/s/ Jeff LeVee
Jeffrey A. LeVee (*pro hac vice*)
**JONES DAY**
555 Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: 213.489.3939
Fax: 213.243.2539
jlevee@jonesday.com

Eddie Hasdoo (ARDC #6317518)
**JONES DAY**
110 N. Wacker Drive,
Suite 4800
Chicago, IL 60606
Tel: 312.782.3939
Fax: 312.782.8585
ehasdoo@jonesday.com

*Counsel for Defendant Anywhere Real Estate Inc.*

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard (ARDC #6201479)
Jason L. Chrestionson (ARDC #6326714)
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Tel: 312.324.1000
Fax: 312.324.1001
kenneth.kliebard@morganlewis.com
jason.chrestionson@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

William McEnroe (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
William.mcenroe@morganlewis.com

William S.D. Cravens (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.373.6083
Fax: 202.739.3001
William.cravens@morganlewis.com

***Counsel for Defendant National Association of REALTORS®***

*/s/ Leonard Gail*
Leonard A. Gail (Ill. Bar #6199745)
Suyash Agrawal (Ill. Bar #6308343)
Brigid M. Carmichael (Ill. Bar #6343307)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, IL 60602
Tel: 312.283.1590
lgail@masseygail.com
sagrawal@masseygail.com
bcarmichael@masseygail.com

Matthew M. Collette
"Kylie" Chiseul Kim
**MASSEY & GAIL LLP**
1000 Maine Avenue SW, Suite 450
Washington, DC 20024
Tel: 202.652.4511
mcollette@masseygail.com
kkim@masseygail.com

Michael Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: 202.538.8225
mikebonanno@quinnemanuel.com

***Counsel for Defendant Keller Williams Realty, Inc.***

*/s/ Timothy Ray*
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
timothy.ray@hklaw.com

David C. Kully (*pro hac vice*)
Anna P. Hayes (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th Street NW, Suite 1100
Washington, DC 20530
Tel: 202.469.5415
david.kully@hklaw.com
anna.hayes@hklaw.com

Boris Bershteyn
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West
New York, NY 10001
Tel: 212.735.3834
Fax: 917.777.3834
boris.bershteyn@skadden.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

Dated: June 4, 2025

*/s/ Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.