IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE INC. (f/k/a REALOGY HOLDINGS CORP.), RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

## DEFENDANTS' UNOPPOSED MOTION TO CORRECT CASE SCHEDULE

Defendants, The National Association of REALTORS®, Anywhere Real Estate Inc., RE/MAX LLC, and Keller Williams Realty, Inc., respectfully request that the Court correct the current case schedule (Dkt. No. 229) pertaining to the class certification related deadlines that were the subject of Plaintiffs' Motion to Amend the Case Schedule (Dkt. No. 225) ("Motion") so as to adjust *all* of the other associated deadlines, as the Court stated at the hearing in granting the Motion. In support hereof, Defendants state as follows:

1.　　Defendants bring this motion to correct what appears to be an inadvertent omission in the Court's August 7, 2025 Minute Order (Dkt. No. 229) ("Minute Order").

2.　　Plaintiffs' Motion expressly sought to extend *all* class certification and related *Daubert* deadlines by approximately one month. While the Court granted Plaintiffs' Motion, the Minute Order extended Plaintiffs' opening deadline, but left Defendants' associated deadlines

unchanged. This shortened the intervals for Defendants' responsive filings and expert work from the three months provided in the prior scheduling order (Dkt. No. 219) to roughly two months, while lengthening Plaintiffs' reply period, thereby upsetting the balance of the prior schedule. The proposed corrected schedule simply restores the original intervals the Court previously set and that Plaintiffs themselves represented would apply in their Motion, thereby aligning the Minute Order with both the parties' and the Court's expressed intent.

3. **Plaintiffs' Motion and Requested Relief.** On August 1, 2025, Plaintiffs filed their Motion to Amend the Case Schedule (Dkt. No. 225), seeking to move all deadlines related to class certification by approximately one month — including not only Plaintiffs' opening brief, but also Defendants' response deadline and all deadlines for class certification-related *Daubert* motions. Plaintiffs proposed the following revised schedule (changes from the then-governing case deadlines reflected in Dkt. No. 219 in brackets):

- **September 22, 2025** [from August 20, 2025] for Plaintiffs to file their motion for class certification and to serve their supporting expert reports;

- **December 19, 2025** [from November 20, 2025] for Defendants to file their responses to the class certification motion, to file any *Daubert* motions seeking to exclude Plaintiffs' experts, and to serve Defendants' own expert reports;

- **February 20, 2026** [from January 20, 2026] for Plaintiffs to file their reply in support of class certification, to file any *Daubert* motions to exclude Defendants' expert, to file their responses to Defendants' *Daubert* motions, and to serve Plaintiffs' rebuttal expert reports;

- **April 20, 2026** [from March 20, 2026] for Defendants to file their replies in support of their *Daubert* motions and to file their responses to Plaintiffs' *Daubert* motions;

- **May 20, 2026** [from April 20, 2026] for Plaintiffs to file their replies in support of their *Daubert* motions.

(Motion at 8-9; *see also* Dkt. No. 219.)

4. **The Court's Ruling.** On August 7, 2025, the Court held an in-person hearing and — though expressing reluctance — granted Plaintiffs' Motion. (8/7/25 Hrg. Tr. (Ex. A); Minute Order.) Based on the proposed scheduling amendments provided by Plaintiffs in their motion (*see supra* ¶ 3) and the Court's statements at the hearing that "I will grant the request, give you until September 22nd, [and] *adjust all of the other deadlines here*" (Ex. A at 21:14-15; emphasis added), Defendants understood that the Court intended to maintain the intervals pertaining to class certification and class *Daubert* briefing set forth in the prior scheduling order. (*See* Dkt. 219.)

5. **Inadvertent Omission of Related Deadlines.** The Court's Minute Order, however, did not extend several of the deadlines included in Plaintiffs' Motion. This would have the effect of shortening briefing intervals and materially prejudicing Defendants. For example, in the Minute Order, Defendants' time to respond to Plaintiffs' class certification motion was reduced from 92 days to 63 days. In that same compressed period, Defendants must depose Plaintiffs' expert(s), prepare their own class-related *Daubert* motions, and finalize their class expert reports. The Minute Order also gave Plaintiffs an extra month for their *Daubert* replies, upsetting the prior intervals and unjustifiably prejudicing Defendants. In contrast, Plaintiffs supported their Motion by arguing that there would be no prejudice to Defendants if their Motion was granted.

6. **Proposed Corrections.** To preserve the briefing intervals originally set in Dkt. No. 219 — and to conform with Plaintiffs' own stated premise that "no Defendant will be prejudice[d]" (Dkt. No. 225 at 7) — Defendants propose the following corrected deadlines:

| Event | Prior Deadline (Dkt. No. 219) | Deadline entered 8/7/25 (Dkt. No. 229) | Corrected Deadline (proposed) |
|---|---|---|---|
| Plaintiffs to file their motion for class certification and to serve their supporting expert reports | 8/20/25 | 9/22/25 | 9/22/25 |
| Defendants to file their responses to the class certification motion, to file any *Daubert* motions seeking to exclude Plaintiffs' experts, and to serve Defendants' own expert reports | 11/20/25 (92 days later) | 11/24/25 (63 days later) | 12/23/2025 (92 days later) |
| Plaintiffs to file their reply in support of class certification, to file any *Daubert* motions to exclude Defendants' expert(s), to file their responses to Defendants' *Daubert* motions, and to serve Plaintiffs' rebuttal expert reports | 1/20/26 (61 days later) | 1/23/26 (60 days later) | 2/23/26 (62 days later – 60 days is a Saturday) |
| Defendants to file their replies in support of their *Daubert* motions and to file their responses to Plaintiffs' *Daubert* motions | 3/20/26 (59 days later) | 3/23/26 (59 days later) | 4/23/26 (59 days later) |
| Plaintiffs to file their replies in support of their *Daubert* motions | 4/20/26 (31 days later) | 5/22/26 (60 days later) | 5/25/26 (32 days later – 31 days is a Sunday) |
| Close of fact discovery | 5/2/26 (12 days after Plaintiffs' *Daubert* replies) | Not addressed. | 6/5/2026 (12 days after Plaintiffs' *Daubert* replies) |
| Hearing/evidentiary hearing on *Daubert* and class certification motions | Not scheduled. | Not scheduled. | TBD |

-4-

7.  **Meet-and-Confer.**  Counsel for Defendants have conferred with counsel for Plaintiffs regarding this request.  Plaintiffs do not oppose the request. (Ex. B:  8/12/2025 email from R. Ewing to K. Kliebard.)

WHEREFORE, Defendants respectfully request that the Court enter the Proposed Order submitted by Defendants to this Court's proposed order mailbox to correct the current case schedule pertaining to class certification, expert reports, and *Daubert* motions consistent with the Corrected Deadlines (proposed) in the chart above (*see supra* ¶ 7) and Plaintiffs' Motion (Motion at 8-9).

Dated:  August 12, 2025

*/s/ Jeffrey A. LeVee*
Jeffrey A. LeVee (*pro hac vice*)
**JONES DAY**
555 Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: 213.489.3939
Fax: 213.243.2539
jlevee@jonesday.com

Eddie Hasdoo
**JONES DAY**
110 N. Wacker Drive,
Suite 4800
Chicago, IL 60606
Tel: 312.782.3939
Fax: 312.782.8585
ehasdoo@jonesday.com

**Counsel for Defendant RE/MAX, LLC**

Respectfully submitted,

*/s/ Leonard A. Gail*
Leonard A. Gail
Suyash Agrawal
Brigid M. Carmichael
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL  60602
Tel:  (312) 283-1590
lgail@masseygail.com
sagrawal@masseygail.com
bcarmichael@masseygail.com

Matthew M. Collette
Kylie Chiseul Kim
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel:  (202) 652-4511
mcollette@masseygail.com
kkim@masseygail.com

Michael Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900

<table>
<tr><td>

</td><td>

Washington, DC 20005
Tel: 202.538.8225
mikebonanno@quinnemanuel.com

*Counsel for Defendant National Association of REALTORS®*

</td></tr>
<tr><td>

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard
Jason L. Chrestionson
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Tel: 312.324.1000
Fax: 312.324.1001
kenneth.kliebard@morganlewis.com
jason.chrestionson@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

William McEnroe (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
william.mcenroe@morganlewis.com

*Counsel for Defendant Anywhere Real Estate Inc.*

</td><td>

*/s/ Timothy Ray*
Timothy Ray
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Telephone: 312-263-3600
timothy.ray@hklaw.com

David C. Kully (*pro hac vice*)
Anna P. Hayes (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th Street NW, Suite 1100
Washington, DC 20530
Telephone: 202-469-5415
david.kully@hklaw.com
anna.hayes@hklaw.com

Jennifer Lada (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
31 West 52nd Street
New York, NY 10019
Telephone: 212-513-3513
jennifer.lada@hklaw.com

*Counsel for Defendant Keller Williams Realty, Inc.*

</td></tr>
</table>