**APPENDIX A**

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Arizona**<br><br>Ariz. Rev. Stat. Ann. §§ 44-1401 *et seq*. | Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful."). | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes.").<br><br>*Bunker's Glass Co. v. Pilkington PLC*, 206 Ariz. 9, 16, 75 P.3d 99, 106 (2003) (observing that Arizona courts consistently "followed federal law in determining the standard of conduct required by antitrust law"). |
| **California**<br><br>Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq*. | Cartwright Act, Cal. Bus. & Prof. Code § 16720 (prohibited restraints on competition include a "combination of capital, skill or acts by two or more persons" for a prohibited purpose, including to "create or carry out restrictions in trade or commerce" and to "prevent competition in manufacturing, making, transportation, sale or purchase of merchandise, produce or any commodity"). | *Tucker v. Apple Computer*, 493 F. Supp. 2d 1090, 1102 (N.D. Cal. 2006) ("The Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act."). |

1

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **District of Columbia**<br><br>D.C. Code §§ 28- 4501 *et seq*. | D.C. Code § 28-4502 ("Every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce all or any part of which is within the District of Columbia is declared to be illegal."). | D.C. Code § 28-4515 ("It is the intent of the Council of the District of Columbia that in construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes."). |
| **Illinois**<br><br>Illinois Antitrust Act, 740 Ill. Comp. Stat. Ann. §§ 10/1 *et seq*. | 740 Ill. Comp. Stat. Ann. § 10/3 ("Every person shall be deemed to have committed a violation of this Act who shall: (1) Make any contract with, or engage in any combination or conspiracy with, any other person who is, or but for a prior agreement would be, a competitor of such person: a. for the purpose or with the effect of fixing, controlling, or maintaining the price or rate charged for any commodity sold or bought by the parties thereto, or the fee charged or paid for any service performed or received by the parties thereto; b. fixing, controlling, maintaining, limiting, or discontinuing the production, manufacture, mining, sale or supply of any commodity, or the sale or supply of any service, for the purpose or with the effect stated in paragraph a. of subsection (1); | 740 Ill. Comp. Stat. Ann. § 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act. However, this Act shall not be construed to restrict the exercise by units of local government or school districts of powers granted, either expressly or by necessary implication, by Illinois statute or the Illinois Constitution.").<br><br>*See Hannah's Boutique, Inc. v. Surdej*, 112 F. Supp. 3d 758, 765 n.7 (N.D. Ill. 2015) (stating that "Plaintiff does not dispute that [section 10/3] of the Illinois Antitrust are based on Sections 1 and 2 of the Sherman Act, and therefore the applicable legal standards are the same.") (citing 740 Ill. Comp. Stat. Ann. § 10/11). |

2

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| | c. allocating or dividing customers, territories, supplies, sales, or markets, functional or geographical, for any commodity or service . . . . "). | |
| **Iowa**<br><br>Iowa Code §§ 553.1 *et seq*. | Iowa Code § 553.4 ("A contract, combination, or conspiracy between two or more persons shall not restrain or monopolize trade or commerce in a relevant market."). | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction . . . shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.").<br><br>*Mueller v. Wellmark*, 861 N.W.2d 563, 567 (Iowa 2015) ("[W]hen interpreting the Iowa Competition Law, we have generally adhered to federal interpretations of federal antitrust law."); *Davies v. Genesis Med. Ctr.*, 994 F. Supp. 1078, 1103 (S.D. Iowa 1998) ("When interpreting Iowa antitrust statutes, Iowa courts are required by Section 553.2 to give considerable weight to federal cases construing similar sections of the Sherman Act."). |

| **State and Applicable Statute** | **State Statute Section(s) Parallel to Federal Statute** | **State Statute is Interpreted in Harmony with Federal Law** |
|---|---|---|
| **Kansas**<br><br>Kansas Restraint of Trade Act,<br>Kan. Stat. Ann. §§ 50-101 *et seq.* | Kan. Stat. Ann. § 50-101 (declaring unlawful and defining trusts as any "combination of capital, skill, or acts, by two or more persons" carried out for the purpose of, inter alia, restricting trade or commerce; increasing or reducing the price of goods; or preventing competition).<br><br>Kan. Stat. Ann. § 50-112 (declaring unlawful "all arrangements, contracts, agreements, trusts or combinations between persons, designed or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such products or articles"). | Kan. Stat. Ann. § 50-163 ("Except as otherwise provided in subsections (d) and (e), the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court"). |
| **Maine**<br><br>Me. Rev. Stat. Ann. tit. 10 §§ 1101 *et seq.* | Me. Rev. Stat. Ann. tit. 10 § 1101 ("Every contract, combination in the form of trusts or otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal."). | Maine's antitrust laws "parallel the Sherman Act" and are interpreted in accordance with "the doctrines developed in relation to federal law." *Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000); *see also McKinnon v. Honeywell Int'l Inc.*, 977 A.2d 420, 424 (Me. 2009) ("[W]e look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute."). |

| **State and Applicable Statute** | **State Statute Section(s) Parallel to Federal Statute** | **State Statute is Interpreted in Harmony with Federal Law** |
|---|---|---|
| **Michigan**<br><br>Mich. Comp. Laws §§ 445.771 *et seq*. | Mich. Comp. Laws § 445.772 ("A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful."). | Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason.").<br><br>"MCLA §§ 445.772 and 445.773 . . . are modeled after § 1 (restraint of trade) and § 2 (monopoly) provisions of the Sherman Act" and are interpreted to be consistent with those provisions. *Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, 326 F. App'x 892, 898 (6th Cir. 2009); *see also Goldman v. Loubella Extendables*, 283 N.W.2d 695, 699 (Mich. Ct. App. 1979) ("The Michigan antitrust act is patterned after the Sherman Antitrust Act, 15 U.S.C. 1, and Federal court interpretations of the Sherman Act are persuasive authority as to the meaning of the Michigan act."). |

| | | |
|---|---|---|
| **Minnesota**<br><br>Minn. Stat. §§ 325D.49 *et seq*. | Minn. Stat. § 325D.51 ("A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful."). | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626 (Minn. 2007) ("As the purposes of Minnesota and federal antitrust law are the same, it is sensible to interpret them consistently."); *State v. Road Constructors*, 474 N.W.2d 224, 225 n.1 (Minn. Ct. App. 1991) ("Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman Act."); *Inline Packaging v. Graphic Packaging Int'l*, 351 F. Supp. 3d 1187, 1202 (D. Minn. 2018) ("Minnesota anti-trust law is interpreted consistent with the federal court's construction of the Sherman Act."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Nevada**<br><br>Unfair Trade Practice Act, Nev. Rev. Stat. §§ 598A.010 *et seq.* | Nev. Rev. Stat. § 598A.060(1)(a) ("Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this State," including: "raising, depressing, fixing, pegging or stabilizing the price of any commodity or service," "foreclosures of competitive activity for a period of time," "[a]greements to establish prices for commodities or services," "[a]greements to discontinue a product, or agreements with anyone engaged in the manufacture of competitive lines to limit size, styles or quantities of items comprising the lines," and "agreements to restrict volume of production"). | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *see also Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co.*, 423 P.3d 605, 607 (Nev. 2018) (citing *Boulware v. Nev. Dep't. of Human Res.*, 960 F.2d 793, 800 (9th Cir. 1992) ("[The Nevada Unfair Trade Practice Act] also adopts by reference the case law applicable to the federal antitrust laws.")). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **New Mexico**<br><br>N.M. Stat. Ann. § 57-1-1, *et seq.* | N.M. Stat. Ann. § 57-1-1 ("Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful."). | "Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices." N.M. Stat. Ann. § 57-1-15; *see also Romero v. Philip Morris Inc.*, 242 P.3d 280, 289 (N.M. 2010) (New Mexico courts must "construe our law in harmony with federal law") (citing N.M.S.A. § 57-1-15). |
| **New York**<br><br>Donnelly Act, N.Y. Gen. Bus. Law §§ 340 *et seq.* | N.Y. Gen. Bus. Law § 340(1) ("Every contract, agreement, arrangement or combination whereby . . . [c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained . . . is hereby declared to be against public policy, illegal and void."). | "Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'" *Reading Int'l Inc. v. Oaktree Cap. Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003); *Gebman v. Kelly*, No. 08-CV-307, 2008 WL 3413955, at *4 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'"); *see also Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 539 (N.Y. 1988) ("the Donnelly Act—often called a 'Little Sherman Act'— should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in the statutory language or the legislative history justify such a result."). |

| **State and Applicable Statute** | **State Statute Section(s) Parallel to Federal Statute** | **State Statute is Interpreted in Harmony with Federal Law** |
|---|---|---|
| **North Carolina**<br><br>N.C. Gen. Stat. §§ 75-1 *et seq.* | N.C. Gen. Stat. § 75-1 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in the State of North Carolina is hereby declared to be illegal."). | The North Carolina antitrust statute is "based on" the Sherman Act, and decisions interpreting the Sherman Act are "instructive" in interpreting the North Carolina statute. *Madison Cablevision v. Morgantown*, 386 S.E.2d 200, 213 (N.C. 1989); *see also Reichhold Chemicals v. Goel*, 555 S.E.2d 281, 293 (N.C. Ct. App. 2001) (North Carolina statute was "modeled after" federal antitrust law and federal decisions provide guidance in interpreting it); *Crain v. Debartolo*, No. 7:14-CV-29-D, 2015 WL 73961, at *8 n.3 (E.D. N.C. Jan 6, 2015) ("Federal case law interpretations of the federal antitrust laws are persuasive authority in construing [North Carolina] antitrust statutes."). |
| **Oregon**<br><br>Or. Rev. Stat. §§ 646.715 *et seq.* | Or. Rev. Stat. § 646.725 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal."). | Or. Rev. Stat. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of ORS 646.705 to 646.805 and 646.990.").<br><br>*See also Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) (Oregon antitrust laws "are almost identical to the federal antitrust statutes," and Oregon courts look to federal decisions for guidance in interpreting state antitrust laws); *Boydstun Equip. Mfg. v. Cottrell*, 2017 WL 4803938, at *1 n.1 (D. Or. Oct. 24, 2017) ("The text of Oregon's anti- monopolization law, ORS 646.730, is virtually identical to Section 2 of the Sherman Act, 15 U.S.C. §2."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Utah**<br><br>Utah Code Ann. §§ 76-16-501, *et seq.* | Utah Code Ann. §§ 76-16-510 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal."). | Utah Code Ann. § 76-16-502 ("The legislature intends that the courts, in construing this part, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes."). |
| **Vermont**<br><br>Vt. Stat. Ann. 9 § 2453, *et seq.* | Vt. Stat. Ann. 9 § 2453(a) ("Unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce are hereby declared unlawful."). | *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.,* No. 13-MD-2445, 2017 WL 4642285, at *11 (E.D. Pa. Oct. 17, 2017) (Vermont "antitrust laws, however, continue to be consistently interpreted in parallel, if not identically, with the Sherman Act.") (citing *Carter v. Gugliuzzi,* 716 A.2d 17, 21 (Vt. 1998) (holding that in construing the Vermont Consumer Fraud Act, the state looks to the interpretations accorded to federal antitrust laws)). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **West Virginia**<br><br>W. Va. Code §§ 47-18- 1 *et seq*. | W. Va. Code § 47-18-3(a) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this state shall be unlawful."). | W. Va. Code § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.").<br><br>*See also Kessel v. Monongalia Cnty. Gen. Hosp. Co.*, 648 S.E.2d 366, 374 (W. Va. 2007) (West Virginia courts apply federal decisional law in interpreting the West Virginia Antitrust Act); *accord Audiology Distrib. v. Hawkins*, No. 5:13CV154, 2014 WL 460945, at *6 (N.D. W. Va. Feb. 5, 2014) (West Virginia's Antitrust Act claims are analyzed "under the guidance provided by federal law"); *Princeton Ins. Agency v. Erie Ins. Co.*, 225 W.Va. 178, 183, 690 S.E.2d 587, 592 (2009) ("The Legislature has directed that where our state antitrust provisions track the Sherman Act's provisions, federal decisional law should be followed."). |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute is Interpreted in Harmony with Federal Law |
|---|---|---|
| **Wisconsin**<br><br>Wis. Stat. Ann. §§ 133.01 *et seq.* | Wis. Stat. Ann. § 133.03(1) ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is illegal."). | "Federal precedents are often instructive and persuasive in analyzing Wisconsin antitrust law." *Eichenseer v. Madison-Dane Cnty. Tavern League,* 748 N.W.2d 154, 174 (Wis. 2008); *see also Conley Publ'g Grp. v. Journal Commc'ns, Inc.*, 665 N.W.2d 879, 885-86 (Wis. 2003) ("Wisconsin courts have followed federal court interpretations of Sections 1 and 2 of the Sherman Act and have construed Wisconsin antitrust statutes in conformity with these federal court interpretations. This is longstanding policy."), *abrogated on other grounds by Olstad v. Microsoft Corp.*, 284 Wis. 2d 224 (2005); *Thermal Design v. Am. Soc'y of Heating*, No. 07-C-765, 2013 WL 12094813, at *13 n.10 (E.D. Wis. June 12, 2013) ("Because Wisconsin antitrust law follows federal precedents, the court's reasoning regarding the federal antitrust claim applies equally to the state antitrust claim."). |