**APPENDIX B**

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1), through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs prove a violation based on Defendants' anticompetitive conduct? |
|---|---|---|
| **California** <br><br> Cal. Bus. & Prof. Code §§ 17200 *et seq*. | Yes. <br><br> *Bank of the West v. Superior Court*, 833 P.2d 545, 551-52 (Cal. 1992) (noting that California's Unfair Business Practices Act is a "little FTC Act"). | Yes. <br><br> Cal. Bus. & Prof. Code §§ 17200 *et seq*. <br><br> "[A] business practice is unfair when it 'offends an established public policy or when the practice is immoral unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Wilner v. Sunset Life Ins. Co.*, 93 Cal. Rptr. 2d 413, 422 (Cal. Ct. App. 2000); *see also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) ("violation of traditional antitrust elements constitutes a violation" of California's UCL); *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 895 (E.D. Pa. 2012) ("[I]t is an analytically sensible and entirely fair operation of pleading standards and substantive law to conclude that the [indirect purchasers'] allegations giving rise to alleged antitrust violations also give rise to the Plaintiffs' UCL claim."). |

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1), through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs prove a violation based on Defendants' anticompetitive conduct? |
|---|---|---|
| **Florida**<br><br>Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* | Yes.<br><br>Fla. Stat. § 501.204(2) ("It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to §5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. §45(a)(1) as of July 1, 2017."); *see also Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. Ct. App. 1996) (recognizing antitrust violations constitute violations of the FDUTPA and satisfying Sherman Act elements also satisfies elements of FDUTPA). | Yes.<br><br>The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1). The three elements of an FDUTPA claim are "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *In re Flonase Antitrust Litig.*, 815 F. Supp. 2d 867, 886 (E.D. Pa. 2011) (noting that antitrust violations constitute FDUTPA violations); *see also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013). |
| **Massachusetts**<br><br>Mass. Gen. Laws Ann. ch. 93A, §§ 1, 2, 9, *et seq.* | Yes.<br><br>"It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended." Mass. Gen. Laws Ann. ch. 93A, § 2(b); *see also ACA Int'l v. Healey*, 457 F. Supp. 3d 17, 28 (D. Mass. 2020) ("a court hearing a Chapter 93A claim will be 'guided by the interpretations given by the Federal Trade Commission and the Federal | Yes.<br><br>*See Ciardi v. F. Hoffmann-La Roche, Ltd.*, 762 N.E.2d 303 (Mass. 2002) (holding that indirect purchasers can bring antitrust claims under Chapter 93A). |

2

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1), through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs prove a violation based on Defendants' anticompetitive conduct? |
|---|---|---|
| | Courts to section 5(a)(1) of the Federal Trade Commission Act . . . .'"). | |
| **Missouri**<br><br>Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*. | No, the MMPA is not explicitly harmonized with the FTC Act. | Yes.<br><br>*Ficone v. Shire PLC*, Civ. No. 16-cv-12396-ADB, 2017 WL 4873506, at *18 (D. Mass. Oct. 20, 2017) ("[A]ntitrust violations may state a claim for unfair practices under the MMPA."). |

| **State and Statute** | **Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1), through statutory provision or by courts interpreting it in harmony with the FTC Act?** | **Can Indirect Purchaser Plaintiffs prove a violation based on Defendants' anticompetitive conduct?** |
|---|---|---|
| **New Hampshire**<br><br>N.H. Rev. Stat. § 358-A:1 | Yes.<br><br>See *Donovan v. Digital Equip. Corp.*, 883 F. Supp. 775, 786 (D.N.H. 1994) (when interpreting New Hampshire's consumer protection law, "the court 'may be guided by the interpretation and construction given section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), by the Federal Trade Commission and the federal courts.'"). | Yes.<br><br>See *LaChance v. U.S. Smokeless Tobacco Co.*, 931 A.2d 571, 579-81 (N.H. 2007) (holding that indirect purchaser antitrust claims can be brought under New Hampshire's consumer protection law). |

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1), through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs prove a violation based on Defendants' anticompetitive conduct? |
|---|---|---|
| **South Carolina**<br><br>S.C. Code Ann. §§ 39-5-10, *et. seq.* | Yes.<br><br>S.C. Code Ann. §39-5-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."). | Yes.<br><br>S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.").<br><br>"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical or oppressive; a practice is deceptive when it has a tendency to deceive." *Adams v. G.J. Creel and Sons, Inc.,* 320 S.C. 274, 279 (S.C. 1995). |

5