IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rules 5.8 and 26.2 and this Court's orders (ECF Nos. 232, 240), Plaintiffs respectfully move this Court for entry of an order granting them leave to file under seal Plaintiffs' Corrected Motion for Class Certification and Appointment of Co-Lead Class Counsel ("Class Certification Brief"), and certain accompanying exhibits. In support, Plaintiffs state as follows:

1. On June 13, 2024, the Court entered the Agreed Protective Order, which allows parties to designate certain materials "Confidential" or "Highly Confidential – Outside Counsel Eyes Only Information." *See* Doc. 161.

2. The Agreed Protective Order instructs that "[a]ny party wishing to file Discovery

Material designated as Confidential or Highly Confidential – Outside Counsel Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with the Court's procedure for requesting leave to file a document under seal." Doc. 161 at 17.

3. On June 6, 2025, the Court granted the parties leave to file their class certification materials under seal provided there was good cause to justify the sealing. ECF No. 219.

4. Plaintiffs' Class Certification Brief and attachments, including expert reports, incorporate and rely upon documents, deposition transcripts, transactional data, and other information designated "Confidential" or "Highly Confidential – Outside Counsel Eyes Only Information" under the parties' Agreed Protective Order. In addition, Plaintiffs' expert reports contain Plaintiffs' personally identifiable information (street addresses) and documents from third-party Multiple Listing Services ("MLSs") containing information related to their ownership and internal listing procedures that were produced in response to subpoenas and where Plaintiffs were asked to maintain confidentiality.

5. As a result, on September 22, 2025, Plaintiffs filed their motion for class certification and accompanying exhibits under seal. ECF Nos. 236, 239.

6. On September 23, 2025, this Court entered an order for Plaintiffs to file by September 26, 2025, a "redacted public version of the motion and exhibits, along with any revisions to the sealed motion and exhibits that is consistent with this Court's order." ECF No. 240. The Court further stated that if "Plaintiffs have grounds for maintaining each exhibit under seal, then a detailed motion setting forth their position is required." *Id*.

7. Local Rule 26.2(c) provides that a party seeking to file a document under seal provisionally file the document under seal and move the court for leave to file under seal.

8. Therefore, contemporaneously with this motion for leave to file under seal,

Plaintiffs are filing unredacted versions of their Corrected Class Certification Brief and certain supporting materials described herein provisionally under seal. In accordance with Local Rule 26.2, Plaintiffs also are filing public, redacted copies of these same documents where appropriate.

9. On September 24, 2025 Plaintiffs asked Defendants to re-consider their designations with respect to the documents produced by them that were attached as exhibits to the class certification brief.

10. Defendant Keller Williams responded and stated that it is de-designating all Keller Williams materials referenced in the Class Certification Brief and expert reports.

11. Defendant Anywhere responded that it is de-designating Anywhere materials cited in Plaintiffs' Class Certification Brief, except for Exhibits 44, 60, and 79.

12. Defendant NAR responded that it is de-designating NAR materials cited in Plaintiffs' Class Certification Brief, except for its responses to Plaintiffs' First Set of Interrogatories numbers 9 and 17 in Exhibit 34 and 24:13-25 of Exhibit 56.

13. Defendant RE/MAX responded that it is de-designating RE/MAX materials cited in Plaintiffs' Class Certification Brief except for Exhibits 64 and 71. RMLLC stated with respect to Exhibits 24-27 that it would maintain confidentiality in part over certain identified portions of those exhibits that it contends contain personally identifiable information and competitively sensitive and non-public information regarding franchisees (e.g., ownership structure, unaudited financials, contact information, future renewal dates, promissory note amounts, etc.).

14. The first category of documents that Plaintiffs wish to seal in whole or in part are documents produced by the Defendants that Defendants have not de-designated.[1] Where, as here,

---

[1] These are Exhibits 24-25 (in part), 27 (in part), 34 (in part), 44, 56 (in part), 60, 64, 71, and 79.

defendants designate information confidential pursuant to a protective order, defendants' confidentiality designations provide good cause for plaintiffs to file such documents provisionally under seal in order to give defendants an opportunity to present briefing on why they contend confidentiality is appropriate and for the Court to make a final determination. *Nor v. Alrashid*, No. 20 CV 7470, 2023 WL 2771167, at *1 (N.D. Ill. Apr. 4, 2023) (noting court granted plaintiff leave to file exhibit under seal "because Defendants marked the documents included therein as confidential" but later unsealed it after requiring defendant to explain the basis for sealing); *Camilotes v. Resurrection Healthcare*, No. 10 C 366, 2012 WL 2192168, at *2 (N.D. Ill. June 14, 2012) (noting court had previously granted plaintiffs leave to file documents under seal that defendants had marked "confidential" pursuant to a protective order in a consolidated case). Plaintiffs take no position as to whether Defendants' confidentiality designations are appropriate and expressly reserve the right to challenge those designations.

15. Plaintiffs also move to seal portions of Exhibit 1, the expert report of Dr. Abrantes-Metz, where it discloses documents and information marked Confidential or Highly Confidential by Defendants. *See Alrashid*, 2023 WL 2771167, at *1. Plaintiffs further seek to protect Plaintiffs' personally identifiable information (street addresses) contained therein. *Wachala v. Astellas US LLC*, No. 20 C 3882, 2022 WL 408108, at *2 (N.D. Ill. Feb. 10, 2022) ("Courts have also found good cause to redact other personal identifying information such as addresses and telephone numbers.").

16. Finally, Plaintiffs move to seal portions of Exhibit 31, the expert report of Prof. Miller, for two reasons. First, Plaintiffs propose to seal Prof. Miller's report where, like Dr. Abrantes-Metz's report, it discloses the contents of documents produced by Defendants as Confidential or Highly Confidential under the Protective Order. *See Alrashid*, 2023 WL 2771167,

4

at *1. Second, Plaintiffs seek to seal Prof. Miller's report where it discloses the contents of documents produced by third-parties to this litigation discussing the ownership and listing rules of MLSs, which were produced in response to subpoenas and for which many MLSs conditioned production on maintaining their confidentiality. *Walther v. Wood*, No. 1:23-cv-00294, 2024 WL 4554019, at *1 (N.D. Ind. Oct. 22, 2024) (granting motion to seal in part where some exhibits to motion for class certification were materials produced by third parties in response to subpoenas and marked "confidential"); *Wilkins v. Overall*, No. 16-cv-01324, 2021 WL 824954, at *1 (S.D. Ill. Mar. 4, 2021) (sealing in part exhibit that was designated as "confidential" by third party).

17. Defendants have stated they do not oppose this motion for leave to file under seal.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting them leave to file under seal Exhibits 1, 24-25, 27, 31, 34, and 56 in part and Exhibits 44, 60, 64, 71, and 79 in full, and to restrict access to such materials to the Parties.

Respectfully submitted,

Dated: September 26, 2025

/s/ *Randall P. Ewing, Jr.*
George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Carol O'Keefe (N.D. Ill. Bar. No. 6335218)
Steven M. Berezney (N.D. Ill. Bar No. 56091)
Michael E. Klenov (N.D. Ill. Bar. 6300228)
Peter Rocque (pro hac vice)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
cokeefe@koreintillery.com
sberezney@koreintillery.com
mklenov@koreintillery.com
procque@koreintillery.com

Vincent Briganti (pro hac vice)
Margaret MacLean (pro hac vice)
Noelle Forde (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
mmclean@lowey.com
nforde@lowey.com

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notification of the same to all counsel of record in this matter.

 /s/ *Noelle Forde*
Noelle Forde