# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-00430 (LAH) |
| Plaintiffs, | |
| v. | |
| THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | |
| Defendants. | |

## STIPULATION AND AGREEMENT
## OF SETTLEMENT WITH KELLER WILLIAMS REALTY, LLC

## TABLE OF CONTENTS

RECITALS ...................................................................................................................................1

DEFINITIONS.............................................................................................................................4

TERMS OF THE PRELIMINARY APPROVAL ORDER ........................................................12

RELEASES.................................................................................................................................12

SETTLEMENT CLASS CERTIFICATION ..............................................................................14

SETTLEMENT CONSIDERATION .........................................................................................15

COOPERATION ........................................................................................................................16

USE OF THE SETTLEMENT FUND .......................................................................................19

ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS......................22

NOTICE AND SETTLEMENT ADMINISTRATION...............................................................24

TERMS OF THE JUDGMENT AND EFFECTIVE DATE .......................................................30

TERMINATION OF THE SETTLEMENT ................................................................................32

EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF
SETTLEMENT….......................................................................................................................33

NO ADMISSION OF WRONGDOING ....................................................................................35

CONFIDENTIALITY.................................................................................................................36

CONTRIBUTION AND INDEMNIFICATION ........................................................................37

MISCELLANEOUS PROVISIONS...........................................................................................37

This Stipulation and Agreement of Settlement is entered into between (i) plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Kim, Anna James, James Mullis, Theodore Bisbicos, and Daniel Parsons (collectively, "Plaintiffs") on behalf of themselves and the other members of the Settlement Class (as defined in ¶1(gg) below), and (ii) Keller Williams Realty, LLC fna Keller Williams Realty, Inc. ("Settling Defendant" or "Keller Williams" and, together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the Action. Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Plaintiffs Released Claims against Settling Defendant Released Parties.

## RECITALS

WHEREAS, on January 25, 2021, plaintiff Judah Leeder ("Leeder") filed a putative class action against The National Association of Realtors® ("NAR"), Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.) ("Anywhere"), RE/MAX LLC ("RE/MAX"), and Keller Williams (collectively, "Defendants"), alleging a conspiracy to raise, fix, maintain, or stabilize residential real estate commissions, which injured home buyers by inflating home prices and reducing the quality of buyer-broker services, in violation of Section 1 of the Sherman Act and corresponding state antitrust and consumer protection laws;

WHEREAS, on July 6, 2022, after the Court granted Defendants' motion to dismiss without prejudice, Plaintiffs filed their Amended Complaint amending allegations to include claims for violation of state antitrust and consumer protection statutes;

WHEREAS, on February 20, 2024, the Court issued an Opinion and Order denying in part Defendants' motions to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6),

1

and granting the motion to dismiss HomeServices of America, Inc. ("HSoA"), BHH Affiliates, LLC ("BHH"), HSF Affiliates, LLC ("HSF"), and The Long & Foster Companies, Inc. ("LFC") pursuant to Rule 12(b)(2);

WHEREAS, Plaintiffs and Keller Williams engaged in arm's-length negotiations to attempt to settle Plaintiffs' claims;

WHEREAS, the Parties thereafter conducted a mediation with Gregory P. Lindstrom of Phillips ADR Enterprises, and while no resolution was achieved then, the Parties continued to negotiate with the mediator's assistance during the months thereafter;

WHEREAS, after continuing their arm's-length negotiations with the mediator's assistance, Plaintiffs and Keller Williams executed a term sheet setting forth the principal terms of the Settlement;

WHEREAS, Keller Williams has at all times denied and continues to deny any and all alleged wrongdoing and liability, specifically denies each of Plaintiffs' contentions and claims, and continues to deny that Plaintiffs' claims and allegations would be suitable for class action status;

WHEREAS, to avoid further costs of litigation, and without admitting liability, Plaintiffs, individually and as representatives of the Settlement Class, and Keller Williams now wish to settle the Action in its entirety as to Plaintiffs, Settlement Class Members, and Keller Williams with respect to all claims arising out of or relating to the claims made in this Action and intend this Settlement Agreement to bind Plaintiffs (both as the Class Representatives and individually), Settlement Class Members, and Keller Williams.

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Keller

Williams, by and through their respective attorneys, subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e), that in consideration of the covenants, terms, monetary consideration, and releases in this Stipulation, all Plaintiffs Released Claims as against Settling Defendant Released Parties and Settling Defendant Released Claims against the Releasing Plaintiffs Parties shall be settled, released, and dismissed with prejudice, and that the Action shall be dismissed with prejudice, on and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the following meanings:

a.      "Action" means *Batton et al v. National Association of Realtors et al*, No. 1:21-cv-00430 (N.D. Ill.).

b.      "Alternate Judgment" means a form of Final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation, provided that the Alternate Judgment may not differ materially from the form of Judgment provided for in this Stipulation.  A Final judgment shall be deemed to differ materially from the form of Judgment provided for in this Stipulation for reasons including but not necessarily limited to any of the following:  (i) the Final judgment narrows or impairs the Releases or covenant not to sue conferred on the Settling Defendant Released Parties and/or the Releasing Plaintiffs Parties, (ii) the Final judgment narrows the scope of the proposed Settlement Class set forth herein, or (iii) the Final judgment imposes any material conditions or obligations on Settling Defendant beyond those set forth herein.

c.      "Amended Complaint" means the Amended Class Action Complaint filed on July 6, 2022 (ECF No. 84).

d.      "Authorized Claimant" means a Settling Class Member who submits to the

3

Claims Administrator a timely and valid Claim Form that is approved by the Claims Administrator for payment from the Net Settlement Fund.

e. "Claim Form" means the proof of claim form submitted to the Claims Administrator that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

f. "Claimant" means a person or entity who or which submits a Claim Form seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g. "Claims Administrator" means the person selected as provided in ¶31 of this Agreement.

h. "Class Counsel" means Lowey Dannenberg, P.C. and Korein Tillery, LLC.

i. "Cooperation Materials" means the items in ¶17(a)-(e) Settling Defendant agrees to provide Plaintiffs to assist in the continued prosecution of this Action.

j. "Court" means the United States District Court for the Northern District of Illinois.

k. "Defendants" means NAR, Anywhere, RE/MAX, and Keller Williams.

l. "Effective Date" with respect to the Settlement means the first business day following occurrence or waiver of all the events and conditions specified in ¶47.

m. "Escrow Account" means an account maintained by the Escrow Agent into which the Settlement Amount shall be deposited and held in escrow.

n. "Escrow Agent" means the agent selected by Class Counsel who will fulfill the duties specified in ¶24 and ¶55.

o. "Final" with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration of the time for

4

the filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there are any appeals from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued solely with respect to (i) the Plan of Allocation (as submitted or subsequently modified), or (ii) attorneys' fees, costs, or expenses, shall not in any way delay or preclude a judgment from becoming Final.

   p. "Judgment" means the Final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

   q. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Class Counsel intends to apply to the Court for a reimbursement from the Settlement Fund.

   r. "MLS" means any residential real estate multiple listing service in the U.S., whether or not it is NAR-affiliated, which, for avoidance of doubt, shall include, but is not limited to, the Real Estate Board of New York ("REBNY"), the REBNY Residential Listing Service ("RLS"), the Northwest Multiple Listing Service ("NWMLS"), West-Penn Multi-List, Inc. ("WPMLS"), Bay Area Regional Information Service ("BAREIS"), and MLS Property Information Network ("MLS PIN").

   s. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii)

any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any service awards to Plaintiffs awarded by the Court; and (vi) any other costs or fees approved by the Court.

   t.  "Notice" means the forms of notice to advise Settlement Class Members of the pendency of this Action, the Settlement Hearing to consider final approval of the proposed Settlement, any motions for Attorneys' Fees, Litigation Expenses, and service awards and any objections thereto, which is to be sent to Settlement Class Members.

   u.  "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or in connection with notice of the Settlement and claims administration, which shall include, without limitation, the actual costs of preparing and sending Notice directly to some Settlement Class Members, publishing Notice through one or more forms of media, reimbursements to third parties that forward notice to Settlement Class Members, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice, administering the Settlement (including processing the submitted Claim Forms), and the fees, if any, of the Escrow Agent.

   v.  "Parties" means Plaintiffs, on behalf of themselves and the other members of the Settlement Class, and Settling Defendant, each individually a "Party."

   w.  "Plaintiffs" means Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Kim, Anna James, James Mullis, Theodore Bisbicos, and Daniel Parsons.

   x.  "Plaintiffs Released Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual, direct, representative, or

parens patriae, whether under foreign or domestic law, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate which the Releasing Plaintiffs Parties ever had, now have, or hereafter can, shall, or may have, individually, directly, representatively, derivatively, parens patriae, or in any capacity against Settling Defendant that arise from or relate to a factual predicate of the Action including any amended complaint or pleading therein.  Plaintiffs Released Claims shall not include any claims relating to the enforcement of the Settlement.

        y.      "Plan of Allocation" or "Distribution Plan" means the proposed plan of distribution of the Net Settlement Fund.

        z.      "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that Notice of the Settlement be provided to the Settlement Class.

        aa.      "Qualified Settlement Fund" has the meaning it is given in Treasury Regulation §1.468B-1.

        bb.      "Releasing Plaintiffs Parties" means Plaintiffs and Settling Class Members, on their own behalf and on behalf of their present and former principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers.

        cc.      "Releases" means the releases set forth in ¶¶3-9 of this Stipulation.

        dd.      "Released Claims" means "Settling Defendant Released Claims" and "Plaintiffs Released Claims."

ee. "Settlement" means the resolution of this Action as against Settling Defendant in accordance with the terms and provisions of this Stipulation.

ff. "Settlement Amount" means twenty million U.S. dollars ($20,000,000.00).

gg. "Settlement Class" or "Class" means all persons (including entities) who purchased residential real estate in the United States, from the beginning of the State Statutory Period through the date of class Notice, that was listed on a MLS. Excluded from the Settlement Class are: Defendants and any parent, subsidiary, affiliate, or co-conspirator of any Defendant. Also excluded is the Judge presiding over this action, his or her judicial staff, their immediate family, and to this Action. Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Notice to Class Members. If Plaintiffs broaden the class definition in an amended complaint, the term "Settlement Class" in this Stipulation shall incorporate by reference the broader definition.

hh. "Settlement Class Distribution Order" or "Class Distribution Order" means an order of the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

ii. "Settlement Class Member" or "Class Member" means any person or entity who or which is a member of the Settlement Class.

jj. "Settlement Class Period" or "Class Period" means the State Statutory Period through the date of class Notice.

kk. "Settlement Fund" means the Settlement Amount together with all interest and income earned thereon after being transferred to the Escrow Account.

ll. "Settlement Hearing" means the hearing to be held by the Court under

8

Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

mm. "Settling Class Member" means any Settlement Class Member that does not submit a timely and valid Request for Exclusion.

nn. "Settling Defendant's Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP and Holland & Knight LLP.

oo. "Settling Defendant Released Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the claims asserted in the Action against Defendant. Settling Defendant Released Claims shall not include any: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any person or entity that submits a timely and valid request for exclusion from the Settlement Class in connection with the Notice.

pp. "Settling Defendant Released Parties" means Settling Defendant and all of its respective past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 126-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors (collectively, together with franchisees, the "Keller Williams Entities"), and all of their respective franchisees, sub-franchisors, officers, directors, managing directors, employees, agents, contractors, independent contractors, members, shareholders, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, predecessors, successors, and assigns, and all of the franchisees' and sub-franchisors' officers, directors, managing directors, employees, members, shareholders, agents, independent contractors, predecessors, successors, assigns, heirs, executors,

and administrators. For the avoidance of doubt, the phrase "all of the franchisees' and sub-franchisors' officers, directors, managing directors, employees, members, shareholders, agents, independent contractors, predecessors, successors, assigns, heirs, executors, and administrators" includes legal entities established by officers, directors, managing directors, employees, agents, or independent contractors through which any such persons or teams of such persons deliver real estate brokerage services. Notwithstanding this definition, "Settling Defendant Released Parties" shall not include any non-settling Defendants (i.e., Defendants other than Keller Williams) (including presently named Defendants in *Lutz, et al. v. HomeServices of America, et al.*, 4:24-cv-10040 (S.D. Fla.); *Davis, et al. v. Hanna Holdings*, 2:24-cv-02374 (E.D. Pa.); and *Batton, et al. v. Compass, Inc., et al.*, 1:23-cv-15618 (N.D. Ill.)), or such non-settling Defendants' past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 126-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors, and all of their respective franchisees, officers, directors, managing directors, employees, agents, contractors, independent contractors, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, and assigns. For the avoidance of doubt, individuals who were members of the National Association of Realtors are not thereby excluded from being Settling Defendant Released Parties, and entities and individuals that were sometimes associated with the Keller Williams Entities and other times associated with a non-settling Defendant are included as a Settling Defendant Released Party for the periods of time they were associated with Keller Williams and excluded for the periods of time they were associated with a non-settling Defendant.

qq. "State Statutory Period" means the earliest of a state's antitrust, consumer

protection, or unjust enrichment statute of limitations period exclusive of any possible tolling.

The State Statutory Periods are as follows:

- January 25, 2019: Texas
- January 25, 2018: Kansas, Mississippi, South Carolina, Alaska, Colorado, Maryland, Montana, Oklahoma, Washington
- January 25, 2017: Arizona, California, Florida, Idaho, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Virginia, District of Columbia, Delaware, Georgia,
- January 25, 2016: Arkansas, Illinois, Iowa, Missouri, Utah, West Virginia, Kentucky
- January 25, 2015: Connecticut, Hawaii, Maine, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, South Dakota, Tennessee, Vermont, Wisconsin, Alabama, Indiana, New Jersey, Ohio
- January 25, 2013: Wyoming
- January 25, 2011: Rhode Island, Louisiana
- January 25, 2006: Puerto Rico

rr.  "Stipulation" means this Stipulation and Agreement of Settlement.

ss.  "Taxes" means:  (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund including taxes imposed on the Parties or on their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund; (ii) the expenses and costs incurred in connection with determining the amount of and paying any taxes owed by the Settlement Fund, including, without limitation, the expenses and costs associated with tax attorneys and accountants and the mailing and distribution expenses and costs related to filing (or failure to file) any of the tax returns described in ¶¶25-26; and (iii) taxes imposed on the Settlement Fund, including estimated taxes and withholding taxes.

tt.  "Unknown Claims" means any claims that any Party does not know or suspect to exist in its favor as of the Effective Date, which if known to it might have affected its decisions with respect to the Settlement.  With respect to any Released Claims, the Parties stipulate

and agree that, upon the Effective Date, Plaintiffs and the Settling Defendant shall expressly, and each of the other Releasing Plaintiffs Parties shall be deemed to have waived, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, Section 1542 of the California Civil Code, and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and the Settling Defendant acknowledge, and each of the other Releasing Plaintiffs Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of this Settlement.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

2.      Unless otherwise agreed to by the Parties, within fourteen (14) calendar days of execution of this Stipulation, Plaintiffs shall move for, and Settling Defendant shall not oppose, preliminary approval of the Settlement, conditional certification of the proposed Settlement Class, appointment of Class Counsel as counsel for the Settlement Class, and entry of the Preliminary Approval Order, substantially in the form attached as Exhibit A hereto. The proposed Preliminary Approval Order shall include an injunction against Settlement Class members pursuing Plaintiffs Released Claims, pending final approval of the Settlement; for avoidance of doubt, the injunction

shall not affect the appeal in *Burnett v. Mullis*, No. 24-2143 (8th Cir.).

## RELEASES

3.     The obligations incurred by Settling Defendant pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action with respect to Keller Williams and the Settling Defendant Released Parties; and (ii) the Releases provided for herein.

4.     Upon final approval of the Settlement as reflected in this Stipulation, and as part of the entry of the Judgment, or the Alternate Judgment, the Action against the Settling Defendant shall be dismissed with prejudice.

5.     A Party may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, as applicable, but the discovery of any such facts shall not reduce or impair the effectiveness of the Releases of the Settling Defendant Released Parties or Releasing Plaintiffs Parties set forth in this Stipulation.

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Releasing Plaintiffs Parties: (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiffs Released Claims as against Settling Defendant Released Parties; (ii) shall forever be barred and enjoined from prosecuting Plaintiffs Released Claims against Settling Defendant Released Parties; and (iii) agrees and covenants not to sue Settling Defendant Released Parties with respect to any Plaintiffs Released Claims or to assist any third party in commencing or maintaining any suit against Settling Defendant Released Parties related to any of Plaintiffs Released Claims.

7.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further

action by anyone, upon the Effective Date of the Settlement, Settling Defendant shall be deemed to have, and by operation of law and of the Judgment (or the Alternate Judgment, if applicable) shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settling Defendant Released Claim as against each and every one of the Releasing Plaintiffs Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settling Defendant Released Claims against any of the Releasing Plaintiffs Parties.

8.    Notwithstanding ¶¶6-7, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

9.    All rights of Plaintiffs and the other Settlement Class Members against any person other than Settling Defendant Released Parties are specifically reserved by Plaintiffs and Settlement Class Members.

### SETTLEMENT CLASS CERTIFICATION

10.    Solely for purposes of this Settlement, Settling Defendant shall not oppose a motion to: (i) certify the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appoint Plaintiffs as representatives of the Settlement Class; and (iii) appoint Class Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

11.    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to Settling Defendant and the Settling Defendant Released Parties, and for no other purpose.  Neither this Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement should be intended to be, construed as, or deemed to be evidence of an admission or concession

by Settling Defendant that a class should be or should have been certified in this Action, or any related case, action, or proceeding, for any purposes other than settlement, and this Stipulation and any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement shall not be admissible in evidence for any such purpose in any proceeding. Settling Defendant retains all of its objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any reason. The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to close for any other reason, then this agreement as to certification of the Settlement Class becomes null and void ab initio, and neither this Stipulation nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding or any other case.

SETTLEMENT CONSIDERATION

12. In consideration of the settlement of the Plaintiffs Released Claims against Settling Defendant Released Parties and the Releases provided herein, Settling Defendant shall provide Plaintiffs with the monetary consideration described below.

13. Settling Defendant shall cause the Settlement Amount to be deposited into an interest-bearing Escrow Account controlled by Class Counsel in three installments as follows:

a. (1) $2,500,000 within 14 business days after the later of (i) opening of the Escrow Account, the provision by Plaintiffs' Counsel of a tax identification number and wire

15

transfer information for the Escrow Account, and any other funding information that Settling Defendant reasonably may request, and (ii) granting of preliminary approval by the Court;

      b.    (2) $5,000,000 within 14 business days after the Court awards attorneys' fees and Litigation Expenses; and

      c.    (3) $12,500,000 within 21 business days after the Effective Date.

14.    The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, Notice and Administration Costs, Litigation Expenses, service awards, class member benefits, and costs of any kind associated with the resolution of this Action.

15.    Except as required by ¶13 concerning payment of the Settlement Amount, ¶16 with respect to notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA"), and except as provided in ¶55 concerning refund upon termination of the Settlement, Settling Defendant shall have no responsibility or liability for any interest, costs, or any other monetary payment of any kind of amount, including but not limited to any attorneys' fees and Litigation Expenses, Notice and Administration Costs, service awards, or any Taxes or tax-related costs, but all such fees, expenses, costs, and taxes shall be paid from the Settlement Fund, as approved by the Court.

16.    Notwithstanding ¶15, Settling Defendant shall be responsible for serving the notice required under CAFA and the cost thereof. Settling Defendant shall also provide Class Counsel with a copy of such notice under CAFA and proof of its service.

### COOPERATION

17.    Settling Defendant will provide reasonable cooperation in the Action co-extensive with scope of Plaintiffs Released Claims to benefit the Settlement Class only as expressly described in the following subparagraphs a-e:

      a.    Settling Defendant shall not object to Plaintiffs continuing to use for

litigation purposes in the Action all documents produced by Settling Defendant (and the other Defendants to the extent such documents include Settling Defendant's employees or agents), and all deposition and trial testimony transcripts of Settling Defendant's witnesses and the other Defendants' witnesses in this case and in *Burnett, et al. v. National Ass'n of Realtors, et al.*, 4:19-cv-00332 (W.D. Mo.); *Moehrl v. National Ass'n of Realtors et al.*, No. 1:19-cv-01610 (N.D. Ill.), and *United States v. National Ass'n of Realtors*, No. 05 C 5140 (N.D. Ill.).

b. Plaintiffs may depose one (1) fact witness who is within Settling Defendant's control, except Gary Keller, for no longer than seven hours if not previously deposed in other similar litigation for which deposition transcripts have been produced to Plaintiffs, and no longer than 3.5 hours if previously deposed; provided, however, that the deposition will take place no earlier than 30 days before the close of fact discovery.

c. Settling Defendant shall produce for live testimony at trial one witness within Settling Defendant's control of Plaintiffs' choosing except Gary Keller.

d. Settling Defendant agrees to provide affidavits and declarations as to facts relevant to the authentication and admissibility of documents.

e. Settling Defendant agrees not to object in this Action or in *Lutz, et al. v. HomeServices of America, et al.*, 4:24-cv-10040 (S.D. Fla.); *Davis, et al. v. Hanna Holdings*, 2:24-cv-02374 (E.D. Pa.); and *Batton, et al. v. Compass, Inc., et al.*, 1:23-cv-15618 (N.D. Ill.) to Plaintiffs introducing as evidence the documents and testimony provided for in ¶¶17(a)-(e) above, and Defendant shall confirm its non-objection on the record if its views are sought by the court in these actions; provided, however, that Plaintiffs treat such documents or testimony in this Action as Confidential or Highly Confidential — Outside Counsel Eyes Only based on Settling Defendant's designation as defined by the Protective Order (ECF No. 161) and accord them similar

treatment in *Lutz*, *Davis*, or *Batton v. Compass* under the protective orders in effect in those actions; and provided further that Plaintiffs agree to seek no discovery or live trial testimony from Defendant in *Lutz*, *Davis*, or *Batton v. Compass*.

18.     The cooperation provided pursuant to ¶17(a)-(e) shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided and with a view towards minimizing unnecessary burdens and costs to Settling Defendant in connection with collecting, reviewing and producing data.

19.     Notwithstanding any other provision in this Stipulation, Settling Defendant shall have no obligation to produce any materials or information protected from disclosure by the work product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege and/or any other applicable privilege or protection, communications with any regulatory agency or governmental body, or any communications protected by applicable settlement privileges, including Federal Rule of Evidence 408.  Settling Defendant may assert the work product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, obligations under applicable data privacy laws or regulations, and/or applicable privilege or protection with respect to any cooperation materials provided or requested under this Stipulation. To the extent Settling Defendant withholds or redacts materials provided pursuant to this Paragraph based on any of the foregoing privileges, protections, laws, or regulations, Settling Defendant shall inform Plaintiffs.

20.     Unless provided in this paragraph, ordered by a court having jurisdiction, or upon agreement from Settling Defendant, under no circumstances shall Plaintiffs or Plaintiffs' Counsel produce documents or information obtained from Settling Defendant to any person.  For the avoidance of doubt, Plaintiffs shall not use any of Settling Defendant's documents, materials,

and/or information provided under this Agreement for any other purpose beyond prosecuting this Action, *Lutz, et al. v. HomeServices of America, et al.*, 4:24-cv-10040 (S.D. Fla.); *Davis, et al. v. Hanna Holdings*, 2:24-cv-02374 (E.D. Pa.), or *Batton, et al. v. Compass, Inc., et al.*, 1:23-cv-15618 (N.D. Ill.). Plaintiffs and Plaintiffs' Counsel expressly agree that documents, materials, and/or information provided by Settling Defendant under ¶¶ 17(a)-(e) shall not be used for the institution or prosecution of any other action or proceeding against any Settling Defendant Released Party or for any other purpose whatsoever.

21. Any dispute or controversy arising out of or relating to the cooperation, including the scope of privacy or other law concerning Settling Defendant's obligations to provide cooperation, shall be discussed first among counsel for the Parties, and if that discussion fails to resolve the dispute, the dispute shall be resolved by confidential alternative dispute resolution before Gregory P. Lindstrom of Phillips ADR Enterprises or another neutral mediator agreed upon by all Parties. The Parties shall equally split the neutral's fees and expenses, and each Party shall be responsible for its own attorneys' fees and costs.

22. If the Court does not approve the Settlement, the Parties will negotiate in good faith and use best efforts to modify the terms of this Settlement to address any concerns articulated by the Court. If such negotiations fail, all cooperation information or materials provided by Settling Defendant shall be promptly returned or destroyed. Within ten (10) business days of either Party informing the other that such negotiations have failed, Plaintiffs shall provide certification that all such materials (and any copies thereof) have been returned or destroyed.

### USE OF THE SETTLEMENT FUND

23. The Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administrative Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any service awards to Plaintiffs awarded by the Court; and (vi) any other

costs, fees, or expenses approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in the Plan of Allocation, or any other distribution plan approved by the Court.

24.     Except as provided herein or pursuant to orders of the Court, the Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. At the direction of Class Counsel, the Escrow Agent shall invest the Settlement Fund exclusively in eligible investments, meaning obligations or instruments issued or guaranteed by the United States Government or any agency or instrumentality thereof, backed by the full faith and credit of the United States or fully insured by the United States Government or an agency thereof, and including any mutual funds or similar funds invested solely in such obligations or instruments, or deposit some or all of the funds into a deposit account(s) that is fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of the FDIC insurance. Unless otherwise instructed by Class Counsel, the Escrow Agent shall reinvest the proceeds of these obligations and instruments as they mature in similar instruments at their then-current market rates. Interest earned on the money deposited into the Escrow Account shall accrue and be part of the Settlement Fund. The Settling Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

25.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and not to take any tax position that

20

is inconsistent therewith.  It is further agreed that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  The Claims Administrator and Class Counsel shall be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Settling Defendant shall not have any liability or responsibility for any such Taxes.  Upon written request, Settling Defendant shall provide to Class Counsel or the Claims Administrator the statement described in Treasury Regulation §1.468B-3(e).  Class Counsel shall cause the administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3) to timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

26.    All Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund paid out of the Settlement Fund and shall be timely paid from the Settlement Fund, pursuant to the disbursement instructions to be provided by Class Counsel, and without prior order of the Court. The Claims Administrator shall be obligated to withhold from distribution to Authorized Claimants any funds necessary for the payment of Taxes, including the establishment of authorized reserves and amounts required to be withheld under Treasury Regulation §1.468B-2(l)(2).  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes

(including estimated taxes, interest or penalties) on the interest and income earned by the Settlement Fund. Any taxes due and owing shall be paid out of the Settlement Fund as provided herein, including any Taxes or penalties imposed on the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state tax purposes. Settling Defendant shall have no responsibility or liability for the acts or omissions of Class Counsel, the Claims Administrator, or their agents with respect to the payment of Taxes, as described herein.

27.     This is not a claims-made settlement. Except as provided for in ¶¶ 28 and 56, upon the occurrence of the Effective Date of the Settlement, there will be no reversion of the Settlement Fund and neither Settling Defendant nor any other person or entity who or which funded the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. The interest from the Escrow Account will accrue to the benefit of the Settlement Class if the Court approves the Settlement.

28.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Settling Defendant, all Notice and Administration Costs incurred and paid or payable in connection with the Settlement. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, Notice and Administration Costs incurred and paid or payable up to the sum of $300,000, including any related fees, shall not be returned or repaid to Settling Defendant, their insurance carriers, or any other person or entity who or which funded the Settlement Amount, and

upon request of Settling Defendant, Class Counsel shall timely provide documentation of such Notice and Administration Costs incurred and paid or payable.

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

29.     Class Counsel will apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Amount to be paid solely from (and out of) the Settlement Fund.  Class Counsel will also apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, and service awards of no more than $5,000 per Plaintiff to be paid solely from (and out of) the Settlement Fund. After Final Approval of the Settlement, Settling Defendant agrees not to oppose Class Counsel's motion seeking Court approval to withdraw up to $500,000 from the Escrow Account to defray current and future litigation expenses and expert fees in this Action.

30.     Following entry of an order by the Court granting final approval to the Settlement (and even if such order is subject to appeal), the attorneys' fees and Litigation Expenses, as awarded by the Court, may, upon an individual Firm's election, be immediately paid to the electing Class Counsel from the Escrow Account notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such attorneys' fees and Litigation Expenses, on behalf of itself and each partner, shareholder, or

member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph. Class Counsel shall make the appropriate refund or repayment in full, including interest, no later than thirty (30) days after: (i) receiving from Settling Defendant's Counsel notice of termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Class Counsel that does not elect to receive attorneys' fees and/or Litigation Expenses from the Settlement Fund prior to the Effective Date shall not be liable for repayment in the event any other Class Counsel is unable to repay any amounts received pursuant to this provision. Any service awards to Plaintiffs shall be paid from the Settlement Fund no earlier than ten (10) calendar days following the Effective Date.

**NOTICE AND SETTLEMENT ADMINISTRATION**

31. Plaintiffs shall seek the appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing, and approving or denying Claim Forms, under Class Counsel's supervision and subject to the jurisdiction of the Court. Settling Defendant, shall not have any involvement or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation (or such other plan of distribution as the Court approves), the administration of the Settlement, the Claim Form process, or distribution of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including but not limited to, Plaintiffs, any other Settlement Class Members, or Class Counsel in connection with the foregoing.

32. Following entry by the Court of the Preliminary Approval Order, Class Counsel shall cause the Claims Administrator (i) to email the Notice to those members of the Settlement Class who or which can be identified through reasonable effort; and/or (ii) to have the Publication

24

Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

33.     Pursuant to CAFA, no later than ten (10) days after the Settlement is filed with the Court, Settling Defendant, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.  No later than seven (7) days before the Settlement Hearing, Settling Defendant shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

34.     The Claims Administrator shall receive Claims Forms and determine first, whether the Claim Form is valid, in whole or in part, and second, each Authorized Claimant's share of the Net Settlement Fund based on each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation or in such other plan of distribution as the Court approves).

35.     As soon as practicable, Plaintiffs shall retain independent allocation counsel for purposes of establishing a Plan of Allocation insofar as it involves the allocation of settlement proceeds between Settlement Class Members who are also members of a settlement class in other litigation as home sellers, and Settlement Class Members who are not.

36.     The Plan of Allocation is not a necessary term of the Settlement, and it is not a condition of the Settlement that any particular plan of distribution be approved by the Court. Plaintiffs and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of distribution in this Action.  Settling Defendant shall not object in any way to the Plan of Allocation or any other plan of distribution in the Action, and have no responsibility therefor. To the extent Plaintiffs need information reasonably within Settling Defendant's possession to aid in executing the Plan,

Settling Defendant agrees to provide reasonable assistance to Plaintiffs to provide such information.

37.     Any Settling Class Member who or which fails to timely submit a valid Claim Form will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendant with respect to the Plaintiffs Released Claims in the event that the Effective Date occurs with respect to the Settlement.

38.     Class Counsel shall be solely responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval.  Settling Defendant shall not be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

39.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

    a.     Each Claimant shall be required to submit a Claim Form supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may require;

    b.     All Claim Forms must be submitted by the date set by the Preliminary Approval Order and specified in the Notice, unless such period is extended by order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever

barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Claim Form by such Settlement Class Member is approved), but shall in all other respects be bound by all terms of this Stipulation and Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendant with respect to any Plaintiffs Released Claims. Claim Forms shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted Claim Forms for processing by the Claims Administrator so long as distribution of the proceeds of the Settlement Fund or Net Settlement Fund is not materially delayed;

c. Each Claim Form shall be submitted to and reviewed by the Claims Administrator, which shall determine in accordance with this Settlement and the Plan of Allocation and under the supervision of Class Counsel, the extent, if any, to which each Claim Form shall be allowed, subject to review by the Court pursuant to Subparagraph (e) below;

d. Claim Forms that do not meet the submission requirements may be rejected. Prior to the rejection of a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to afford the Claimant the opportunity to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under the supervision of Class Counsel, shall notify, in writing, any Claimants whose Claim Form the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim Form is to be rejected in whole or in part has the right to a review by the Court if such Claimant so desires and if such Claimant complies

27

with the requirements of Subparagraph (e) below. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interest of achieving substantial justice; and

   e. If any Claimant whose Claim Form has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of disseminating the notice required in Subparagraph (d) above, serve on the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If the dispute concerning the claim cannot otherwise be resolved, Class Counsel shall thereafter present the request for review to the Court.

   40. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form, and the Claim Form will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim Form. No discovery shall be allowed on the merits of the Released Claims or of the Settlement in connection with the processing of the Claim Forms.

   41. Class Counsel will apply to the Court for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claim Forms submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

42.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims Forms are not approved shall be barred from participation in the distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendant with respect to any and all of Plaintiffs Released Claims.

43.     No person or entity shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator, any other agent designated by Class Counsel arising from distributions made substantially in accordance with this Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Plaintiffs, Settlement Class Members, and Settling Defendant, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

44.     All proceedings with respect to the administration, processing, and determination of Claim Forms, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claim Forms, shall be subject to the jurisdiction of and decided by the Court.  All Plaintiffs, Settlement Class Members, Claimants, and Releasing Plaintiffs Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations as provided herein.

The decision of the Court with respect to objections to the Claims Administrator's claim determinations shall be final and binding on all Plaintiffs, Settlement Class Members, Claimants, and Releasing Plaintiffs Parties, and there shall be no appeal to any court, including the United States Court of Appeals for the Seventh Circuit, such right of appeal having been knowingly and intentionally waived by each Plaintiff, Settlement Class Member, Claimant, and Releasing Plaintiff Party.

## TERMS OF THE JUDGMENT AND EFFECTIVE DATE

45.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B. The Judgment will (among other things):

a.     find that the Court has personal jurisdiction over all Settling Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

b.     approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settling Class Members;

c.     direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding, and have res judicata and preclusive effect, on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Plaintiffs Parties with respect to the Plaintiffs Released Claims;

d.     find that the Notice implemented pursuant to the Agreement: (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Settlement Class,

30

and to appear at the Settlement Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

     e.     find that Plaintiffs and Class Counsel adequately represent the Settlement Classes for purposes of entering into and implementing the Settlement;

     f.     dismiss the Action (including all individual claims and Settlement Classes claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

     g.     incorporate the Releases set forth above, make the Releases effective as of the Effective Date, and forever discharge the Settling Defendant Released Parties from the Plaintiffs Released Claims and the Releasing Plaintiffs Parties from the Settling Defendant Released Claims, as set forth herein;

     h.     permanently bar and enjoin all Settlement Class Members (and those purporting to act on their behalf) who have not properly sought exclusion from the Settlement Class from initiating, asserting, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction against Settling Defendant Released Parties based on the Plaintiffs Released Claims;

     i.     incorporate any other provisions, as the Court deems necessary and just.

46.     Without affecting the finality of the Final Judgment for purposes of appeal, both Parties agree to join a Party's good faith motion to reopen the case to enforce the Settlement if reasonably necessary to adjudicate matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement or the Judgment, and for any other necessary

purpose.

47. The Effective Date of the Settlement shall be deemed to occur on the first business day following the occurrence or waiver of all of the following events:

      a.    the Court has entered the Preliminary Approval Order in all material respects;

      b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶13;

      c.    Notice has been issued to the Settlement Class;

      d.    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Federal Rule of Civil Procedure 23, and entered the Judgment;

      e.    the Judgment has become Final, or the Court has entered an Alternate Judgment, none of the Parties seek to terminate the Settlement in light of the Alternate Judgment, and the Alternate Judgment has become Final.

48. Upon the occurrence of all of the events referenced in ¶47, any and all remaining interest or right of Settling Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

## TERMINATION OF THE SETTLEMENT

49. Plaintiffs, provided they unanimously agree, and Settling Defendant shall each have the unilateral right to terminate the Settlement and this Stipulation by a termination notice to the other Parties to this Stipulation within twenty-one (21) calendar days of:

      a.    the Court's Final non-appealable refusal to enter the Preliminary Approval Order in any material respect;

      b.    the Court's Final non-appealable refusal to approve the Settlement or any

material part thereof;

      c.     the Court's Final non-appealable refusal to enter the Judgment (or Alternate Judgment) in any material respect as to the Settlement; or

      d.     the Judgment (or Alternate Judgment) being modified or reversed in any material respect by any appellate court.

50.     Any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for attorneys' fees or reimbursement of Litigation Expenses from the Settlement Fund or with respect to any service awards to Plaintiffs from the Settlement Fund or any plan of distribution shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

51.     Notwithstanding the foregoing, in the event the Court does not grant preliminary or final approval of the Settlement, Class Counsel and Settling Defendant's Counsel agree to meet-and-confer in good faith within seven (7) business days in an effort to address the reason(s) the Court did not grant preliminary or final approval of the Settlement and must exhaust available options to remedy the reason(s) before either Party may exercise the right to termination.

52.     If any portion of the Settlement Amount is not timely funded as provided herein, and the failure to fund not cured within ten (10) business days of notice of default, Plaintiffs shall have the option to terminate the Settlement in its entirety.

### EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF SETTLEMENT

53.     Should either Party exercise its option to terminate the Settlement in its entirety:  (i) all of the releases given in favor of the Settling Defendant pursuant to the Settlement shall be null and void, (ii) Plaintiffs shall refund the Settlement Amount to Settling Defendant (including any

amounts withdrawn or paid pursuant to ¶29) less previously paid or incurred costs of administration, subject to the cap set forth in ¶28, and (iii) the Parties may proceed as if the Settlement was never entered into.

54.  Unless otherwise ordered by the Court or provided herein, in the event that the Settlement is terminated in accordance with its terms:

a.  The Parties shall revert to their respective positions in the Action as of December 11, 2025.

b.  The terms and provisions of this Stipulation, with the exception of this paragraph and ¶¶11, 28, 30, 53, 55, 56 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceedings for any purpose, and any Judgment or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

c.  the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action or in any other proceedings, and nothing in this Stipulation nor the fact and terms of the Settlement shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation or be admissible in any trial or otherwise used against any Party.

55.  Within ten (10) business days after joint written notification of termination is sent to the Escrow Agent by Settling Defendant's Counsel and Class Counsel, any portion of the Settlement Amount previously paid (including any amounts withdrawn or paid pursuant to ¶29), together with any interest earned thereon (and, if applicable, repayment of the Attorneys' Fees and Expense Award) less any Notice and Administration Costs paid or reasonably incurred pursuant to ¶28, up to the sum of $300,000, and less any Taxes paid or incurred, shall be refunded by the

Escrow Agent to Settling Defendant (or such other persons or entities as Settling Defendant may direct). At the written direction of Settling Defendant's Counsel, the Claims Administrator or its designee shall apply for any tax refund owed on the Settlement Fund and the Escrow Agent shall pay the proceeds to Settling Defendant upon receipt. In the event that the funds received by Class Counsel consistent with ¶33 have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds, including interest, shall be refunded by the Escrow Agent to Settling Defendant (or such other persons or entities as Settling Defendant may direct) immediately upon their deposit into the Escrow Account, consistent with ¶30.

### NO ADMISSION OF WRONGDOING

56. This Stipulation (whether or not consummated) and any exhibits made a part hereof and the Plan of Allocation (or any other plan of allocation that may be approved by the Court); the negotiations leading to the execution of the Stipulation; and/or any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any argument proffered in connection therewith) shall not:

a. be offered against Settling Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Settling Defendant with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action, or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Settling Defendant or in any way referred to for any other reason as against Settling Defendant, in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b. be offered against any of the Releasing Plaintiffs Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of

the Releasing Plaintiffs Parties that any of their claims are without merit, that Settling Defendant had meritorious defenses or that damages recoverable under the Amended Complaint and any amendments thereto would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or other wrongdoing of any kind of any of the Releasing Plaintiffs Parties in any civil, criminal, or administrative action or proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      be construed against Settling Defendant, Plaintiffs, or any of the other Releasing Plaintiffs Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, Settling Defendant, any of the other Releasing Plaintiffs Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

57.     Each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Class Counsel in good faith and defended by Settling Defendant in good faith, that the Action is being voluntarily settled with all Parties having received the benefit of advice of their respective counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

## CONFIDENTIALITY

58.     Plaintiffs, Class Counsel, Settling Defendant, and Settling Defendant's Counsel agree that until publication of this Settlement Agreement by submission to the Court, the terms of this Settlement Agreement and all associated documents and communications, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Plaintiffs, Class

Counsel, Settling Defendant, and Settling Defendant's Counsel other than as necessary to finalize and obtain approval of the Settlement and Notice or as required by law. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the four corners of the as-filed Settlement Agreement itself, but such obligations will continue to apply to all other materials and information covered by this paragraph, including but not limited to any negotiations leading to the execution of this Settlement Agreement or related to the mediation. Nothing in this paragraph shall prohibit Settling Defendant from making general disclosures as necessary to comply with securities laws and other obligations, including to other parties or professionals involved in this Action, as well as in its public filings.

## CONTRIBUTION AND INDEMNIFICATION

59.     This Settlement is intended to absolve the Settling Defendant Released Parties of any claims for contribution, indemnification, or similar claims.  The Court shall enter an order in the Judgment, to the extent permitted by law, barring claims by any person against the Settling Defendant Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise. Failure to enter such an order is not materially adverse to Settling Defendant.

## MISCELLANEOUS PROVISIONS

60.     Except with respect to any activities related to the effectuation of the proposed Settlement, the Parties agree to seek a stay of all litigation activities as against Settling Defendant in this Action. The term does not prohibit Plaintiffs from seeking appropriate discovery from non-settling Defendants, co-conspirators, or any other person other than Settling Defendant.

61.     All of the exhibits made a part of this Stipulation are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there

exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit made a part hereof, the terms of the Stipulation shall prevail.

62.     The Parties intend this Stipulation to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs and any other Settlement Class Members against Settling Defendant with respect to Plaintiffs Released Claims.  Accordingly, Plaintiffs and their counsel and Settling Defendant and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Settling Defendant in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

63.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs (including Class Counsel) and Settling Defendant (or its successors-in-interest).

64.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

65.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees, Litigation Expenses to Class Counsel, providing for awards of service awards to Plaintiffs, and enforcing the terms of this

Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to eligible Settlement Class Members.

66.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

67.     This Stipulation and any exhibits made a part hereof constitute the entire agreement among Plaintiffs and Settling Defendant concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto other than those contained and memorialized in such documents.

68.     This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original. Each person executing the Agreement on behalf of a Party hereby represents and warrants that he or she is duly authorized to do so and that his or her signature to the Stipulation binds the Party for which the signature is provided to all the terms of the Stipulation.

69.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including Settling Defendant and Releasing Plaintiffs Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

70.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal laws of the State of

Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

71.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

72.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

73.     All counsel and any other person executing this Stipulation, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

74.     Class Counsel and Settling Defendant's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

75.     Any notice or materials to be provided to Plaintiffs or Class Counsel pursuant to or relating to this Stipulation shall be sent to Class Counsel at the email and physical addresses listed below, and any notice or materials to be provided to Settling Defendant's or Settling Defendant's Counsel shall be sent to Settling Defendant's Counsel at the email and physical addresses listed below:

Class Counsel

40

Vincent Briganti
Margaret Maclean
Noelle Forde
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
mmaclean@lowey.com
nforde@lowey.com

Randall P. Ewing
George A. Zelcs
Ryan Z. Cortazar
KOREIN TILLERY, LLC
205 North Michigan Ave., Suite 1950
Chicago, IL 60601
(312) 641-9750
rewing@koreintillery.com
gzelcs@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney
Michael E. Klenov
Carol O'Keefe
KOREIN TILLERY, LLC
505 North 7th St., Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

Settling Defendant's Counsel

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West, 395 Ninth Avenue
New York, NY 10001
(212) 735-3834
boris.bershteyn@skadden.com

David C. Kully
HOLLAND & KNIGHT LLP
800 17th St NW

Washington, DC 20006
(202) 469-5415
David.Kully@hklaw.com

76.     Except as otherwise provided herein, each Party shall bear its own costs.

77.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

78.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligation, and the determination thereof, are the sole responsibility of the Settlement Class Members, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

79.     If any term, provision, covenant, or restriction of this Stipulation is held by a court of competent jurisdiction or other authority to be invalid, void, or unenforceable, the remainder of the terms, provisions, covenants, and restrictions of this Stipulation shall remain in full force and effect and shall in no way be affected, impaired, or invalidated so long as the economic or legal substance of the Stipulation is not affected in any manner materially adverse to any Party.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys as of January  20 , 2026.

*Signature Pages to Follow*

42

**CLASS COUNSEL**

Vincent Briganti
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Email: vbriganti@lowey.com

Randall P. Ewing, Jr.
KOREIN TILLERY, LLC
205 North Michigan Ave., Suite 1950
Chicago, IL 60601
rewing@koreintillery.com

Steven M. Berezney
KOREIN TILLERY, LLC
505 North 7th St., Suite 3600
St. Louis, MO 63101
sberezney@koreintillery.com

**COUNSEL FOR DEFENDANT KELLER WILLIAMS REALTY, LLC**

Boris Bershteyn
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West, 395 Ninth Avenue
New York, NY 10001
boris.bershteyn@skadden.com

David C. Kully
HOLLAND & KNIGHT LLP
800 17th St NW
Washington, DC 20006
David.Kully@hklaw.com