IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 21 C 430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH KELLER WILLIAMS, LLC

Plaintiffs Mya Batton, Aaron Bolton, Michael Brace, Do Yeon Kim, Anna James, James Mullis, Theodore Bisbicos, and Daniel Parsons (collectively, "Plaintiffs"), moved this Court for an order preliminarily approving the proposed class action settlement ("Settlement") of this Action against Keller Williams Realty, LLC fna Keller Williams Realty, Inc. ("Keller Williams") in accordance with the Stipulation and Agreement of Settlement entered into on January 20, 2026 (the "Settlement Agreement") between Plaintiffs and Keller Williams (ECF Nos. 261-62). The Court hereby enters the following Order, having read and considered the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement with Keller Williams, and accompanying documents.

NOW, THEREFORE, on this 13th Day of February 2026, upon the application of the Parties,

**IT IS HEREBY ORDERED that**:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement and the Settlement contained therein under 28 U.S.C. § 1332, and that it has personal jurisdiction over Plaintiffs, Keller Williams (in this Action only and for purposes of this Settlement only), and all members of the Settlement Class.

3. Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified, and the Action is maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the class; (3) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (4) Plaintiffs and their counsel, Lowey Dannenberg, P.C. ("Lowey") and Korein Tillery, LLC ("Korein Tillery"), will fairly and adequately protect the interests of the Settlement Class; and (5) that the proposed Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

4. The Settlement Class preliminarily certified is defined as:

>All persons (including entities) who purchased residential real estate in the United States, from the beginning of the State Statutory Period[1] through the date of class Notice, that was listed on a MLS.[2] Excluded from the Settlement Class are: Defendants and any parent, subsidiary, affiliate, or co-conspirator of any Defendant. Also excluded is the Judge presiding over this action, his or her judicial staff, their immediate family, and to this Action. Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Notice to Class Members.

5. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel, supervised by a neutral mediator, treats all class members equitably, and preliminarily appears to be reasonable, fair, and adequate. Notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

6. Plaintiffs are hereby appointed as representatives of the Settlement Class.

7. The Court hereby appoints Lowey and Korein Tillery as Class Counsel of the Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court appoints A.B. Data, Ltd. as Claims Administrator for purposes of the Settlement.

---

[1] The State Statutory Periods are as follows: January 25, 2019 (Texas); January 25, 2018 (Kansas, Mississippi, South Carolina, Alaska, Colorado, Maryland, Montana, Oklahoma, Washington); January 25, 2017 (Arizona, California, Florida, Idaho, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Virginia, District of Columbia, Delaware, Georgia); January 25, 2016 (Arkansas, Illinois, Iowa, Missouri, Utah, West Virginia, Kentucky); January 25, 2015 (Connecticut, Hawaii, Maine, Massachusetts, Michigan, Minnesota, New York, North Dakota, Oregon, Pennsylvania, South Dakota, Tennessee, Vermont, Wisconsin, Alabama, Indiana, New Jersey, Ohio); January 25, 2013 (Wyoming); January 25, 2011 (Rhode Island, Louisiana); and January 25, 2006 (Puerto Rico).

[2] MLS is defined as any residential real estate multiple listing service in the U.S., whether or not it is NAR-affiliated. Settlement Agreement ¶ 1(f).

9. The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

10. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed pursuant to the Settlement Agreement, distribution plan ("Distribution Plan"), and/or further order(s) of the Court.

11. A hearing will be held on July 28, 2026, before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing"). The date, time, and place of the Settlement Hearing shall be set forth in the Class Notice, which is approved and ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement Class Members, other than through posting at the Court or on the settlement website ("Settlement Website").

12. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with any non-material modifications that may be consented to by the Parties and without further notice to the Settlement Class.

13. All proceedings in this Action as to Keller Williams, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

14. All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion") are preliminarily enjoined (i) from filing, commencing, prosecuting, intervening

in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on Plaintiffs Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Plaintiffs Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on Plaintiffs Released Claims. For avoidance of doubt, the injunction shall not affect the appeal in *Burnett v. Mullis*, No. 24-2143 (8th Cir.).

15.     No later than 60 days after entry of this order (the "Notice Date"), the Claims Administrator shall begin distribution of Notice to the Settlement Class in the forms (without material variation) set forth in Exs. D & E to the Declaration of Vincent Briganti & Randall Ewing ("Briganti/Ewing Decl.") (ECF No. 262-1) pursuant to the notice plan described in the Declaration of Justin Parks of A.B. Data in Support of Plaintiffs' Motion for Preliminary Approval (ECF No. 262-7).

16.     Pursuant to the notice plan, the Claims Administrator shall publish and maintain the Settlement Website, beginning no later than the Notice Date and remaining until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement, this Order, the short and long form Notice, the motion for preliminary approval and its exhibits, the Distribution Plan, the motion for final approval, and the motion for attorneys' fees and expenses. The Settlement Website shall identify important deadlines, and provide answers to frequently asked questions. The Settlement Website may be

amended as appropriate during the course of the administration of the Settlement and shall be searchable on the Internet.

17. The Claims Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

18. The Court approves, in form and substance, the notice plan, short and long form Notice, and the Settlement Website as described herein. The notice plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to file a claim, object to, or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

19. No later than 56 days following the Notice Date, the Claims Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 15-18 of this Order.

20. Any Settlement Class Member that has not submitted a timely written request for exclusion and wishes to object to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, proposed Distribution Plan, motion for attorneys' fees and expenses, or Plaintiffs' application for service awards, or who otherwise wishes to be heard personally or by his or her attorney at the Settlement Hearing and present evidence must file a timely written objection to the Court not later than 70 days after the Notice Date (the "Objection Deadline"), and deliver it on or before the Objection Deadline by hand or overnight mail to Class Counsel and

Keller Williams' counsel. The written objection must be personally signed and dated by the objector and include: (a) the name, address, telephone number, and email address of the person or entity objecting; (b) the name of this Action; (c) information sufficient to establish the person's or entity's membership in the Settlement Class; (d) a detailed statement of the grounds and evidence on which the objection is based; (e) whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class; (f) a statement of whether the objector intends to appear at the Settlement Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and email address; and (g) a list of other cases in which the objector or objector's counsel has appeared either as an objector or counsel for an objector in the last five years.

21. If the objector and/or the objector's counsel intends to appear at the Settlement Hearing, the objector must also identify in the objection any witnesses that may be called to testify at the Settlement Hearing and provide any exhibits the objector intends to introduce into evidence at the Settlement Hearing.

22. Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraphs 20-21 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by the Settlement Class Member or the Settlement Class Member's legally authorized representative, and not as a member of a group, class, or subclass.

23. Any Settlement Class Member that fails to object in the manner described in paragraphs 20-22 of this Order shall be deemed to have waived the right to object and shall be forever barred from raising such objection in this Action or any other proceeding related to or

arising out of the Settlement. Objectors may be deposed by any Party to the Settlement in the Northern District of Illinois or the county of the objector's residence or principal place of business as soon as seven (7) days following service of the objector's timely written objection. Discovery concerning any purported objections to the Settlement shall be completed no later than ten (10) days prior to the Settlement Hearing. Class Counsel, Keller Williams' counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than seven (7) days prior to the Settlement Hearing.

24. Any Settlement Class Member that seeks to be excluded from the Settlement Class must submit a written request ("Request for Exclusion") by U.S. Mail to the Claims Administrator at the address in the Notice, postmarked no later than 70 days after the Notice Date (the "Exclusion Bar Date"). A Request for Exclusion must be personally signed and dated by the Settlement Class Member and include: (a) the name, address, telephone number, and email address of the person or entity seeking exclusion, and in the case of an entity, the name, telephone number, and email address of the appropriate contact person; (b) the name of this Action; (c) information sufficient to establish the objector's membership in the Settlement Class; and (d) a statement that the Settlement Class Member seeks "opt out" or be excluded from the Settlement.

25. The right to be excluded from the proposed Settlement must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative.

26. Unless the Court determines otherwise, a Request for Exclusion shall not be effective unless it provides all of the information required pursuant to paragraph 25 of this Order, complies with paragraph 26 and this paragraph and is received by the Exclusion Bar Date, as set

forth in the Notice. Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by Plaintiffs Released Claims, and even if such Class Member never received actual notice of the Action or the proposed Settlement. Any person or entity who or which submits a timely and valid written Request for Exclusion in compliance with the terms in this Order and is excluded from the Settlement Class shall not be a Settling Class Member, shall not be bound by the terms of the Settlement or any orders or judgment in the Action and shall not receive any payment out of the Net Settlement Fund.

27. The Parties may seek leave of the Court to seek discovery, including by subpoena, from any Settlement Class Member who submits any Request for Exclusion.

28. The Claims Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Keller Williams' counsel as requested.

29. No later than 14 days after the Exclusion Bar Date, the Claims Administrator shall prepare an opt-out list identifying all persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class and a declaration attesting to the accuracy of the opt-out list. The Claims Administrator shall provide Class Counsel and Keller Williams' counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Claims Administrator and, in no event, later than 14 days after the Exclusion Bar Date. Class Counsel shall file the opt-out list and declaration of the Claims Administrator attesting to the accuracy of such list with the Court.

30. All Claim Forms shall be submitted by members of the Settlement Class to the Claims Administrator as directed in the Notice and must be electronically submitted or mailed and postmarked no later than 133 days after the Notice Date.

31. To effectuate the Settlement and the notice provisions, the Claims Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the Notice), a toll-free interactive voice response telephone system and call center to operate during business hours, and the Settlement Website for the purpose of communicating with members of the Settlement Class; (b) emailing notice to Settlement Class Members where such emails are available and publishing the media notice described in the notice plan; (c) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Settling Class Members; (e) determining the timeliness of each Claim Form submitted by Settling Class Members, and the adequacy of the supporting documents submitted by Settling Class Members; (f) corresponding with Settling Class Members regarding any deficiencies in their Claim Forms and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan (once approved); (h) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (i) preparing the opt-out list and a declaration, attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and Keller Williams' counsel; and (j) providing Class Counsel and Keller Williams' counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

32. The Claims Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund

defined in the Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

33. All reasonable costs incurred in identifying and notifying Class Members of the Settlement, administering the Settlement, and preparing tax returns and paying taxes shall be paid as set forth in the Settlement Agreement without further order of the Court.

34. Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Keller Williams or any Settling Defendant Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any person; (d) the existence or amount of any manipulation of the prices of broker commissions or homes; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, any negotiations, non-public documents, and non-public discussions associated with the Settlement Agreement are not discoverable and may not be used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Plaintiffs, the Settlement Class, and Keller Williams are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

35. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, service awards, and for final approval of the Settlement no later than 14 days prior to the deadline for objections.

36. If the Settlement is approved by the Court following the Settlement Hearing, a Final Judgment will be entered.

37. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

38. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

39. Until Final Judgment, the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

40. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

**DATED**: February 13, 2026        **ENTERED**:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge

12

**Schedule of Settlement Deadlines and Events**

| Event | Timing | Date |
|---|---|---|
| Begin distribution of Notice and launch of Settlement Website ("Notice Date") | No later than 60 days after entry of this Order | |
| Complete initial distribution of direct and publication notices | 49 days after the Notice Date | |
| Deadline to file declaration re implementation of notice plan | 56 days after the Notice Date | |
| Deadline to file motions for final approval of the Settlement, an award of attorneys' fees and expenses, and service awards. | 14 days prior to the deadline for objections/56 days after the Notice Date | |
| Objection Deadline | 70 days after the Notice Date | |
| Exclusion Bar Date | 70 days after the Notice Date | |
| Deadline to file Opt-Out List and Declaration | 14 days after Exclusion Bar Date | |
| Deadline to file opposition to objections and reply papers in support of final approval of the Settlement, request for an award of attorneys' fees and expenses, and request for service awards. | 7 days prior to the Settlement Hearing | |
| Settlement Hearing | July 28, 2026 | July 28, 2026 |
| Claims Deadline | 133 days after the Notice Date or such other time as set by the Court | |