IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>               Defendants. | Case No. 1:21-cv-00430<br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RELATE AND REASSIGN CASE PURSUANT TO LOCAL RULE 40.4**

# INTRODUCTION

This Court has been presiding over this litigation—in which Anywhere Real Estate Inc. ("Anywhere")has always been a Defendant—for over five years. It has held numerous status conferences and analyzed extensive briefing on myriad topics relating to the claims in this case, including standing, jurisdiction, the complexities of indirect purchaser claims, class certification issues, and, most recently, Plaintiffs' motion for preliminary approval of their settlement with Keller Williams. Over those five years, the Court has become intimately familiar with the strengths and weaknesses of Plaintiffs' case and with the tremendous resources that Plaintiffs' counsel have invested in advancing homebuyers' interests here.

In the meantime, another set of plaintiffs represented by different counsel filed a copycat action in state court also purporting to represent homebuyers alleging harm arising from brokerages' conspiracy to inflate broker commissions. The case was then removed to this District. *See Tuccori et al. v. At World Properties, LLC et al*., No.1:24-cv-00150 (N.D. Ill.).[1] Anywhere is not a defendant in *Tuccori* (nor are any of the other Defendants in this action). However, the *Tuccori* plaintiffs invited non-party brokerages to use a bizarre "Opt-In Procedure" to join in a settlement in their case by mediating or contributing a payment determined by formula, and to receive a release of Plaintiffs' claims in this action in return. *See Tuccori*, ECF No. 58 at 15, attached as Ex. B. Plaintiffs did not seek a transfer of the *Tuccori* action to this Court upon first learning of the "Opt-In Procedure" for the simple reason that they did not expect any of the Defendants in this action to be so brazen as to actually *use* it or for the plaintiffs in the *Tuccori* case to knowingly attempt to undermine this Court by settling with a Defendant in this case.

Plaintiffs were unfortunately wrong. Yesterday, the *Tuccori* plaintiffs filed a motion for

---

[1] *See* Consolidated Class Action Complaint, *Tuccori*, ECF No. 70 attached as Ex. A.

preliminary approval of a settlement in *Tuccori* via the Opt-In Procedure that includes Anywhere. *Tuccori,* Motion for Preliminary Approval, ECF No. 98, attached as Ex. C. The settlement is a group settlement involving five brokerages, of which Anywhere's specific share is not disclosed, of $10, 787, 500—a shade over half of what Keller Williams alone paid to settle its claims here. *Id.* at 4. In other words, for a fraction of what Plaintiffs' claims are worth, Anywhere has purported to buy a release of those claims from plaintiffs who have never sued it, away from the supervision of the one Court that best knows those claims' value.

A transfer of the *Tuccori* action to this Court under Local Rule 40.4 will put a stop to this opportunistic plaintiff-shopping, both as to Anywhere and as to any other Defendants who may attempt the same maneuver. That is exactly why the rule exists: to prevent cases with similar allegations and legal questions from eliciting inconsistent rulings between different Courts, and to save the judicial and party resources that are wasted by dueling litigations of this sort.

## SUMMARY OF *TUCCORI* AND *BATTON*

In 2021, *Batton* Counsel brought the first-filed case on behalf of homebuyers. *Batton*, ECF No. 1. *Batton* alleges that the National Association of REALTORS® ("NAR", Anywhere, and a number of the other largest real estate brokerages in the country agreed to implement and enforce anticompetitive rules that inflated broker commissions and, in turn, home prices across the United States. *Id. Batton* Plaintiffs have defeated several motions to dismiss (*see*, *e.g.*, *id.*, No. 21-CV-00430, 2024 WL 689989, at *1 (N.D. Ill. Feb. 20, 2024); 2024 WL 4871366, at *1 (N.D. Ill. Nov. 22, 2024)), propounded, responded to, and analyzed voluminous discovery, and engaged industry and economic experts to analyze antitrust impact and damages (*see*, *e.g.*, *id.*, ECF No. 262-1 (setting forth history of the *Batton* litigation)). In addition, *Batton* Counsel have continuously advocated on behalf of homebuyers in the Western District of Missouri and the Eighth Circuit in

2

connection with Anywhere's and its co-defendants' attempts to release the *Batton* claims as part of their settlements with home sellers. *Batton* Counsel's work proved fruitful when, in January 2026, they reached a settlement with Keller Williams Realty, LLC for $20 million. The settlement was preliminarily approved on February 13, 2026. *Id.*, ECF No. 269. *Batton* Plaintiffs' carefully crafted plan of distribution is due to be filed on February 26, 2026. *Id.*, ECF No. 262 at Appendix A.

In contrast, the *Tuccori* Plaintiffs filed their homebuyer claim based on the same conduct and same theory as *Batton* in state court in December 2023, naming only a single defendant that was not a party in *Batton*. *James Tuccori v. At World Properties*, No. 2023CH09928 (Ck. Cty.). The case was then removed to the Northern District of Illinois. *Tuccori*, ECF No. 1. Six months later, before any motion to dismiss briefing or discovery, *Tuccori* plaintiffs informed the Court they had reached settlement. *Id.*, ECF No. 22. That settlement was preliminarily approved, along with Plaintiffs' proposed "opt-in procedure." *Id.*, ECF No. 65.

Just yesterday, on February 23, 2026—after years of litigation in *Batton*—the *Tuccori* plaintiffs filed their motion for preliminary approval of an "opt-in" class-action settlement with non-party Anywhere (and others). *Tuccori*, Ex. C, ECF No. 98, Motion for Preliminary Approval. In connection with that motion, the *Tuccori* plaintiffs have filed a motion for leave to file an amended complaint adding Anywhere as a party. Ex. D, *Tuccori*, ECF No. 97-1.

## LEGAL STANDARD

Under N.D. Ill. Local Rule 40.4(a), a case may be related to an existing case if the cases involve "some of the same issues of fact or law" or "grow out of the same transaction or occurrence." Once two cases are determined to be related, the later-filed case may be reassigned to the calendar of the judge presiding over the earlier-filed case if (1) both cases are pending in

3

this court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. N.D. Ill. Local Rule 40.4(b).

## ARGUMENT

The *Batton* and *Tuccori* actions present precisely the circumstances that Local Rule 40.4 addresses: cases that raise substantially the same allegations and legal questions as to the same party, but are pending before different judges in the Northern District. Accordingly, under Local Rule 40.4, *Tuccori* should be related and reassigned to this Court, who is presiding over the *much* earlier-filed *Batton* action. Doing so best preserves judicial economy, avoids inconsistent—and inequitable—adjudication, and promotes efficient resolution.

**The Actions are Related (40.4(a)-(b)).** Under the Local Rules, two or more cases are related if "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the case is or are the same." N.D. Ill. Local R. 40.4(a). Any one of the Rule's four subparts suffices to satisfy the Rule's "related" requirement. *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr.*, 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010). Here, subparts (2), (3), and (4) are all met.

It is beyond dispute that the two cases involve the same questions of law and fact and grow out of the same transactions. Both cases are brought on behalf of homebuyers nationwide for their homebuying transactions. Both allege that various real estate brokerages (soon to include Anywhere in *Tuccori*) conspired with each other and with NAR to inflate broker commissions by enacting and enforcing substantially the same anticompetitive rules. *Compare*

4

Ex. D ¶¶ 1-25 (Proposed *Tuccori* Compl., No. 24-cv-150, ECF No. 97-1) *with Batton,* ECF No. 84 at ¶¶ 1-14 (*Batton* Compl.). Both cases allege that these inflated broker commissions in turn inflated home prices, among other harms. *Compare* Ex. D ¶¶ 1, 18, 26-31, 80, 92, 132, 144, 186, 189-91, 200, 212, 217-18, *with Batton*, ECF No. 84 ¶¶ 1, 4, 12, 51, 67, 71, 114, 151-53, 159, 165. And both bring claims for violations of state antitrust and consumer protection laws. *Compare* Ex. D ¶¶ 195-220, *with Batton*, ECF No. 84 ¶¶ 156-67. *Tuccori's* claims against Anywhere likewise involve the same class of plaintiffs (homebuyers), same alleged conspiracy, and same theory of harm. *See* Ex. C at 7 ("the claims against the Opt-In Settlors share numerous common questions of law and fact with the existing action, including because they involve the same or similar allegedly unlawful conduct and the same alleged commission-fixing conspiracy.").

This is far beyond what is required to establish relatedness for purposes of Rule 40. *Sprint Nextel Corp. v. AU Elecs., Inc.*, No. 12 C 9095, 2013 WL 12618203, at *2 (N.D. Ill. Mar. 1, 2013) ("two cases need not be absolutely identical to be related for purposes of L.R. 40.4."); *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) ("Local Rule 40.4(a) does not require complete identity of issues in order for cases to be considered related."). Indeed, this Court previously granted Plaintiffs' motion to relate this case to a similar case brought on behalf of home sellers where the two cases alleged the same anticompetitive conspiracy to inflate broker commissions. ECF Nos. 118, 123. Although not required, both actions also bring claims on behalf of overlapping classes, namely, individuals who purchased residential real estate listed on a MLS in the United States. *Compare* Ex. D at ¶ 176, *with Batton*, ECF No. 84 ¶ 138; *see also Tuccori*, ECF No. 58-1 at 7 ¶ 15 (defining Settlement Class in Settlement Class Agreement as "All persons who purchased a home that was

5

listed on an MLS anywhere in the United States where a commission was paid to any brokerage"); *Tuccori*, ECF No. 98-1 at 78 ¶ 7 (Anywhere Settlement referring to Class Settlement Agreement for class definition).

Since 40.4(a) is satisfied, the Court now turns to the factors set forth in 40.4(b). As set forth below, all four requirements of Rule 40.4(b) are also satisfied

**Both Actions Pending in this Court (40.4(b)(1)).** First, both cases are currently pending in the Northern District of Illinois.

**Substantial Judicial Savings (40.4(b)(2)).** Next, "because of the overlap in issues, the handling of all [the] cases by one judge is likely to result in a substantial savings of time and effort." *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002). Both cases involve the same allegations of conspiracy, the same general groups of homebuyers, and various complexities created by the concurrent seller litigation in the Western District of Missouri and the Eighth Circuit. Rather than requiring two different judges to become familiar with the interrelatedness of every one of these cases, re-assigning *Tuccori's* claims against Anywhere will save substantial time and resources given Judge Hunt's familiarity this complicated procedural history and the substantive issues involved. *E.g.*, *Batton*, ECF Nos. 180 (order granting partial stay due to settlement releases); 256 (hearing on relationship between settlement releases and class certification motion), 259 (order staying class certification pending Eighth Circuit appeal disposition); *accord Portis v. McKinney*, No. 21-CV-2842, 2021 WL 4125107, at *2 (N.D. Ill. Sept. 9, 2021) (granting Rule 40.4 motion finding it "would be inefficient for two judges to get up to speed on the[] issues."). Additionally, while the partis in *Tuccori* have engaged in essentially no merits-based motion practice testing the viability of the claims, the *Batton* plaintiffs have engaged in substantial motion practice in this Court. *See Id.*, ECF No. 214 (order

6

regarding amended complaint), 185 (personal jurisdiction order following motion to dismiss); *see also* ECF No. 125 (Judge Wood's order denying in part Anywhere's motion to dismiss).

Moreover, Anywhere's choice to opt-in to the *Tuccori* settlement as an end-run around this Court has already necessitated the filing of multiple motions in both courts. If the cases remain separate, there will likely be additional motion practice before both courts, resulting in voluminous briefing, delay in both cases, and potentially conflicting outcomes. *Portis*, 2021 WL 4125107, at *2 ("Reassignment ensures consistent rulings on [] disputes"). Re-assigning the case now, when Anywhere is on the cusp of being added to the *Tuccori* complaint nips these inefficiencies in the bud.

Transferring *Tuccori* to this Court permits one Court to resolve all of the issues arising out of Anywhere's opt-in settlement with the *Tuccori* plaintiffs. *E.g.*, *Sprint Nextel Corp. v. AU Elecs.*, Inc., No. 12 C 9095, 2013 WL 12618203, at *2 (N.D. Ill. Mar. 1, 2013) ("Substantial savings in judicial time and effort will be gained, and wasteful overlap will be avoided, by having one court rule on the pending motions to dismiss and handle the cases going forward.").

**Reassignment will not delay the proceedings here (40.4(b)(3)).** Although this case is much further progressed than *Tuccori*, this fact makes proceedings here more efficient, not less. As set forth above, the more advanced stage of this litigation means that this Court has extensive familiarity with the common questions of fact and law and can more easily adjudicate *Tuccori*. *See*, *e.g.*, *Stingley v. Laci Transp.*, No. 18-cv-06221, 2020 U.S. Dist. LEXIS 259975, at *10 (N.D. Ill. Dec. 1, 2020) (finding that reassignment would not cause significant delay even though the cases were at the class certification stage); *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 U.S. Dist. LEXIS 5725, at *12 (N.D. Ill. Jan. 14, 2016) (finding reassignment would not cause significant delay even though the cases were at different steps in the class notice process)*;*

7

*Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-cv-6109, 2019 U.S. Dist. LEXIS 101145, at *10 (N.D. Ill. June 18, 2019) (reassignment would not cause delay where "discovery is stayed" in the first-filed case pending outcome of a partial summary judgment motion). If *Tuccori* is not re-assigned, proceedings in this case against Anywhere may be delayed while disputes regarding the Anywhere opt-in settlement are resolved.

**The cases are susceptible of disposition in a single proceeding ((40.4(b)(4)).** Factor four only requires that both actions involve "fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings." *Sprint*, 2013 WL 12618203, at *3. As already discussed, the two actions involve essentially the same claims and would easily be handled together in this Court whether they proceed together in exact unison or not. *See id.* ("As other courts in this district have held, reassignment does not require that the two cases be bound together, proceeding in unison for all purposes.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the *Tuccori* action be designated as related to this case and reassigned to Your Honor pursuant to LR. 40.4.

8

Dated: February 24, 2026                                  Respectfully submitted,

*/s/ Vincent Briganti*
Vincent Briganti (pro hac vice)
Margaret MacLean (pro hac vice)
Noelle Forde (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
mmclean@lowey.com
nforde@lowey.com

George A. Zelcs (Ill. Bar No. 3123738)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney (N.D. Ill. Bar No. 56091)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notification of the same to all counsel of record in this matter.

                                                            */s/ Randall Ewing*
                                                              Randall Ewing