**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. F/K/A REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Civil Action No.: 1:21-cv-00430 <br><br> Judge LaShonda A. Hunt |

**OPPOSITION OF DEFENDANT NATIONAL ASSOCIATION OF REALTORS® TO PLAINTIFFS' MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL**

Defendant The National Association of REALTORS® (NAR) opposes Plaintiffs' Motion for Appointment of Interim Class Counsel.

**ARGUMENT**

Plaintiffs have moved for appointment of interim class counsel under Fed. R. Civ. P. 23(g)(3), asserting that the opt-in settlement procedure in *Tuccori v. At World Properties, LLC,* No. 1:24-cv-00150 (N.D. Ill.) warrants such an appointment. Defendant Anywhere Real Estate, Inc., and Plaintiffs' counsel in *Tuccori* have filed oppositions to the motion. To avoid duplicative arguments, NAR will limit its opposition to a few salient points.

Rule 23(g)(3) provides "the court *may* designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.

23(g)(3) (emphasis added). Under that provision, the decision to appoint interim class counsel is within the Court's discretion. *See, e.g., Harris v. Lee Univ.*, No. 1:25-CV-107, 2025 WL 2684112, at *1 (E.D. Tenn. July 24, 2025); *Mogull v. Pete & Gerry's Organics, LLC*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1 (S.D.N.Y. Sept. 30, 2022). The Court should exercise its discretion to deny the motion for two reasons.

First, the motion is unnecessary. This is not a case in which competing plaintiffs' counsel in consolidated cases disagree over legal strategy or where appointment of an interim counsel will foster efficiency in the litigation. Plaintiffs seek the appointment to prevent additional Defendants from participating in the *Tuccori* settlement process. But this Court recognized during the March 5, 2026, hearing that any defendant can decide to explore the *Tuccori* opt-in procedure. *See* Ex. A, at 20 (noting that under the *Tuccori* opt-in process "any defendant who decides, you know, 'I'd like to move on,' should be able to, if they meet whatever requirements are set" and that a defendant "has the right to talk to -- to plaintiffs' counsel" in *Tuccori*).

Appointing interim class counsel in this case will thus not bind Defendants in the way Plaintiffs want. In the absence of an injunction precluding Defendants from engaging in negotiations or settling other cases (which the Court has already rejected), "appointment of interim class counsel does not preclude a defendant from reaching settlement with counsel for the putative class in a separate action." *Shiloah v. GEICO Indem. Co.*, No. 6:24-CV-06447 EAW CDH, 2025 WL 2314761, at *3 n.6 (W.D.N.Y. Aug. 12, 2025); *Melville v. HOP Energy*, LLC., No. 21-CV-10406, 2024 WL 4224850, at *2 (S.D.N.Y. Sept. 18, 2024). Appointment as interim class counsel is therefore unnecessary.

Second, Plaintiffs' lack of diligence warrants denial of the motion. *Tuccori* has been pending since December 2023. *See* Pl. Mtn., Dkt. 292, at 9. And the opt-in settlement procedure

has been public since October 13, 2025, when the parties in *Tuccori* filed a request for preliminary approval of that process, which was granted on October 16, 2025. *Tuccori* Dkt. 58, 65. That procedure expressly contemplated the possibility of including Defendants who were parties to the *Burnett* settlement, even mentioning NAR specifically. *See Tuccori* Dkt. 58-1, at 15-16. Despite being on notice of this possibility, Plaintiffs in this case waited nearly five months to bring this motion. That delay undermines Plaintiffs' contention that appointment of interim class counsel is necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: March 20, 2026

Respectfully submitted,

/s/ *Leonard A. Gail*

Leonard A. Gail
Suyash Agrawal
Brigid M. Carmichael
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590
lgail@masseygail.com
sagrawal@masseygail.com
bcarmichael@masseygail.com

Matthew M. Collette
Kylie Chiseul Kim
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511
mcollette@masseygail.com
kkim@masseygail.com

3