# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE INC. FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>       Defendants. | Case No. 1:21-cv-00430 (LAH)<br><br>Hon. LaShonda A. Hunt |

**MEMORANDUM IN SUPPORT OF DEFENDANT
ANYWHERE REAL ESTATE INC.'S MOTION TO STAY PROCEEDINGS
<u>PENDING FINAL APPROVAL OF CLASS SETTLEMENT</u>**

## INTRODUCTION

Most of the proceedings in this case have already been stayed as to Anywhere Real Estate Inc. (f/k/a Realogy Holdings Corp.) ("Anywhere") because of a class settlement it reached two years ago in *Burnett, et al., v. National Ass'n of Realtors, et al.*, No. 4:19-cv-00332-SRB (W.D. Mo.). As the Court knows, Anywhere has now reached a class settlement in *Tuccori, et al., v. At World Properties, LLC, et al.*, No. 1:24-cv-00150 (N.D. Ill.), that resolves all remaining claims against it in this case, and that Judge Jenkins has preliminarily approved. (*Tuccori*, Dkt. 119.) Plaintiffs admit that, between these two settlements, "there would be no claims remaining" against Anywhere in this case. (Mar. 5 Hearing Tr. at 14:21-15:2.)

Recognizing this, at the last hearing, Your Honor stated that "I don't want to force Anywhere to continue to litigate in this case" because "I can't do much of anything until *Tuccori* is resolved, . . . just like I can't do anything until *Burnett* is resolved." (Mar. 5 Hearing Tr. at 15:7-16:8.)

After the hearing, Anywhere asked Plaintiffs to stipulate to a stay to eliminate the need for motion practice. But they refused. Anywhere therefore respectfully brings this motion to stay all remaining claims against Anywhere pending final approval of the *Tuccori s*ettlement, consistent with the stay currently in place with respect to all claims released by the *Burnett* settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

**Real-estate broker antitrust litigation.** This action is one of many antitrust actions raising allegations of price fixing against essentially the entire U.S. real estate brokerage industry. The claim is that rules promulgated by the National Associations of Realtors (NAR) and implemented by multiple listing services increased the commissions paid to brokerages when homes are sold.

The direct-purchaser cases (brought by home sellers, who directly paid the commissions)

were filed first. *See Burnett v. Nat'l Ass'n of Realtors, et al.*, No. 4:19-cv-00332-SRB (W.D. Mo. 2019); *Moehrl v. Nat'l Ass'n of Realtors, et al.*, No. 1:19-cv-01610-ARW (N.D. Ill. 2019).

The indirect-purchaser cases (brought by home buyers, who allege that higher commissions increased the home prices they paid), including this case, were copycat claims filed years later. (*See, e.g.*, Dkt. 1 (Complaint, filed Jan. 25, 2021); *Tuccori*, No. 1:24-cv-00150 (N.D. Ill.).)

**Anywhere's prior class settlement and the resulting partial stay of this case.** In 2023, Anywhere reached an agreement to pay $83.5 million to settle all the direct-purchaser claims, plus the indirect-purchaser claims of people who had both. (*See Burnett* Dkt. 1192; *Burnett* Dkt. 1469 at 5.) That settlement has been finally approved, and the approval is on appeal in the Eighth Circuit. In relevant part, Plaintiff James Mullis argues that class members who had both direct-purchaser and indirect-purchaser claims should not have been allowed to release both types of claims. (*See Burnett v. Mullis*, No. 24-2143 (8th Cir.); *Burnett*, Dkt. 1447.)

After the *Burnett* settlement was finally approved by the U.S. District Court for the Western District of Missouri, Plaintiffs stipulated to stay this litigation as to all class representatives who were members of the *Burnett* settlement class, pending resolution of the appeals. (Dkt. 162.) This Court entered that stay in October 2024. (Dkt. 179.)

Despite that initial stay, when Plaintiffs moved in September 2025 to certify a class and be appointed as class counsel, they included in their proposed class home buyers who had already released their indirect-purchaser claims. (Dkt. 243.) Their expert estimated that up to 79% of claims in their proposed class had been released. (Dkt. 246 at 3.) Anywhere objected to the improper, overbroad class. (*Id.* at 6.) The Court agreed, struck Plaintiffs' motion, and in November 2025 stayed all further class proceedings pending resolution of the Eighth Circuit appeal. (Dkt. 257.)

**Anywhere's new class settlement of all remaining claims against it.** While Plaintiffs in this case kept trying to pursue claims that had already been released, the plaintiffs in the *Tuccori* case pursued just the claims that had **not** been released. In October 2025, they sought preliminary approval of an icebreaker settlement with ten brokerage defendants.[1] (*Tuccori*, Dkt. 58.) The settlement included a procedure for non-party real estate brokerages to opt into the settlement. (*Id.* at Ex. A ¶ 35.) Judge Jenkins preliminarily approved the initial *Tuccori* settlements, including the opt-in procedure, on October 16, 2025. (*Tuccori*, Dkt. 65.)

In February 2026, Anywhere participated in a mediation with former Chief Judge James Holderman in the *Tuccori* opt-in process and reached an agreement to settle the remaining indirect-purchaser claims it had not already settled in *Burnett*. (Dkt. 280-1, ¶ 8.) On February 23, 2026, the *Tuccori* plaintiffs filed a motion for preliminary approval of settlements with four opt-in settlors, including Anywhere. (*Tuccori*, Dkt. 98.)

Plaintiffs in this case then filed a flurry of motions here and in *Tuccori* attempting to disrupt the Anywhere settlement. In *Tuccori*, Plaintiffs moved to intervene. (*Tuccori*, Dkt. 100.) Judge Jenkins denied that motion on March 4. (*Tuccori*, Dkt. 118.) Then, because no one, including Plaintiffs, objected to the preliminary approval of Anywhere's settlement, Judge Jenkins granted preliminary approval, also on March 4. (*Tuccori*, Dkt. 119.)

In this case, Plaintiffs moved for a preliminary injunction against the class settlement approval proceedings in *Tuccori* (Dkt. 273) and to reassign *Tuccori* to this Court. (Dkt. 271.) On March 5, this Court denied both motions. (Dkt. 294.)

---

[1] At World Properties, LLC, Baird & Warner, Inc., Real Estate One, Inc., Silvercreek Realty Group LLC, Equity Realtors, L.L.C. d/b/a Equity Real Estate, NextHome, Inc., Realty Executives Intl. Svcs. LLC, Shorewest Realtors, Inc., Side, Inc., and Engel & Völkers Americas, Inc., and Engel & Völkers GmbH. (*Tuccori*, Dkt. 58 at Ex. A ¶ 18.)

At the March 5 hearing, counsel for Anywhere noted that, because the *Tuccori* settlement resolved all remaining claims in this case that were not already resolved by the *Burnett* settlement, all remaining proceedings against Anywhere should be stayed. (Mar. 5 Hearing Tr. 12:13-13:16.) The Court asked Plaintiffs' counsel if they agreed that all claims against Anywhere would be resolved by the combined *Burnett* and *Tuccori* settlements. Plaintiffs' counsel agreed that, if those settlements become final, "there would be no claims remaining" against Anywhere. (*Id.* at 14:21-15:2.)

The Court then expressed its view that it cannot "proceed with class certification motions and summary judgment motions without having some guidance from *Burnett*" and that the Court "can't do much of anything until *Tuccori* is resolved, . . . just like I can't do anything until *Burnett* is resolved." (*Id.* at 15:7-16:8; *see also id.* at 15:18-21 ("I don't want to spend time unnecessarily briefing issues if we don't have to because I can't do anything until the settlement process in the case before Judge Jenkins is resolved.").) The Court therefore directed the parties to meet and confer on a stay to avoid unnecessary motion practice. (*Id.* at 16:6-8.)

After the hearing, Anywhere asked Plaintiffs if they would agree to a stay. (Declaration of Kenneth M. Kliebard, ¶ 5 & Ex. A.) Despite this Court's direction at the hearing, Plaintiffs refused to agree. (*Id.*)

Anywhere therefore respectfully brings this motion for a stay.

### ARGUMENT

The Court should stay all remaining proceedings in this action as to Anywhere. Most proceedings are already stayed because of the *Burnett* settlement. (Dkts. 179, 257.) The Court should now stay the remainder because of the *Tuccori* settlement.

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, courts consider whether a stay will: (1) "simplify the issues in question and streamline the trial"; (2) "reduce the burden of litigation on the parties and on the court"; and (3) "unduly prejudice or tactically disadvantage the non-moving party." *Wilcosky v. Amazon.com., Inc.*, No. 19-cv-05061, 2023 WL 11824850, at *2 (N.D. Ill. July 21, 2023).

Federal district courts—including this Court—consistently grant stays when a class settlement has been preliminarily approved by another court, and the settlement will resolve the action before the court in whole or in part if it is finally approved.[2] Indeed, this Court previously stayed all proceedings in this case affected by the *Burnett* settlement, pending final resolution of the appeals regarding that settlement. (Dkts. 179, 257.)

The *Tuccori* settlement now resolves all remaining claims against Anywhere that were not previously resolved and enjoined by the *Burnett* settlement. (*Tuccori*, Dkt. 119.) Plaintiffs agree

---

[2] *See, e.g.*, *Meaden v. HarborOne Bank*, No. 23-cv-10467, 2023 WL 3529762, at *5 (D. Mass. May 18, 2023) (granting preliminary approval of class settlement and staying further proceedings pending final approval); *Hennessey v. The Gap Inc.*, No. 4:19-cv-01867-SEP, 2021 WL 2665910, at *1 (E.D. Mo. June 29, 2021) (noting that courts "routinely" stay putative class actions when "a pending nationwide settlement could impact the claims in the case before them"); *Simerlein v. Toyota Motor Corp.*, No. 3:17-cv-1091, 2019 WL 1435055, at *18 (D. Conn. Jan. 14, 2019) ("[T]he *Combs* action has been stayed by the Central District of California pending final approval of the proposed Settlement."); *Fernandez v. Boiron, Inc.*, No. SACV 11-1867, 2012 WL 1889763, at *4 (C.D. Cal. Apr. 26, 2012) ("[A] stay of this action pending final approval of the settlement in the *Gallucci* Action is the best course of action."); *Lindley v. Life Investors Ins. Co. of Am.*, No. 08-cv-0379-CVE, 2009 WL 3296498, at *4 (N.D. Okla. Oct. 9, 2009) (granting stay pending result of fairness hearing in classwide settlement in similar case); *In re RC2 Corp.*, 2008 WL 548772, at *5 (granting stay pending final approval of settlement of action involving similar putative classes and claims); *Annunziato v. eMachines, Inc.*, No. SACV 05-610 (MLGx), 2006 WL 5014567, at *6 (C.D. Cal. July 24, 2006) (granting motion to stay where a parallel proceeding was based on the same alleged product defect and the putative class was subsumed within a proposed nationwide class whose claims had settled in principle); *see also Noll v. Flowers Foods, Inc.*, No. 1:15-cv-00493, 2021 WL 5614752, at *3 (D. Me. Nov. 30, 2021) (staying related matters pending final approval of settlement); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-2503, 2018 WL 11293802, at *3 (D. Mass. Mar. 12, 2018) (same); *Hoff v. Popular Inc.*, No. 3:09-cv-01428, 2011 WL 13209643, at *6 (D.P.R. June 20, 2011) (same).

that the *Burnett* and *Tuccori* settlements together resolve all claims against Anywhere. (Mar. 5 Hearing Tr. 15:16-16:2.) Consequently, the Court should stay all remaining proceedings against Anywhere pending final approval of the *Tuccori* settlement. All of the stay factors favor granting this motion.

### 1. A stay will simplify the issues and streamline the case.

The first factor courts consider is whether a stay would simplify the issues and streamline the case. Here, a stay certainly would, because the *Tuccori* settlement will resolve all remaining claims against Anywhere. *See, e.g.*, *Nellis v. Vivid Seats LLC*, No. 20-cv-2486, 2021 WL 12319465, at *8 (N.D. Ill. Nov. 1, 2021) (settlement agreements and final judgment orders "have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release"). Courts widely recognize that the preclusive effect of a pending class settlement supports a stay.[3]

### 2. A stay will reduce the burden of litigation on the parties and the Court.

The second factor considers whether a stay would reduce the burden of litigation on the parties and the Court. Here again, the answer is yes: a stay may avoid the burden of litigation altogether because the *Tuccori* settlement, if finally approved, will resolve the remainder of this

---

[3] *See, e.g.*, *Paredas v. Garda CL West, Inc.*, No. 1:25-cv-00781-EPG, 2025 WL 3718812, at *2 (E.D. Cal. Dec. 23, 2025) (factor favored stay where "the proposed settlement, if approved, will dispose of some of Plaintiff's claims"); *In re Credit Default Swaps Auctions Litig.*, No. 1:21-cv-0606 KG/DLM, 2024 WL 264035, at *4-6 (D.N.M. Jan. 24, 2024) (stating, in an antitrust case, that it would be appropriate to stay the litigation pending settlement when it could "modif[y] drastically" the current case); *Liguori v. Wells Fargo Bank, N.A.*, No. 19 CV 10677 (VB), 2020 WL 5370709, at *5 (S.D.N.Y. Sept. 8, 2020) ("Any resolution in [case in which nationwide settlement was pending final approval] will affect at least some members of the proposed putative class in this action and, consequently, the issues in this case."); *Christensen v. CLP Resources, Inc.*, No. CV 14-8073-GW(PLAx), 2015 WL 13764185, at *2 (C.D. Cal. Nov. 16, 2015) ("The existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay.") (quoting *Doyle v. OneWest Bank, N.A.*, No. CV 13–05951 SJO (JEMx), 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015)).

case as to Anywhere.

Courts widely recognize "that there are considerable efficiencies to be gained by staying this action pending final approval of the [class] settlement." *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-cv-03184, 2021 WL 4990238, at *2 (N.D. Cal. Oct. 27, 2021). This is obviously true when the pending settlement would resolve the entire case. But even when the settlement would resolve only part of the case, stays are still prudent because the pending settlement may "simplify issues, proof, and questions of law." *Watkins*, 2023 WL 7301491, at *3 (quoting *Filtrol v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)) (cleaned up). Granting a stay pending final approval of a settlement allows "both parties to understand what claims and parties remain and to adjust their litigation strategies accordingly." *Id.* It also saves the cost of all "unnecessary discovery and other pretrial matters" for the claims that are resolved. *Liguori*, 2020 WL 5370709, at *5. To deny a stay is thus to "unduly burden [a defendant] as well as this Court." *Albert*, 232 F. Supp. 3d at 513. Cases recognizing this point are legion.[4]

Here, specifically, a stay will save significant discovery costs. It will also save the cost of additional motion practice. As the Court commented at the March 5, hearing, "I think there's just a practical question in my mind about why this would be necessary at this point, in light of what's

---

[4] *See, e.g.*, *Ferguson v. CVS Pharmacy, Inc.*, No. 18-cv-1529, 2019 WL 4345787, at *2 (S.D. Cal. Sept. 12, 2019) (stating "not granting a stay would harm Defendant because it would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues when this case may be dismissed upon final approval of the [class] Settlement" (internal quotation omitted)); *JPMorgan Chase LPI Hazard Litig.*, No. C–11–03058 JCS, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) (finding that "[a] stay is in the interest of judicial economy because a settlement in [an overlapping case] would obviate any further litigation of issues . . . [and] allow both parties to conserve their resources should a settlement in [the overlapping case] be finalized"); *Lindley*, 2009 WL 3296498, at *3 (granting stay "to allow [other] court to hold a fairness hearing will conserve defendant's resources . . . and will also conserve the Court's resources"); *cf. In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1049-50 (N.D. Ill. 2012) ("Although the class action contains different plaintiffs and additional defendants, the parties in both cases need not be perfectly aligned for the court to issue a stay.").

been established by Judge Jenkins in the *Tuccori* case." Mar. 5 Hearing Tr. 24:3-6; *see also* Mar. 5 Hearing Tr. 21:6-9 (Court: "I can't stop parties from filing motions, but I will say that I don't know that this is definitely the best use of everybody's time right now."). The Court is correct: any further proceedings against Anywhere are unnecessary, especially proceedings regarding interim class counsel, given the settlement reached in *Tuccori*.

### 3. Plaintiffs will not be unduly prejudiced by a stay.

The third and final factor considers whether the non-moving party, here Plaintiffs, would be unduly prejudiced by a stay. Plaintiffs will not be prejudiced because their claims are included in the *Tuccori* settlement and hence they can receive benefits from, object to, or opt out of that Settlement. (Mar. 5 Hearing Tr. 9:15-19 (noting Plaintiffs will have an opportunity to object to the Settlement).)

Courts widely recognize that because plaintiffs in the case being stayed for a proposed class settlement in another case can be heard in that other case, they are not prejudiced by the stay.[5]

To the extent that Plaintiffs express concern about delay, "delay standing alone does not establish prejudice." *Liguori*, 2020 WL 5370709, at *4. In addition, the stay here will last only until final approval proceedings in *Tuccori*, and courts conclude there is no undue prejudice when a stay is temporally limited in this manner. *See Watkins*, 2023 WL 7301491, at *3 (concluding delay caused by stay was a nonissue because court in parallel litigation had already preliminarily

---

[5] *See, e.g.*, *Ferguson*, 2019 WL 4345787, at *2 (stay of proceedings would not prejudice plaintiff because "the requested stay 'will allow [Plaintiff] to focus [its] resources on attacking the fairness of the potential [*Worth*] settlement'" (alterations in original)); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2019 WL 1466963, at *2-3 (N.D. Cal. Feb. 14, 2019) (issues regarding whether the settlement should be approved, including its fairness, should be raised with the settlement court and "are irrelevant to assessing whether a stay should be entered"); *Campbell v. Citibank, N.A.*, No. 3:13-cv-02675, 2014 WL 3198195, at *2 (N.D. Ohio July 8, 2014) (holding that plaintiffs could not show prejudice from a stay because they were able to contest the appropriateness of the proposed settlement in front of the judge overseeing it).

approved the stay such that the "settlement process [was] well underway"); *Casserly v. Power Balance, LLC*, No. CV 11-00670 AG (RNBx), 2011 WL 13220130, at *2 (C.D. Cal. June 13, 2011) (concluding there would be "little damage to Plaintiff from granting a stay because it will only be a few months until the Court in [the parallel litigation] holds a hearing for final approval of the settlement."). In *Tuccori*, the opt-in period ends on April 14, 2026, less than a month from the filing of this motion; after that, the *Tuccori* plaintiffs have 35 days to file any additional motions for preliminary approval. (*See Tuccori*, Dkt. 58 at Ex. A ¶ B(8).). Notice and an opportunity to object will then proceed, followed by a final approval hearing. To the extent that a stay pending the final approval hearing will cause "any resulting hardship or inequity," it "is minimal in comparison to the risk of uncertainty and chaos in proceeding while settlement approval is pending." *Fernandez*, 2012 WL 1889763, at *4.

## CONCLUSION

For the foregoing reasons, Anywhere respectfully requests that the Court grant the Motion and enter an order staying all proceedings and deadlines as to Anywhere pending a decision from the *Tuccori* Court on final approval of the Settlement.

Dated: March 20, 2026

/s/ Kenneth M. Kliebard

Kenneth M. Kliebard
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 324-1000
kenneth.kliebard@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

William T. McEnroe (*pro hac vice*)
Dennie B. Zastrow (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com
dennie.zastrow@morganlewis.com

Aaron D. Van Oort
Kevin P. Wagner (*pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
aaron.vanoort@faegredrinker.com
kevin.wagner@faegredrinker.com

*Counsel for Defendant Anywhere Real Estate Inc.
(f/k/a Realogy Holdings Corp.)*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 20, 2026, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's electronic filing system.


Dated: March 20, 2026                                    */s/ Kenneth M. Kliebard*

                                                         Kenneth M. Kliebard