**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE INC. f/k/a REALOGY HOLDINGS CORP., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,

Defendants.

Case No. 1:21-cv-00430

Hon. LaShonda A. Hunt

**RESPONSE IN OPPOSITION OF
DEFENDANT ANYWHERE REAL ESTATE INC. TO
PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

As with Plaintiffs' improper motions to enjoin settlements before other courts and its prior unsuccessful motion to be appointed as interim class counsel, Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel in this case (ECF 292) fails to demonstrate that such an appointment either is "necessary or appropriate" under Rule 23(g)(3), and it should therefore be denied. *See* ECF 154 at 2 (May 8, 2024 Order denying Plaintiffs' first Motion for Preliminary Injunction as "neither necessary nor appropriate"); ECF 257 (Nov. 13, 2025 Order striking Plaintiffs' prior Motion to Appoint Interim Class Counsel); ECF 294 (Mar. 5, 2026 Order denying Plaintiffs' second Motion for Preliminary Injunction).

First, as the Court is aware, Defendant Anywhere Real Estate Inc. ("Anywhere") has settled all remaining claims against it pursuant to the opt-in and special settlement master procedure ordered by the court in *Tuccori*. That settlement has received preliminary approval without any objections. *Tuccori v. At World Properties, LLC*, No. 24-cv-00150 (N.D. Ill.), ECF 119. Accordingly, Anywhere is concurrently moving to stay the *Batton* case against it pending final approval of its settlement in *Tuccori*. *See* ECF 301. If the Court grants Anywhere's Motion to Stay, Plaintiffs' instant Motion is moot as to Anywhere.

Second, this is not the typical case in which a court may benefit from the appointment of interim class counsel for improved coordination among multiple sets of attorneys. Settlements are proceeding apace, one was just announced today, and more are expected. Rather, in recent hearings, Plaintiffs effectively acknowledged that the real purpose of Plaintiffs' recent onslaught of motions is to position Plaintiffs' counsel in *Batton*—rather than plaintiffs' counsel in *Tuccori*—to obtain fees from any resulting settlements and gain leverage over the preliminarily approved class settlement involving Anywhere in *Tuccori* and the court-ordered opt-in procedure that permits additional settlements to proceed in *Tuccori*. While Anywhere takes no position as to how fees should ultimately be allocated among plaintiffs' counsel in connection with final approval of any pending settlements, neither gaining leverage over pending settlements nor undermining judicially approved settlement processes is a valid basis for appointment of interim class counsel.

The lack of necessity for Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel is reinforced by the extensive history in the real estate commission cases. In 2024, the Judicial Panel on Multidistrict Litigation ("JPML") concluded that coordination of the dozens of related real estate commission cases across the country (including this case ("*Batton I*"), *Batton, et al. v.*

*Compass, Inc., et al.*, No. 1:23-cv-15618 (N.D. Ill.) ("*Batton II*"), and *Tuccori*) was ***not*** necessary because of the ongoing settlement proceedings at the time. In denying the motion to centralize, the JPML explained that "[a]fter settlement proceedings conclude, and it becomes evident how many claims and parties still remain and the extent to which they overlap, if at all, it may be that formal centralization is needed, or, perhaps, informal coordination efforts can adequately address any duplicative pretrial proceedings." *In re Real Estate Commission Antitrust Litig.*, MDL No. 3100, Order at 4 (J.P.M.L. April 12, 2024), ECF 558.

The same remains true today. In both *Tuccori* and *Batton I*, there have already been 16 preliminarily approved settlements, and settlement proceedings are ongoing. Following final approval of the pending settlements, "it may be that formal centralization" or appointment of interim class counsel is needed. *Id.* But for now, appointing counsel in *Batton I* as interim class counsel would directly conflict with, and risk disrupting, the ongoing settlement approval proceedings in *Tuccori*. The Motion should therefore be denied.

## FACTUAL BACKGROUND

Contrary to Plaintiffs' suggestion, these cases did not arise from a DOJ complaint filed in late 2020. *See* Pls.' Mot. at 4. Rather, these cases arise from a pair of private class actions that were filed in early 2019 on behalf of home sellers by completely different plaintiffs' counsel. *See Leeder v. Nat'l Ass'n of Realtors*, 601 F. Supp. 3d 301, 313 (N.D. Ill. 2022) (denying antitrust standing in *Leeder*/*Batton* because the same issues were already raised in *Moehrl*).[1] The

[1] *See also* Pls.' Am. Compl. ¶ 4, ECF 84 ("Plaintiffs and Class Members are home buyers who purchased their homes on MLSs affiliated with and governed by NAR."); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610 (N.D. Ill.), Am. Compl. ¶ 1, ECF 84 ("Plaintiffs, home sellers who listed their homes. . ."); *Burnett v. Nat'l Ass'n of Realtors*, No. 19-cv-00332 (W.D. Mo.), Am. Compl. at 1, ECF 38 ("Plaintiffs . . . bring this action on behalf of themselves and on behalf of the plaintiff classes . . . consisting of all persons and entities who listed properties on one of four Multiple Listing Services . . .").

*Moehrl* and *Burnett* cases proceeded through extensive discovery including dozens of depositions, class certification, summary judgment, and for certain remaining defendants (but not Anywhere), a jury trial that went to verdict in *Burnett*.

Counsel in *Batton I* filed copycat litigation in 2021 that brought the same claims as those raised in *Moehrl* and *Burnett*, but this time on behalf of a putative class of home buyers (even though the vast majority of home buyers are also home sellers). Despite the passage of five years, little of substance has happened in this case since: no valid motion for class certification has been filed, summary judgment has not been briefed, and Plaintiffs have not taken even a single deposition of a witness affiliated with any named Defendant or any third party.

For additional context regarding the repeated delays in this litigation, Defendants' initial motion to dismiss in *Batton I* was granted on May 2, 2022, because Plaintiffs sought to bring federal claims that are unavailable to indirect purchasers like home buyers who do not directly purchase brokerage services. ECF 80. A second round of motions to dismiss was granted in part and denied in part on February 20, 2024. ECF 125. In the meantime, the *Tuccori* complaint was filed in state court and subsequently removed to the Northern District of Illinois on January 5, 2024. *Tuccori v. At World Properties, LLC*, No. 24-cv-00150 (N.D. Ill.), ECF 1. Dozens of other cases involving putative classes of home sellers, home buyers, or both have been filed across the country since the jury verdict in *Burnett*. *See In re Real Estate Commission Antitrust Litig.*, MDL No. 3100, Order at 2-3 (J.P.M.L. April 12, 2024), ECF 558. In April 2024, the JPML declined to centralize the various actions (or any subsets thereof) to allow for settlement processes to continue. *See id.* at 4.

Following the JPML's denial of centralization, the *Batton I* Plaintiffs have focused more on disrupting settlements in other cases than advancing their own claims. On May 8, 2024,

counsel for *Batton I* moved for a temporary restraining order and preliminary injunction to enjoin final approval of the settlement that Anywhere (and others) entered into in the *Burnett* litigation in Missouri that released all claims that a home seller had (i.e., claims held by *Burnett* Settlement Class Members as either a home seller or home buyer). Judge Wood, who was presiding over this case at the time, *sua sponte* denied the motion. ECF 154. The following day, Plaintiffs' counsel in *Batton I* (on behalf of Plaintiff James Mullis) appeared before the court in *Burnett* to object to the final approval of the settlement with Anywhere (and others). Plaintiff Mullis's objection was overruled and final approval was granted. *Burnett*, ECF 1486-87.

As this Court later acknowledged in striking Plaintiffs' motion to certify an impermissibly overbroad class, the *Burnett* court had enjoined all released claims from being pursued in other courts. *See* ECF 257; *see also Burnett*, ECF 1487 ¶ 63; *Burnett*, ECF 1622 ¶ 168. In response to the *Burnett* injunction, Plaintiffs in this case stipulated to stay discovery as to all class representatives who are Settlement Class Members. ECF 162. This Court then entered the stay "pending final resolution of all appeals from the Final Approval Order." ECF 180.[2] Counsel for Mullis then appealed the final approval of Anywhere's settlement in *Burnett* to the Eighth Circuit. That appeal remains pending.

In late 2024, the *Batton I* Plaintiffs faced a document discovery deadline that they could not meet. The *Batton I* Plaintiffs' discovery extension motion was granted in part on December 20, 2024. ECF 191. They also moved to amend their Complaint to add more parties and more claims. The Court rejected Plaintiffs' efforts to belatedly add new claims or parties. ECF 205, 213. The Court contemporaneously ordered that further "extension requests will not be

[2] In compliance with that stay, no discovery has proceeded as to named Plaintiffs like Mullis who both bought and sold homes where the sale occurred in the *Burnett* release period, i.e., Settlement Class Members.

entertained absent a timely filed motion establishing good cause for any modification." ECF 213. Nevertheless, one week later, having failed to conduct the third-party discovery necessary to move for class certification, the *Batton I* Plaintiffs moved to extend various class certification deadlines. ECF 215. The Court granted a two-month extension. ECF 217. On August 1, 2025, the *Batton I* Plaintiffs were back before the Court with yet another extension request because they had failed to finish third-party discovery in time. The Court indulged Plaintiffs with one more extension, but in bold type instructed the parties that "[t]his is a firm and final schedule that will not be modified. Parties must plan accordingly." ECF 229.

Plaintiffs did not plan accordingly. On September 23, 2025, Plaintiffs filed a motion for class certification and motion for appointment as interim class counsel, but it was littered with errors. Three days later, they filed a corrected motion. ECF 236, 243. Approximately one month later, Plaintiffs moved for leave to file a *second* corrected motion for class certification and appointment of co-lead counsel to correct additional, substantial errors. ECF 249. Because of the delay in correcting their briefs and expert reports, Plaintiffs again sought an extension. ECF 248.

Despite filing multiple versions of their class certification motion, Plaintiffs had moved to be appointed to represent, and to have the Court certify, a class of plaintiffs that consisted mostly of claims that had been released in the *Burnett* settlement and that the *Burnett* court enjoined from proceeding. Anywhere moved to strike the overly broad motion, and the Court struck the motion to certify the class and to appoint Plaintiffs' counsel as interim class counsel. ECF 257. The Court ordered that fact discovery could continue except as to stayed Plaintiffs' claims and expert discovery related to class certification. ECF 259. Despite this, Plaintiffs have

still failed to take a single deposition of any Defendant-affiliated witness or any third-party witness in this case.

Throughout 2024, the *Tuccori* plaintiffs diligently began settling the claims they had separately pursued. While settlements were pending, the Hon. Lindsay C. Jenkins granted various motions to stay proceedings for the settled parties. *Tuccori*, ECF 18, 95, 121. On October 16, 2025, Judge Jenkins granted preliminary approval of the first *Tuccori* settlement. The preliminary approval order entered in *Tuccori* included an opt-in and a Court-appointed settlement neutral mechanism, similar to the procedure that had been successfully used in the *Burnett* litigation, to enable additional brokerages to settle unreleased buyer-only class claims. *Tuccori*, ECF 65. The *Batton I* Plaintiffs did not object to that initial motion for preliminary approval or to the proposed opt-in procedure (nor had the *Batton I* Plaintiffs objected to the opt-in procedure at any point during the *Burnett* settlement proceedings or on appeal).

Anywhere availed itself of the *Tuccori* opt-in and court-appointed settlement neutral procedure and has since entered into a preliminarily approved nationwide settlement resolving all previously unreleased buyer claims arising from the alleged conspiracy at issue in this case. Following the *Tuccori* court-ordered opt-in settlement procedure, Anywhere participated in an arm's-length mediation with the *Tuccori* plaintiffs before the Hon. James F. Holderman (Ret.), former Chief Judge of this Court. The parties reached a settlement resulting from a mediator's proposal that settled only the remaining *unreleased* (i.e., buyer-only) claims.

Following the filing of the resulting Anywhere motion for preliminary approval of settlement in *Tuccori* (and approximately four months after the *Tuccori* court created the opt-in procedure), the *Batton I* Plaintiffs undertook a series of extraordinary—and unsuccessful—efforts to derail both the settlement and the court-ordered opt-in process in *Tuccori*. Those

efforts have included a second improper request for an injunction (denied), a motion to relate and reassign the *Tuccori* case to this Court (denied), an opposition to the motion to amend the *Tuccori* complaint (amendment allowed over opposition), and a motion to intervene in *Tuccori* (denied), an appeal of that denial to the Seventh Circuit, and now multiple motions seeking appointment of interim class counsel in courts across the country, including the instant Motion. One court has already denied Plaintiffs' motion to be appointed interim counsel in a related case. *See Davis, et al. v. Hanna Holdings, Inc.*, No. 2:24-cv-2374-WB, Mar. 20, 2026, Order (E.D. Pa.), ECF 130 (denying motion without prejudice).[3] And just this week, the *Batton I* Plaintiffs have moved to stay the *Tuccori* litigation in its entirety pending their appeal of Judge Jenkins's denial of intervention. *Tuccori*, ECF 130.

During the early March hearing in *Tuccori* to address Plaintiffs' counsel's flurry of motion practice, *Batton I* Plaintiffs' counsel advised Judge Jenkins that, in the event that Anywhere's settlement is granted final approval, counsel for *Batton I* intends to petition for fees for their work advancing claims against Anywhere to date. *Tuccori*, ECF 122, Mar. 4, 2026, Hr'g Tr. at 28:13-23 ("if it so happens that this case is not reassigned and if it so happens that the settlement is preliminary approved, we would intend to make an application for fees and expenses"); *see also Batton*, Mar. 5, 2026, Hr'g Tr. at 19:8-22 (stating that Plaintiffs had not objected to the *Tuccori* settlements previously despite knowing about them for months because the *Batton I* Plaintiffs had focused only on "deep-pocket defendants").

[3] Certain defendants' oppositions are also pending. *See* Defs' Douglas Elliman Inc., HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates LLC's Opp'n to Pls' Mot. to Appoint Interim Co-Lead Counsel, *Lutz v. HomeServices of America, Inc.*, No. 4:24-cv-10040-KMM (S.D. Fla. Mar. 19, 2026), ECF 173.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides for the appointment of interim class counsel prior to the certification of a class. The Rule is permissive, not mandatory, and only requires appointment when *necessary* to protect the interests of the putative class: "The court ***may*** designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (emphasis added); *id.* adv. comm. n. to 2003 amendment (Rule 23(g)(3) "authorizes the court to designate interim counsel during the pre-certification period ***if necessary*** to protect the interests of the putative class") (emphasis added); *see also Q.J. v. PowerSchool Holdings, LLC*, No. 23 C 5689, 2025 WL 2410472, at *11 (N.D Ill. Aug. 20, 2025) (denying motion for appointment of interim counsel and noting that appointment "might be appropriate" only in certain circumstances); *Jenkins v. Hyundai Motor Fin. Co.,* No. C2-04-720, 2008 WL 781862, at *3 (S.D. Ohio Mar. 24, 2008) (finding Rule 23(g)(3) "permissive").

## ARGUMENT

### I. THE CLAIMS AGAINST ANYWHERE SHOULD BE STAYED, THEREBY RENDERING PLAINTIFFS' MOTION MOOT AS TO ANYWHERE.

Granting Plaintiffs' Motion for Appointment of Interim Class Counsel is not necessary as to Anywhere because Anywhere has settled all remaining claims against it in the settlement that has been preliminarily approved by the *Tuccori* court. *See* Fed. R. Civ. P. 23 adv. comm. n. to 2003 amendment. For the reasons stated in Anywhere's concurrently filed motion to stay, the claims in this case should be stayed as to Anywhere and therefore there is no need for

appointment of interim counsel as to it. *See* Def. Anywhere's Mot. to Stay Proceedings Pending Final Judgment (ECF ___).[4]

## II. APPOINTMENT OF INTERIM CLASS COUNSEL SHOULD NOT BE PERMITTED TO DISRUPT ANYWHERE'S PRELIMINARILY APPROVED SETTLEMENT IN *TUCCORI.*

The timing and circumstances of Plaintiffs' Motion evidence the true motivation behind Plaintiffs' request to be appointed interim class counsel: gaining leverage over the settlement process in *Tuccori*. This is not a proper purpose for appointment of interim class counsel, and the Motion should be denied for this independent reason. *See Stasi v. Inmediata Health Grp. Corp.*, No. 19cv2353 JM (LL), 2021 WL 5861563, at *3 (denying motion to appoint interim class counsel where "the timing of Plaintiffs' motion suggests the possibility that Plaintiffs' attorneys seek appointment as co-lead interim class counsel in order to exert greater control over a purportedly pending settlement in [a related case]").

Courts that have faced analogous circumstances have not hesitated to deny the appointment of interim class counsel where appointment could be used to gain leverage over negotiations in a related action. For example, in *Davis v. GEICO Casualty Co.*, the plaintiffs sought appointment as interim class counsel in light of a similar putative class action filed by a different group of lawyers against the same defendant. *See* No. 2:19-CV-2477, 2021 WL 4876213 (S.D. Ohio May 20, 2021). As here, the plaintiffs in *Davis* argued that interim class counsel was necessary to avoid prejudicing putative class members' rights. Specifically, the plaintiffs in *Davis* argued appointment was necessary to avoid a "race to class certification" and to avoid the putative class members' rights being settled in the related action without adequate

[4] Notably, Plaintiffs have refused assent to a stay as to Anywhere, but at the same time Plaintiffs have moved to stay the *Tuccori* litigation so that they can appeal the denial of intervention—rather than simply objecting to the settlement pursuant to the Federal Rules of Civil Procedure.

consideration. *Id.* at *2. The *Davis* court properly recognized that the Federal Rules provide sufficient safeguards to prevent plaintiffs' articulated parade of horribles and explained that "appointment of interim class counsel is not the proper vehicle by which to oppose a settlement in another case." *Id.* (quotations and alterations omitted). Rather, the court held if plaintiffs in the parallel action "reach a proposed class settlement prior to Plaintiffs here, class action procedure provides ample mechanisms for dissatisfied class plaintiffs to object to a class action settlement." *Id.* (quotation omitted). That same message has been conveyed to the *Batton I* Plaintiffs on multiple, separate occasions and remains true to this day.[5]

Granting counsel's motion to be appointed "interim class counsel" as to Anywhere would do no good, and it would also cause significant confusion. Counsel for *Tuccori* has already been appointed settlement class counsel with respect to the Anywhere settlement (and multiple others) in the court-entered preliminary approval orders. *Tuccori,* ECF 65. Yet in their recent motion to stay the *Tuccori* litigation pending appeal, Plaintiffs falsely represent that Plaintiff Aaron Bolton represents "the homebuyer class[.]" *See* Tuccori, ECF 130 at 2 ("Should the Seventh Circuit agree with Mr. Bolton that he ***and the homebuyer class he represents*** ….") (emphasis added). He does not. No class certification motion has been granted (or is even on file) in this

[5] *See* ECF 154 at 2 ("Plaintiffs' counsel in this case will have an opportunity to present their concerns about the proposed settlement at the final approval hearing before the Burnett court. That proceeding is deemed to provide an adequate remedy at law."); Mar. 5, 2026 Hr'g Tr. at 9:1-4 ("[T]the plaintiffs here have an opportunity to object at the fairness hearing. And so they have an adequate remedy. There's no irreparable injury here."); *Tuccori*, Mar. 4, 2026 Hr'g Tr. at 24:16-22 ("The reality is that at a future date, there will be an opportunity to object. And if the Batton plaintiffs wish to file objections at that time, they can do so and I'll take a look at those and I'll hear any responses."); *see also Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-CV-864 (WHW-CLW), 2017 WL 215969, at *3 (D.N.J. Jan. 18, 2017) (denying appointment of interim class counsel and noting that "there are a plethora of other appropriate ways that the proposed settlement can be challenged"); *White v. TransUnion, LLC*, 239 F.R.D. 681, 684 (C.D. Cal. 2006) ("[a]ppointment of interim class counsel is not the proper vehicle by which to oppose this settlement").

case. Allowing counsel in *Batton I* to represent themselves as interim class counsel is only likely to lead to more confusion.

The JPML has similarly recognized that centralization of the related actions is not necessary while settlements continue to resolve the remaining claims in these cases. *See In re Real Estate Commission Antitrust Litig.*, MDL No. 3100, Order at 4 (J.P.M.L. April 12, 2024), ECF 558. Implicit in that ruling is a recognition that the various cases did not require a single set of plaintiffs' counsel to pursue the claims in the overlapping litigations, and the same is equally true now. Rather, "the system provides ample mechanisms for dissatisfied class plaintiffs to object to a class action settlement. These include the lodging of formal objection at a fairness hearing or the exercise of class members' prerogative to opt-out of a finalized settlement agreement." *White*, 239 F.R.D. at 684.

Finally, Plaintiffs themselves have taken the position that there is a conflict of interest that prevents counsel in *Batton I* from representing both "Home Selling Class Members" and "Home Buying-Only Class Members" in the context of allocating settlement funds. *See* Pls.' Mot. for Preliminary Approval of Keller Williams Settlement at 8 ("Given the circumstances, Class Counsel determined that the best practice would be to have separate Allocation Counsel represent the two groups of Settlement Class Members and attempt to reach agreement as to how each group of claims should be valued against the other."), ECF 276. Given this stated position, it makes little sense for counsel in *Batton I* to now seek to be appointed interim counsel for both subclasses for any purpose other than to obstruct the settlements in *Tuccori*. That is not a valid reason to be appointed interim class counsel.

## CONCLUSION

For the reasons stated above, and specifically because Plaintiffs have ample mechanisms to object or opt-out of any class action settlement reached in *Tuccori* or otherwise, and

appointment as interim class counsel would likely lead to significant confusion under the current circumstances, Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel should be denied.

Dated: March 20, 2026

Respectfully submitted,

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 324-1000
kenneth.kliebard@morganlewis.com

Stacey Anne Mahoney (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

William T. McEnroe (*pro hac vice*)
Dennie B. Zastrow (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com
dennie.zastrow@morganlewis.com

Aaron D. Van Oort (*pro hac vice*)
Kevin P. Wagner (*pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
aaron.vanoort@faegredrinker.com
kevin.wagner@faegredrinker.com

*Attorneys for Defendant Anywhere Real Estate Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's electronic filing system.

Dated: March 20, 2026 *_/s/ Kenneth M. Kliebard_*