**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MYA BATTON, AARON BOLTON, MICHAEL BRACE, DO YEON IRENE KIM, ANNA JAMES, JAMES MULLIS, THEODORE BISBICOS, and DANIEL PARSONS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, ANYWHERE REAL ESTATE, INC. <br><br> FORMERLY KNOWN AS REALOGY HOLDINGS CORP., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br><br> Defendants. | Case No. 1:21 C 430 |

**ORDER OF SETTLEMENT WITH KELLER WILLIAMS REALTY, LLC AND
JUDGMENT**

This matter came before the Court in a duly-noticed hearing on August 4, 2026 (the "Settlement Hearing") upon Plaintiffs' motion for final approval of a class action settlement with Keller Williams Realty, LLC fna Keller Williams Realty, Inc. ("Keller Williams" or "Settling Defendant" and, together with Plaintiffs, the "Parties").

Due and adequate notice of the Settlement Agreement[1] having been given to Class Members, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Order and Judgment hereby incorporates by reference the Settlement Agreement. Except as otherwise expressly defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all the Releasing Plaintiff Parties and Settling Defendant Released Parties, including all Class Members.

3.     For purposes only of the settlement of the Plaintiffs Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class under the Settlement Agreement with Keller Williams, defined as:

> All persons (including entities) who purchased residential real estate in the United States, from the beginning of the State Statutory Period through the date of class Notice, that was listed on a MLS. Excluded from the Settlement Class are: Defendants and any parent, subsidiary, affiliate, or co-conspirator of any Defendant. Also excluded is the Judge presiding over this action, his or her judicial staff, their immediate family, and to this Action. Also excluded from the Settlement Class is any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Notice to Class Members. If

---

[1] "Settlement Agreement" or "Agreement" means the Stipulation and Agreement of Settlement with Keller Williams dated January 20, 2026, ECF No. 262-2.

Plaintiffs broaden the class definition in an amended complaint, the term "Settlement Class" this Stipulation shall incorporate by reference the broader definition.

4. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

5. In so holding, the Court finds that, solely for purposes of this Settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Keller Williams' involvement in the alleged conspiracy to inflate broker commissions, FED. R. CIV. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and their counsel, Lowey Dannenberg, P.C. ("Lowey") and Korein Tillery, LLC  ("Korein Tillery" and, together with Lowey, "Class Counsel"), have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

6. The Court hereby confirms the appointment of Plaintiffs as class representatives for the Settlement Class and the appointment of Lowey and Korein Tillery as class counsel for the Settlement Class.

7.     The Court finds that the Settlement meets all requirements of FED. R. CIV. P. 23(e) and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class.  The Court further finds that: the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties; that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement; that the relief provided for the Settlement Class is adequate; and that the Settlement Agreement and Distribution Plan treat Class Members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

8.     The Court finds that the forms of Notice and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Settlement Hearing, of the Distribution Plan, of Class Counsel's application for an award of attorneys' fees and payment of expenses associated with the Action, and any Service Awards; (iii) are reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Hearing and to be heard with respect to the foregoing matters; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws.

9. The Court finds that no Class Member has validly requested to be excluded from the Class as it relates to the Settlement.

10. The Court finds that no Class Member has objected to the proposed Settlement. Notwithstanding the lack of timely objections, in approving this Settlement, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

11. It is hereby determined that Plaintiffs and the Releasing Plaintiffs Parties are bound by the Settlement Agreement and this Order and Judgment, and the Action is hereby dismissed with prejudice and without costs as against Keller Williams and the Settling Defendant Released Parties only.

12. Upon the Effective Date, the Releasing Plaintiffs Parties: (i) shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiffs Released Claims as against Settling Defendant Released Parties; (ii) shall forever be barred and enjoined from prosecuting Plaintiffs Released Claims against Settling Defendant Released Parties; and (iii) agree and covenant not to sue Settling Defendant Released Parties with respect to any Plaintiffs Released Claims or to assist any third party in commencing or maintaining any suit against Settling Defendant Released Parties related to any of Plaintiffs Released Claims.

13. Upon the Effective Date, Settling Defendant shall be deemed to have, and by operation of law shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Settling Defendant Released Claim as against each and every one of the Releasing Plaintiffs Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settling Defendant Released Claims against any of

the Releasing Plaintiffs Parties. For avoidance of doubt, the injunctions in ¶¶ 12-13 shall not affect the appeal in *Burnett v. Mullis*, No. 24-2143 (8th Cir.).

14. Notwithstanding ¶¶ 12-13, nothing in this Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or the Judgment.

15. The Distribution Plan submitted by Class Counsel is approved as fair, reasonable, and adequate and is hereby approved for use in distribution of the Settlement. Notwithstanding, any order entered regarding the Distribution Plan shall in no way disturb or affect this Order and Judgment with respect to the Settlement and shall be considered separate from the approval of the Settlement.

16. Notwithstanding the entry of this Order and Judgment, if the Settlement Agreement is validly terminated by Plaintiffs or the Settling Defendant, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then (i) all releases given pursuant to the Settlement Agreement shall be null and void; (ii) the Parties shall be returned to their respective positions as of December 11, 2025; (iii) the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose; (iv) this Order and Judgment shall be treated as vacated, *nunc pro tunc*; (v) the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action or in any other proceedings, and nothing in the Settlement Agreement nor the fact and terms of the Settlement shall constitute or be deemed an admission, concession, or presumption with respect to any fact or allegation or be admissible in any trial or otherwise used against any Party; and (vi) the certification of the Settlement Class for settlement purposes and final approval of the proposed Settlement, and all

actions associated with them, including but not limited to any requests for exclusion from the Settlement submitted and deemed to be valid, shall be vacated and be of no force and effect. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

17. The Court approves the establishment of the Settlement Fund as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

18. The Court hereby confirms the appointment of A.B. Data, Ltd. as Claims Administrator.

19. As used in this Judgment the following terms have the meanings specified below:

(a) "Plaintiffs Released Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual, direct, representative, or parens patriae, whether under foreign or domestic law, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, choate or inchoate which the Releasing Plaintiffs Parties ever had, now have, or hereafter can, shall, or may have, individually, directly, representatively, derivatively, parens patriae, or in any capacity against Settling Defendant that arise from or relate to a factual predicate of the Action including any amended complaint or pleading therein.

6

Plaintiffs Released Claims shall not include any claims relating to the enforcement of the Settlement.

(b) "Released Claims" means Settling Defendant Released Claims and Plaintiffs Released Claims.

(c) "Releasing Plaintiffs Parties" means Plaintiffs and Settling Class Members, on their own behalf and on behalf of their present and former principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers.

(d) "Settling Defendant Released Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, maintenance, or settlement of the claims asserted in the Action against Defendant. Settling Defendant Released Claims shall not include any: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any person or entity that submits a timely and valid request for exclusion from the Settlement Class in connection with the Notice.

(e) "Settling Defendant Released Parties" means Settling Defendant and all of its respective past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 126-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors (collectively, together with franchises, the "Keller Williams Entities"), and all of their respective franchisees, sub-franchisors, officers, directors, managing directors, employees, agents, contractors, independent contractors, members, shareholders, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates,

7

executors, administrators, insurers, predecessors, successors, and assigns, and all of the franchises' and sub-franchisors' officers, directors, managing directors, employees, members, shareholders, agents, independent contractors, predecessors, successors, assigns, heirs, executors, and administrators. For the avoidance of doubt, the phrase "all of the franchisees' and sub-franchisors' officers, directors, managing directors, employees, members, shareholders, agents, independent contractors, predecessors, successors, assigns, heirs, executors, and administrators" includes legal entities established by officers, directors, managing directors, employees, agents, or independent contractors through which any such persons or teams of such persons deliver real estate brokerage services. Notwithstanding this definition, "Settling Defendant Released Parties" shall not include any non-settling Defendants (i.e., Defendants other than Keller Williams) (including presently named Defendants in *Lutz, et al. v. HomeServices of America, et al.*, 4:24-cv-10040 (S.D. Fla.); *Davis, et al. v. Hanna Holdings*, 2:24-cv-02374 (E.D. Pa.); and *Batton, et al. v. Compass, Inc., et al.*, 1:23-cv-15618 (N.D. Ill.)), or such non-settling Defendants' past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 126-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors, and all of their respective franchisees, officers, directors, managing directors, employees, agents, contractors, independent contractors, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, and assigns. For the avoidance of doubt, individuals who were members of the National Association of Realtors are not thereby excluded from being Settling Defendant Released Parties, and entities and individuals that were sometimes associated with the Keller Williams Entities and other times associated with a nonsettling Defendant are included as a Settling

8

Defendant Released Party for the periods of time they were associated with Keller Williams and excluded for the periods of time they were associated with a non-settling Defendant.

(f)  "Unknown Claims" means any claims that any Party does not know or suspect to exist in its favor as of the Effective Date, which if known to it might have affected its decisions with respect to the Settlement.  With respect to any Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Settling Defendant shall expressly, and each of the other Releasing Plaintiffs Parties shall be deemed to have waived, and by operation of the Judgment or Alternate Judgment, if applicable, shall have expressly waived, Section 1542 of the California Civil Code, and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

20.     The terms of the Settlement Agreement and this Order and Judgment are declared to be binding on, and to have res judicata and preclusive effect on all Plaintiffs Released Claims as against Settling Defendant Released Parties and on all Settling Defendant Released Claims against Releasing Plaintiffs Parties. For the avoidance of doubt, Class Members' claims based on transactions in which they only sold homes are not included herein.

21. Without affecting the finality of this Order and Judgment, and notwithstanding the Order and Judgment and the dismissal with prejudice of this Action, the Parties agree to join and are given leave to file a motion with this Court to reopen the case to enforce the Settlement if reasonably necessary to adjudicate matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement or the Judgment, and for any other necessary purpose. Without affecting the finality of this Order and Judgment, pursuant to this paragraph, Plaintiffs, Settling Defendant, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois.

22. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Settling Defendant in connection with settlement discussions, and discussions associated with them, nor the Order and Judgment are or shall be deemed or construed to be an admission or evidence by any Releasing Plaintiffs Parties or Settling Defendant Released Parties of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations in the Action, and neither the Settlement Agreement nor any statement made in negotiation thereof may be used or offered in any proceeding for any purpose, except to enforce the terms of the Settlement.

23. The Court permanently bars and enjoins claims against Settling Defendant Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other person or entity (hereinafter "Person") formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any

Defendant or above described Person is/was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Settling Defendant arising out of or related to Plaintiffs Released Claims, any money judgment subsequently obtained by the Releasing Plaintiffs Parties against any Defendant or such above-described Person shall be reduced to an amount such that, upon paying the entire amount, the Defendant or Person would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Settling Defendant Released Parties.

24. The Parties, without the need for approval from the Court, may adopt such non-material amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with the Order and Judgment; and (b) do not limit the rights of Settling Class Members.

25. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

26. Any data or other information provided by Settling Class Member in connection with the submission of claims shall be held in strict confidence, available only to the Claims Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settling Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

27. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Distribution Plan. All Class Members shall submit a Claim Form by August 25, 2026. Class Counsel may, in their

11

discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

28.     Separate orders shall be entered regarding approval of Class Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, and Plaintiffs' Request for Service Awards (ECF No. 337).  Such orders shall in no way affect or delay the finality of this Judgment.

29.     After the Claims Administrator has determined all Authorized Claimants' Payment Amounts under the Distribution Plan, Class Counsel shall apply to the Court for an order to distribute the Net Settlement Fund.

30.     The word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

31.     The Court's certification of the Settlement Class and appointment of the Plaintiffs as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Order and Judgment shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in the Action or any challenge to Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Class as binding or persuasive authority with respect to any such motion or challenge.

32.     The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Keller Williams shall be final and entered forthwith.

**DATED**: August 4, 2026          **ENTERED**:

_LaShonda A Hunt_

LaSHONDA A. HUNT
United States District Judge